

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**ERIC T. SCHNEIDERMAN**
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU
LOURDES M. ROSADO, BUREAU CHIEF

September 6, 2017

**BY HAND DELIVERY**

Clerk of the Court
(for forwarding to randomly assigned U.S. District Judge)
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
Room 1416 S
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:   *New York et al. v. Trump et al.*
            **Requested reassignment as per Local Rule 50.4**

Dear Clerk of Court and Judge Garaufis:

    Pursuant to Local Rule 50.4, Plaintiffs—the States of New York, Massachusetts, Washington, Connecticut, Delaware, Hawaii, Illinois, Iowa, New Mexico, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, and Virginia, and the District of Columbia (the "plaintiff States")—by and through their undersigned counsel, respectfully request that the Chief Judge reassign the above-captioned case to the Honorable Nicholas G. Garaufis, because it is related to *Batalla Vidal et al. v. Baran et al.*, No. 1:16-cv-04756 (the "*Batalla Vidal* case"). Local Rule 50.4 permits the reassignment of a case "in the interests of justice and the efficient disposition of the business of the court." As discussed below, reassignment of the plaintiff

States' case to Judge Garaufis, before whom the *Batalla Vidal* case is currently pending, would best serve the interests of justice and lead to a significant savings of judicial resources.

In August 2016, the named plaintiff in *Batalla Vidal* filed a complaint against several federal governmental defendants, alleging they had violated the Administrative Procedure Act ("APA") by improperly withdrawing the work authorization he was granted pursuant to guidance establishing Deferred Action for Childhood Arrivals ("DACA"). In September 2016, an amended complaint containing the same claims was filed in the *Batalla Vidal* matter to include a new plaintiff, Make the Road New York. Judge Garaufis has held proceedings on these complaints and has issued orders.

On September 5, 2017, U.S. Attorney General Sessions and the Department of Homeland Security ("DHS") announced the rescission of the 2012 DHS guidance establishing DACA. On that same date, counsel for the *Batalla Vidal* plaintiffs submitted a letter to Judge Garaufis requesting a pre-motion conference to seek leave to amend their pending complaint to add related claims and class allegations, and join additional parties, to challenge the federal government's termination of DACA in its entirety. (No. 1:16-cv-0475, ECF 46.) As that letter explains, both the pending and proposed complaints in *Batalla Vidal* challenge the legality of actions taken by the federal government to rescind DACA benefits and the process by which the federal government has undertaken to do so. (*Id.*)

In addition to the APA claims raised in their pending action, the *Batalla Vidal* plaintiffs now allege, *inter alia*, that the federal government's rescission of DACA was motivated by national origin animus, and thus violates the mandate of equal protection under the Fifth Amendment's Due Process Clause. (*Id.* at 4-5.) Moreover, the *Batalla Vidal* plaintiffs allege that 800,000 DACA grantees have disclosed highly sensitive personal information about themselves and their families to the federal government, in reliance on assurances that this information would not be used for immigration enforcement purposes. (*Id.* at 1, 3.)

In their complaint filed today, the plaintiff States in *New York v. Trump* challenge the same action by the federal government to rescind the DACA program, based on factual allegations and legal claims that are substantially the same as those asserted by the *Batalla Vidal* plaintiffs. Like the *Batalla Vidal* plaintiffs, the plaintiff States allege that the federal government has violated equal protection because DACA's termination was motivated, at least in part, by discriminatory motive. The plaintiff States also assert that the federal government has violated the APA's prohibition on arbitrary and capricious action. Finally, the plaintiff States allege that the federal government's failure to prohibit DACA grantees' information from being used in immigration enforcement actions is fundamentally unfair, in violation of the Fifth Amendment's Due Process clause.

The claims in the two cases arise from the same transactions or events—the federal government's unlawful and unconstitutional rescission of DACA. Thus, the court will be presented with the same evidence as to the substance of the DACA program and its termination,

2

and will be asked to make the same findings of fact. Similarly, the court will consider and rule on the same legal claims presented by the two cases.

      For these reasons, the plaintiff States respectfully submit that the interests of justice and judicial economy would be best served by reassigning *New York v. Trump* to Judge Garaufis, before whom *Batalla Vidal* is currently pending.

Respectfully submitted,

Lourdes M. Rosado
Bureau Chief, Civil Rights Bureau
New York State Office of the Attorney General
120 Broadway, 23rd Floor
New York, New York 10271
(212) 416-8252 Direct
(212) 416-6030 Fax
E-mail Address: Lourdes.Rosado@ag.ny.gov