# EXHIBIT 7



## Massachusetts Department of Higher Education

One Ashburton Place, Room 1401
Boston, MA 02108-1696

TEL (617) 994-6950
FAX (617) 727-0955
WEB www.mass.edu

Richard M. Freeland, *Commissioner*

Charles F. Desmond, *Chairman*
*Massachusetts Board of Higher Education*

# M E M O R A N D U M

**TO:**       Deirdre Heatwole, University of Massachusetts General Counsel
              Kenneth A. Tashjy, Community College Counsel
              James B. Cox, State University Counsel

**FROM:**   Constantia T. Papanikolaou, General Counsel

**DATE:**    November 21, 2012

**SUBJECT:**   Residency Status for Tuition Classification Purposes — Deferred Action
               for Childhood Arrivals

On June 15, 2012 the U.S. Department of Homeland Security (DHS) issued a memorandum describing its policy regarding "Deferred Action for Childhood Arrivals" (DACA)[1]. The purpose of this memorandum is to provide you with interpretive guidance on the Board of Higher Education's (BHE) policy on in-state tuition classification for your use as you advise your respective campuses on applicable tuition classification and reclassification requests pertaining to DACA beneficiaries.

According to figures recently released by the U.S. Citizenship and Immigration Services (USCIS), although over 300,000 requests for DACA approval have been filed nationwide, relatively few have been granted to date. It is anticipated that the vast majority of the applications will be acted upon in the coming months, in time for consideration by your respective campuses for or during the Spring semester.

*The DHS/ USCIS Policy on Deferred Action*

Under the DHS' June 15, 2012 DACA memorandum, USCIS can grant renewable, two-year deferments of any action that could lead to the deportation of individuals who were brought to the United States as young children and meet other qualifying criteria. To be eligible for deferred action under this policy ("DACA status"), an individual must meet all of the following criteria:

- was under the age of 31 as of June 15, 2012;

---

[1] See Memorandum from Janet Napolitano, Secretary of Homeland Security, "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children," (June 15, 2012).

- came to the United States before reaching his/her 16th birthday;
- has continuously resided in the United States since June 15, 2007, up to the present time;
- was physically present in the United States on June 15, 2012, and at the time of making the request for consideration of deferred action with USCIS;
- entered without inspection before June 15, 2012, or his/her lawful immigration status expired as of June 15, 2012;
- is currently in school, has graduated or obtained a certificate of completion from high school, has obtained a general education development (GED) certificate, or is an honorably discharged veteran of the Coast Guard or Armed Forces of the United States; and
- has not been convicted of a felony, significant misdemeanor, three or more other misdemeanors, and does not otherwise pose a threat to national security or public safety.

The DHS' June 15, 2012 memorandum directed the USCIS to establish a process for reviewing and granting requests for DACA status. On August 14, 2012, USCIS published a notice announcing the required new forms and instructions which will allow individuals to request consideration of DACA status. Based on the USCIS' currently established process, DACA applicants must submit the following forms, along with the associated fees:

1) Form I-821-D, Consideration for Deferred Action for Childhood Arrivals, along with all supporting documentation showing that the applicant meets each DHS criterion for deferred action status;
2) Form I-765, Application for Employment Authorization; and
3) Form I-765 Worksheet

In addition, DACA applicants must complete a biometric background check prior to receiving DACA approval. USCIS's deferred action decisions are purely discretionary and are made on a case-by-case basis, with no appeal rights.

*Board of Higher Education Policy*

Pursuant to M.G.L. c. 15A, Section 9(t), the BHE has defined in its policy on "Residency Status for Tuition Classification Purposes" (the "BHE Tuition Classification Policy") the criteria that a non-citizen of the United States must meet in order to receive in-state tuition at a public institution of higher education in Massachusetts.[2] Specifically, Section 3.2 of the BHE Tuition Classification Policy states that "lawful immigrants" or "permanent residents" of the United States are eligible to be considered for Massachusetts residency for tuition purposes provided:

1) (s)he meets the same requirements for establishing residency[3] in Massachusetts as are required of a United States citizen; and

---

[2] A copy of the BHE's current policy is attached to this memorandum for your convenience.
[3] In order to be eligible for in-state tuition, an applicant must satisfy the policy's durational and residency requirements by showing that that (s)he has resided continuously in the Commonwealth for a set period of time (e.g., 6 or 12 months) and/or has demonstrated an intent to remain in Massachusetts permanently. *See* Sections 2.1 and 2.2.of the BHE Tuition

2) all non-citizens are required to provide appropriate United States Citizenship and Immigration Services documentation to verify that they are "lawful immigrants."

In November 2008, the DHE developed instructions to help guide decisions regarding who is a "lawful immigrant" under the BHE Tuition Classification Policy and issued an "Illustrative List of Documents" for the purposes of determining eligibility for in-state tuition.  It remains the policy of the BHE that, if a student presents a valid, non-expired document included in this Illustrative List of Documents, such document is considered evidence that the student is a "lawful immigrant" under the BHE policy.  As such, the student is eligible for consideration for in-state tuition, subject, of course, to meeting all of the other requirements in the BHE policy (e.g., durational and residency requirements).

Within this context, an Employment Authorization Document (EAD) – also known as a "work permit" – is considered evidence that an individual is a "lawful immigrant" for purposes of the BHE's in-state tuition policy.  The USCIS' August 14, 2012 notice makes it clear that individuals who qualify for and are granted DACA status will be eligible to obtain an EAD.  Indeed, the filing of a Form I-765, Application for Employment, is a mandatory step in the DACA application process.  Under current BHE policy, a valid EAD is considered evidence that a student is a "lawful immigrant" for in-state tuition purposes.  Campuses should therefore continue to accept an EAD as verification that the applicant is a "lawful immigrant" for purposes of the BHE Tuition Classification Policy, irrespective of whether the EAD is secured through the DACA process or through another federally recognized process.

Finally, the BHE's Tuition Classification policy contemplates that there will be situations where an enrolled student may seek reclassification of his or her residency status for tuition purposes.  Please note that the reclassification process as outlined in Part IV of the BHE policy limits any retroactive application to reclassification decisions to the "beginning of the semester during which the institution makes the final decision to reclassify the student."

I trust that the above information will prove to be helpful as campuses make their case-by-case tuition classification and reclassification determinations going forward.  Please do not hesitate to contact me should you have any questions.

---

Classification Policy.  Decisions are to be made by the institution on a case-by-case basis and no one piece of information is dispositive on the issue.  *See* Section 3.1 of the BHE Tuition Classification Policy.