

**U.S. Department of Justice**

Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

September 22, 2017

**By ECF**

The Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Batalla Vidal, et al., v. Baran, et al.*, 16-CV-4756 (NGG) (JO)
       *State of New York, et al., v. Donald Trump, et al.*, 17-CV-5228 (NGG) (JO)

Dear Magistrate Judge Orenstein:

  Pursuant to the Court's September 15, 2017 order, Defendants in the above-captioned matters respectfully submit that no discovery is appropriate in this litigation. That position is based on the well-settled presumption against discovery in record-review cases under the Administrative Procedure Act ("APA"), and the purely legal threshold issues that will resolve both cases. In the alternative, Defendants request that the Court stay all discovery pending resolution of Defendants' forthcoming motions to dismiss. Any discovery before the resolution of Defendants' dispositive motions would be not only legally unwarranted, but would also distract both the parties and the court from achieving an efficient resolution of this litigation. If the Court disagrees, Defendants propose, further in the alternative, that the Court enter a schedule allowing for limited discovery after Defendants have produced the administrative record.[1]

  **I.** **Discovery Is Inappropriate.**

  The thrust of plaintiffs' claims is that the Department of Homeland Security ("DHS") acted unlawfully, as a matter of substance and procedure, in its September 5, 2017 memorandum ordering a six-month wind-down of the Deferred Action for Childhood Arrivals ("DACA") policy. As a challenge to allegedly unlawful agency action, these claims will rise and fall under the standards for judicial review called for by the APA.

  "Generally, a court reviewing an agency decision is confined to the administrative record compiled by that agency when it made the decision." *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997). In such cases "[t]he factfinding capacity of the district court is thus typically unnecessary to judicial review." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Accordingly,

---

[1] The parties held a meet-and-confer teleconference on Wednesday, September 20, 2017, but were unable to reach agreement on any of these issues. Plaintiffs in the *Vidal* action proposed that discovery start immediately and end around December 15. Plaintiffs in the *State of New York* action proposed that discovery start in early October and complete in mid-November. Both plaintiffs' groups, however, were very vague as to the specific forms of discovery (*i.e.*, written discovery, document discovery, or depositions) that they were interested in, as well as any specific recipients of that discovery that they actually intended to pursue, which made it impossible for Defendants to take any concrete position regarding the viability of any proposed discovery schedule. The only exception, discussed *infra*, Section III, was that the *Vidal* Plaintiffs explicitly reserved the right to seek discovery from the White House and senior cabinet officials. Defendants will oppose any such discovery.

Defendants intend to promptly prepare and submit an administrative record. That is all that plaintiffs are entitled to in challenging the legal basis for DHS's September 5, 2017 memorandum, and that is all the Court needs to decide whether that decision was procedurally and substantively lawful.

To be sure, the default rule against consideration—let alone discovery, expedited or otherwise—of any extra-record material in APA cases is not without exception. *See Hoffman*, 132 F.3d at 14. But none of the typical justifications for overcoming that strong presumption applies here. Plaintiffs have not made a "strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers." *Id.*; *see also Citizens Against Casino Gambling in Erie Cty. v. Stevens*, 814 F. Supp. 2d 261, 265 (W.D.N.Y. 2011) ("To warrant extra-record discovery in an APA case, the plaintiff must make a sufficiently strong factual showing of impropriety; naked assertions of bad faith will not suffice."). Nor can Plaintiffs show that extra-record evidence is "necessary in order to determine the reasons for the agency's choice," *id.*—at the very least, not before the administrative record has been produced.[2]

Plaintiffs' allegations regarding the subjective motivations of the President of the United States do not compel a different result. As an initial matter, the "presumption of regularity" that attaches to all federal officials' actions, *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926), applies with the utmost force to the President himself. And "judicial inquiries into legislative or executive motivation represent a substantial intrusion into the workings of other branches of government." *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 268 n.18 (1977). Courts should not lightly endeavor to divine the subjective motivations of senior government officials in reviewing facially legitimate government action, *see Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 616-17 (2007) (Kennedy, J., concurring), particularly in the immigration context in which executive authority is at its height, *cf. Kleindienst v. Mandel*, 408 U.S. 753, 769 (1972). "[B]are allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982); *see also United States v. Armstrong*, 517 U.S. 456, 468-71 (1996) (requiring a heightened showing before permitting discovery on a claim alleging discriminatory intent by government officials).

## II. Any Discovery Should Be Stayed Pending Resolution Of Defendants' Motions To Dismiss.

In the alternative, discovery should be stayed pending resolution of Defendants' forthcoming motions to dismiss, because Defendants' threshold arguments for dismissal will be strong, purely legal, and completely dispositive; and the sort of discovery Plaintiffs have suggested that they intend to seek, *see infra*, Section III, will be particularly burdensome. *See, e.g., Richards v. N. Shore Long Island Jewish Health Sys.*, 2011 WL 4407518, at *1 (E.D.N.Y. Sept. 21, 2011); *see also Williams v. N.Y. State Office of Mental Health*, 2015 WL 4624226, at *1 (E.D.N.Y. Aug. 3, 2015).

The APA precludes judicial review of certain categories of decisions, like this one, that are "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). And the government's exercise of prosecutorial discretion is presumptively unreviewable. *See Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 489-90 (1999). Even if the traditional arbitrary-and-capricious standard was applicable, however, the Secretary's decision was entirely rational, given (among other things) the

---

[2] To be clear, counsel is not yet in a position to make any representations about the contents of the administrative record, as it is still in the process of being compiled by the relevant agency officials. Defendants are working diligently to complete that process as expeditiously as possible.

substantial litigation risk that Defendants faced in the Southern District of Texas if the policy continued. *See generally Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), *aff'd by an equally divided Court*, 136 S. Ct. 2271 (2016).

For these and other reasons, Defendants fully expect that the administrative record (and matters of which the court may take judicial notice) will be sufficient to support DHS's decision as a matter of law. Should the court disagree, however, its opinion on the motions to dismiss will, at the very least, inform the parties regarding the need (if any) for additional factual development.

### III. In The Alternative, The Court Should Permit Only Limited Discovery.

In the alternative, Defendants submit that any discovery must be limited in scope, and only to subjects (if any) for which the administrative record has proven to be unsatisfactory.[3] *See, e.g., Pension Benefit Guar. Corp. v. LTV Steel Corp.*, 119 F.R.D. 339, 343 (S.D.N.Y. 1988). Accordingly, in the alternative, Defendants propose the following schedule:

Administrative record: Oct. 6, 2017
Discovery requests: Oct. 20, 2017 (respond by Nov. 17, 2017)
Discovery motions: Dec. 1, 2017 (oppositions by Dec. 8, 2017, replies by Dec. 15, 2017)

Finally, Defendants emphasize that longstanding institutional interests mean that Defendants will oppose any deposition discovery targeted at senior cabinet officials, which therefore has the potential to significantly disrupt these proceedings (including, potentially, through the appellate process if necessary). It is not yet clear whether Plaintiffs actually intend to seek such discovery—although they have hinted at such a desire during the meet-and-confer process—but doing so would be clearly improper. *See, e.g., United States v. Morgan*, 313 U.S. 409, 421-22 (1941) (criticizing a district court's decision to allow "the deposition of the Secretary," because "it was not the function of the court to probe the mental processes of the Secretary" in a record-review case); *Nat'l Nutritional Foods Ass'n v. FDA*, 491 F.2d 1141, 1145 (2d Cir. 1974) ("It is hardly necessary to say that when a decision has been made by the Secretary of the Interior, courts will not entertain an inquiry as to the extent of his investigation and knowledge of the points decided, or as to the methods by which he reached his determination."); *In re: United States of America*, No. 14-5146 (D.C. Cir. July 24, 2014) (granting a petition for a writ of mandamus to quash deposition of the Secretary of Agriculture).

The same is true—even more so—of any discovery directed to the White House, which raises "special considerations" regarding "the Executive Branch's interests in maintaining the autonomy of its office" and "the high respect that is owed to the office of the Chief Executive." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 385 (2004) (court of appeals had authority to issue mandamus regarding discovery requests issued to the office of the Vice President) (internal quotation marks omitted).

\* \* \*

Defendants appreciate the opportunity to present these issues to the Court, and look forward to the opportunity to discuss these matters further at the status conference scheduled for September 26, 2017.

---

[3] If any discovery does take place in this litigation, Defendants also reserve the right to seek discovery from Plaintiffs, including regarding justiciability or class-representation issues, if necessary.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRIDGET M. ROHDE
Acting United States Attorney

BRETT M. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Branch Director

BRAD P. ROSENBERG
Senior Trial Counsel

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar #995500)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 305-8576
Fax:  (202) 616-8470
Email:  stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Tel:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Counsel for Defendants*