# EXHIBIT 86

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATES OF NEW YORK, MASSACHUSETTS, WASHINGTON, COLORADO, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, HAWAII, ILLINOIS, IOWA, NEW MEXICO, NORTH CAROLINA, OREGON, PENNSYLVANIA, RHODE ISLAND, VERMONT, and VIRGINIA,<br><br>     Plaintiffs,<br><br>  v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; ELAINE C. DUKE, in her official capacity; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and the UNITED STATES OF AMERICA,<br><br>     Defendants. | CIVIL ACTION NO. 1:17-cv-05228 (NGG) (JO) |

## DECLARATION OF SHOBA SIVAPRASAD WADHIA

I, SHOBA SIVAPRASAD WADHIA, state as follows:

      1.      I am over the age of eighteen and competent to testify herein.

  A. *My Qualifications and Scholarship on the Role of Prosecutorial Discretion in Immigration Cases*

      2.      I am the Samuel Weiss Faculty Scholar, Clinical Professor of Law and founding director of the Center for Immigrants' Rights Clinic at Penn State Law in University Park. I have been employed by the Pennsylvania State University ("University") since 2008.  My affiliation and title are listed for informational purposes only. This declaration is written in my individual capacity and does not reflect the views of the University.

      3.      Since graduating from the Georgetown University Law Center in 1999, I have worked in the immigration field for nearly 20 years in the following settings: private practice, non-profit and institutions of higher education.  During this time, I have focused on various aspects of immigration law, particularly the role of prosecutorial discretion in immigration cases. I have published more than 30 articles, book chapters and essays on immigration law and have been featured as an immigration law expert in various international and national publications.

      4.      As a law professor whose primary research focuses on the role of prosecutorial discretion in immigration cases, I am confident that policies like DACA are well within the Department of Homeland Security's authority. I served as a lead author on a letter signed by 105 law professors on the legality of DACA dated August 14, 2017, and wrote the only book on the subject of prosecutorial discretion in immigration cases.  *Beyond Deportation: The Role of Prosecutorial Discretion in Immigration Cases* (New York University Press 2015).

5.      Based on my years of legal practice, study and scholarship, I believe maintaining a policy like DACA is not only lawful, but also crucial to ensuring that the government faithfully executes the laws of the United States and uses discretion as a tool for prioritizing those most suitable for removal.

B. *The Likely Consequences to the University and the Commonwealth of Pennsylvania if the DACA Program is Discontinued.*

6.      It is my understanding that the University does not keep centralized records of students who may be eligible for or registered in the Deferred Action for Childhood Arrivals (DACA) program. However, based on my interactions with students, staff and faculty, I am confident that students enrolled at the University were or are DACA participants.

7.      It is my understanding that if the DACA program is discontinued, many of the currently enrolled and newly admitted University students who are participating in (or eligible to participate in) the program would be unable to continue with their studies here. They will lose their ability to work in the United States legally, and therefore lose the ability to support themselves while studying.

8.      If the DACA program is discontinued, many of these students will also have an understandable fear that they may be deported. I have witnessed the negative effects that this type of stress can have on a student's ability to thrive in a rigorous academic environment like the University. The prospect of having all that effort go to waste would be devastating.

9.      If students are not able to continue with their education because DACA is rescinded, I am concerned that the University community will lose the significant contributions that these students are able to make to the overall academic experience here on campus. Based on my years of experience, I have come to recognize the value of having, in every class cohort, students who bring a variety of perspectives and life experiences into the academic community.

2

Having a student body with a diversity of viewpoints and backgrounds fosters a robust learning environment for all.

10.     DACA eligible students inherently have a set of life experiences and perspectives that are very different from those of other students.  Many, if not most of them, are the first in their families to attend college, and they enrich our community by being able to share with their classmates - in a variety of settings both in and out of the classroom - their life experiences and the unique understandings they have gained by virtue of those experiences.

11.     Since many University graduates remain in Pennsylvania after graduation, ensuring that DACA eligible students can continue their studies here will lead to more talented young people entering the Pennsylvania workforce, and will allow employers across the Commonwealth to benefit from the diversity of experiences and unique understandings that DACA recipients bring with them.  If the DACA program is discontinued, the Commonwealth of Pennsylvania and its citizens will be deprived of these very real benefits.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.



SHOBA SIVAPRASAD WADHIA


Dated this 28th day of September 2017.


3