# EXHIBIT 118

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATES OF NEW YORK, MASSACHUSETTS, WASHINGTON, COLORADO, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, HAWAII, ILLINOIS, IOWA, NEW MEXICO, NORTH CAROLINA, OREGON, PENNSYLVANIA, RHODE ISLAND, VERMONT, and VIRGINIA,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; ELAINE C. DUKE, in her official capacity; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and the UNITED STATES OF AMERICA,<br><br>　　　　　　　　Defendants. | CIVIL ACTION NO. 1:17-cv-05228 (NGG) (JO) |

## Declaration of Jeffrey Igneri

I, Jeffrey Igneri, declare as follows:

1. I am the owner of Local Burger, a family owned and operated restaurant based in Massachusetts.

2. I have personal knowledge of the facts set forth in this Declaration.

3. Local Burger's goal is to provide fresh, delicious, and well-priced food, while supporting the community through the use of local meats, produce, products and services whenever possible.

4. Local Burger operates three restaurants: one in Northampton, Massachusetts; one in Keene, New Hampshire; and a seasonal, outdoor location in Williamsburg, Massachusetts.

5. Local Burger employs approximately thirty employees, most of whom work part-time.

6. Local Burger's annual sales total approximately $1.6 million.

7. Two of Local Burger's current Massachusetts-based employees are DACA grantees, and they are both great employees.

8. One of Local Burger's DACA employees in particular has been a huge part of our success. This employee runs our Northampton restaurant, putting in sixty to seventy hours of work a week there. He is such an important part of Local Burger that I entered into a private agreement with him which gives him ten percent of Local Burger's profits per

year and ten percent of the business if it is ever sold. Our other employees consider him a managing partner. Since becoming a DACA grantee and starting work at Local Burger, this employee has gotten married and bought a house, contributing to the local community and economy.

9. Without this DACA grantee managing Local Burger's Northampton restaurant, I do not know what I would do. If he loses his work authorization, Local Burger will be significantly harmed. Without him, I probably would not have been able to open a second location in Massachusetts because I would have had to be in the Northampton restaurant so much. Our second location, in Williamsburg, is profitable and benefits the local economy. Annual sales in our Williamsburg location total approximately $500,000 – $600,000 and we seasonally employ eight to ten people there.

10. In addition to the manager of our Northampton restaurant, we currently have a second employee who is also a DACA grantee. This second DACA employee has been with Local Burger for years and is really dedicated to us. To lose him would hurt Local Burger a lot.
11. Local Burger's two employees who are DACA grantees have helped us so much. If they lose their work authorization through the DACA program, Local Burger will suffer substantial harm.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2ND day of October 2017.

Jeff Igneri