UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARTÍN JONATHAN BATALLA VIDAL, et al.            MEMORANDUM
                Plaintiffs,                                   AND ORDER
        - against -
ELAINE C. DUKE, et al.,                                            16-CV-4756 (NGG) (JO)
                Defendants.
----------------------------------------------------------------X
----------------------------------------------------------------X
STATE OF NEW YORK, et al.                                   17-CV-5228 (NGG) (JO)
                Plaintiffs,
        - against -
DONALD TRUMP, et al.,
                Defendants.
----------------------------------------------------------------X

James Orenstein, Magistrate Judge:

      In a letter motion filed on October 13, 2017, the plaintiffs seek to compel the defendants to complete their production of the administrative record. *See* Docket Entry ("DE") 84 ("Motion").[1] The defendants submitted a letter opposing the motion on October 16, 2017. DE 85 ("Opp."). On October 17, 2017, the Honorable William Alsup, United States District Judge, granted a similar motion in a series of parallel cases pending in the Northern District of California. *See Regents of the University of California, et al. v. United States Department of Homeland Security, et al.*, 17-CV-5235 (WHA) ("*Regents*"), DE 79 (Order re Motion to Complete Administrative Record) (N.D. Cal. Oct. 17, 2017) ("*Regents* Opinion"). As briefly explained below, and for essentially the same reasons as those set forth in Judge Alsup's opinion, I grant the motion to compel.

      I assume the reader's familiarity with the proceedings in this case, as well as with Judge Alsup's opinion in *Regents*. In short, the plaintiffs contend that the defendants have applied the wrong legal standard to define the contours of the administrative record; that the record before the

---

[1] Unless otherwise noted, citations to docket entry numbers refer to the docket in *Batalla Vidal*.

court suffices to rebut the presumption of regularity normally afforded the government in reviewing an administrative decision, thereby warranting an order to complete the record over the defendants' protestation of completeness; and that the defendants improperly conflate distinct legal standards in opposing an order to complete the record rather than to supplement it. Motion at 2-6. The defendants do not quibble with the plaintiffs' unassailable identification of the legal standard for defining the record, but contend that the unquestionably different formulation that they used in compiling the record is its functional equivalent; that they have adhered to that standard, and that notwithstanding the explicit request for relief to the contrary, the plaintiffs are actually seeking discovery beyond the record, rather than merely all of what is properly within it. In each instance, the facts before the court and applicable law plainly support the plaintiffs' arguments and refute those proffered by the defendants.

The parties now agree that the administrative record includes all information "*directly or indirectly* considered by the final decision makers in making their decision." Motion at 2 (citing, *inter alia*, *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 308 (S.D.N.Y. 2012) (internal citations omitted) (emphasis in original), Opp. at 2 (quoting Motion at 2). That standard goes well beyond the specific documents that Acting Secretary Duke personally reviewed before issuing the memorandum that formally effected the administrative decision at issue in this litigation. To the contrary, it also encompasses all documents and materials that were before the decision makers' agencies and the non-privileged work and recommendations' of the decision makers' subordinates. *See, e.g.*, *Regents* Opinion at 3; *Bar MK Ranches v. Yuetter*, 994 F.2d 735 (10th Cir. 1993); *Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001).[2]

---

[2] I refer to "decision makers" in the plural, rather than to Acting Secretary Duke alone, because as the Honorable Nicholas G. Garaufis, United States District Judge, observed in his Memorandum and Order dated October 17, 2017, DE 86, the defendants "have repeatedly represented to this

2

Case 1:17-cv-05228-NGG-VMS   Document 65   Filed 10/19/17   Page 3 of 3 PageID #: 3625

The plaintiffs, like their counterparts in *Regents* (where the defendants produced the same materials as the purported administrative record), have adequately established that the administrative record produced to date is manifestly incomplete. *See generally Regents* Opinion at 5-8. I concur with Judge Alsup's conclusion that the defendants have "excluded highly relevant materials from the administrative record[.]" *Id.* at 7. Even if Acting Secretary Duke can properly be considered the sole relevant decision maker, "[i]t is evident that [she] considered information directly, or indirectly, through the advice of other agencies and others within her own agency." *Id.* at 8; *see also* DE 86 (Judge Garaufis's Memorandum and Order) at 10.

Accordingly, for the reasons set forth above, I grant the motion to compel and respectfully direct the defendants to complete production of the administrative record by 3:00 p.m., Eastern Daylight Time, on October 27, 2017.

SO ORDERED.

Dated: Brooklyn, New York
October 19, 2017

                                                                                                      /s/
                                                                        James Orenstein
                                                                        U.S. Magistrate Judge

---

court that Attorney General Jeff Sessions and Acting Secretary Duke jointly decided to rescind the DACA program." *See* DE 86 at 10 (citing examples). Moreover, as Judge Alsup pointed out in *Regents*, the White House has issued official statements that "repeatedly emphasized the President's direct role in decisions concerning DACA." *Regents* Opinion at 6 (citing examples). In addition, the President himself has taken time away from his official duties to make public statements about the decision at issue here in which he unambiguously characterized himself as the decision maker. *See, e.g.*, Donald J. Trump, status update dated September 5, 2017 (the same day as the administrative decision challenged here) ("Congress now has 6 months to legalize DACA …. If they can't, *I will revisit this issue!*"), https://twitter.com/realDonaldTrump/status/905788459301908480 (emphasis added).

3