**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTIN JONATHAN BATALLA VIDAL, *et al.*, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br> ELAINE C. DUKE, in her official capacity as Acting Secretary of Homeland Security, *et al.*, <br><br>　　　　Defendants. | No. 16-cv-4756 (NGG) (JO) |
| STATE OF NEW YORK, *et al.*, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br> DONALD TRUMP, in his official capacity as President of the United States, *et al.,* <br><br>　　　　Defendants. | No. 17-cv-5228 (NGG) (JO) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF 87 RELIGIOUS ORGANIZATIONS FOR LEAVE TO FILE MEMORANDUM AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTIONS**

　　The proposed amici are a coalition of congregations and houses of worship as well as faith-affiliated professional, civil liberties, and immigrant rights groups who believe that the arbitrary rescission of Deferred Action for Childhood Arrivals ("DACA") will indelibly harm them and their communities by forcing committed members of their congregations and organizations to leave the country or return to the shadows.

　　*Amici* are Albuquerque Insight Meditation Center; Albuquerque Monthly Meeting of the Religious Society of Friends (Quakers); The American Association of Jewish Lawyers and

Jurists; American Friends Service Committee; Ansche Chesed, New York City; Arch Street United Methodist Church; Capital Area Muslim Bar Association; Catholic Charities Community Services of the Archdiocese of New York; Central Conference of American Rabbis; Central Pacific Conference of the United Church of Christ; Church Council of Greater Seattle; Church of Our Redeemer in Lexington, Massachusetts; Congregation B'nai Jeshurun (New York City); Congregation Beit Simchat Torah; Council of Churches of the City of New York; Council on American-Islamic Relations – Michigan Chapter; Council of American-Islamic Relations – New Jersey Chapter; Council of American-Islamic Relations – New York Chapter; Cuba Presbyterian Church (Presbyterian Church, USA), Cuba, New Mexico; Degrees of Change; DMV Sanctuary Congregation Network; Dominican Development Center; East End Temple (New York City); Emgage Foundation; Episcopal City Mission; Episcopal Dioceses of Massachusetts; Episcopal Diocese of New York; Episcopal Dioceses of Western Massachusetts; Episcopal Society of Christ Church/The Christ Church Cathedral, Cincinnati, Ohio; Faith Action Network; First Christian Church (Disciples of Christ), Santa Fe, New Mexico; First Congregational United Church of Christ (Albuquerque, New Mexico); First Presbyterian Church of Santa Fe, New Mexico; First Presbyterian Church of Taos, New Mexico; First Unitarian Congregational Society in Brooklyn; First United Presbyterian Church of Las Vegas, New Mexico; Global Justice Institute; Immanuel Presbyterian Church (Albuquerque, New Mexico); Interfaith Alliance of Iowa; Iowa Conference of the United Church of Christ; Islamic Society of Basking Ridge; Islamic Society of Central Jersey; Lab/Shul; Legal Advocacy Project of Unitarian Universalist FaithAction of New Jersey; Lutheran Social Services of New York (LSSNY); Maryknoll Office for Global Concerns; Metropolitan New York Synod of the Evangelical Lutheran Church in America; Muslim Advocates; Muslim Bar Association of New York; Muslim Public Affairs

Council; Muslim Urban Professionals (Muppies); Muslims for Peace, Inc.; Muslims for Progressive Values; National Council of Jewish Women; NETWORK Lobby for Catholic Social Justice; New Jersey Interfaith Coalition; New Mexico Conference of Churches; New Mexico Faith Coalition for Immigrant Justice; New Sanctuary Coalition of New York; New Sanctuary Movement of Philadelphia; New York Board of Rabbis; New York Conference United Church of Christ; Pacific Northwest Conference of the United Church of Christ; Presbytery of New York City; Queens Federation of Churches; Religious Institute; Romemu; Santa Fe Monthly Meeting of the Religious Society of Friends (Quakers); Second Presbyterian Church, Albuquerque, New Mexico; Sikh Coalition; Sisterhood of Salaam Shalom; Society for the Advancement of Judaism; St. Andrew Presbyterian Church in Albuquerque, New Mexico; St. Luke's Episcopal Church in Long Beach;  St. Mark's Episcopal Church (Albuquerque, New Mexico); St. Stephens' Episcopal Church in Boston; T'ruah: The Rabbinic Call for Human Rights; Temple Israel of the City of New York; Temple Sinai (Washington, DC); Town and Village Synagogue, New York, New York; Trinity Church Wall Street; Union for Reform Judaism, including Reform Jewish Voice of New York State; Unitarian Universalist Mass Action Network; Visitation BVM Church in Philadelphia, Pennsylvania; West End Synagogue (New York City); Westminster Presbyterian Church of Santa Fe; and Women of Reform Judaism.

*Amici* respectfully move for leave to file their memorandum of law, attached to the Declaration of Steven A. Zalesin as Exhibit A, as *amici curiae* in support of plaintiffs' motions for preliminary injunctions. (*See* Dkt. 123 in Case No. 16-cv-4756 and Dkt. 96 in Case No. 17-cv-5228.) "A district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case." *Citizens Against Casino Gambling v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (citing *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992),

3

*aff'd*, 980 F.2d 161 (2d Cir. 1992)). Because there is no district court rule governing the appearance of *amici*, this Court may be guided by the requirements of Federal Rule of Appellate Procedure 29. *Cf. United States v. Hunter*, No. 2:97-cr-059, 1998 U.S. Dist. LEXIS 9869, at *1 (D. Vt. June 10, 1998) (relying on Appellate Rule 29 to establish the burden of an applicant on a motion to file an *amicus curiae* brief). An *amicus curiae* other than the United States "may file a brief only by leave of court or if the brief states that all parties have consented to its filing." Fed. R. App. P. 29(a)(2). Here, because all parties have consented to the submission of *amici*'s brief, *see* Declaration of Steven A. Zalesin ¶ 3, the Appellate Rules suggest that *amici* may file without leave of court.

Nevertheless, leave would be warranted under the standard that governs non-consent motions for leave to file a brief as *amicus curiae*. In this Circuit, "[t]he usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." *Citizens Against Casino Gambling*, 471 F. Supp. 2d at 311 (citations omitted); *see also Am. Bird Conservancy v. Harvey*, 232 F. Supp. 3d 292, 299 (E.D.N.Y. 2017) (collecting cases). In 2002, then-Judge Alito opined that a "court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted," and observed that to "freely grant leave" is the "predominant practice." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002).

*Amici* have a strong interest in this case. *Amici* include representatives of religious denominations ranging from the Santa Fe Monthly Meeting of the Religious Society of Friends (Quakers) to the Metropolitan New York Synod of the Evangelical Lutheran Church in America, and civil rights and legal organizations ranging from the American Association of Jewish Lawyers and Jurists to Muslim Advocates. Although their faith traditions and political views

4

differ widely, each of the proposed *amici* has a compelling interest in avoiding the loss of religious leaders, congregants, and family members of congregants who are DACA recipients. The particular interest of each coalition member in restraining the implementation of the DACA Termination Memo is set forth in Appendix A to the proposed memorandum of law.

Moreover, *amici* satisfy the criteria set out in *Citizens Against Casino Gambling*, 471 F. Supp. 2d at 311, of providing aid to the court, and offering insights not available from any party. The proposed memorandum of law reflects the unique perspective of this diverse group of organizations. Many *amici* have firsthand experience, based on interactions with clergy and congregants who are DACA recipients, of the valuable contributions to faith and community made by DACA recipients. Other *amici* do religious and charitable work in Latin America and other regions and therefore have knowledge of the challenges and dangers these young people would face if they were deported. Finally, some *amici* provide social services or sanctuary to those targeted for deportation, and therefore have firsthand knowledge of the burden that ending DACA would inflict upon religious institutions and communities.

Finally, *amici*'s proposed memorandum of law is timely. *Amici* submitted their proposed memorandum by the filing deadline of December 22, 2017.

In light of *amici*'s significant interest in this case and the useful information their proposed memorandum of law would provide the Court on these important issues, *amici* respectfully request that the Court grant this Motion for Leave to File Memorandum of Law as *Amici Curiae* in Support of Plaintiffs' Motions for Preliminary Injunctions, and accept the memorandum of law accompanying the Declaration of Steven A. Zalesin as Exhibit A for filing.

Dated:  December 22, 2017
         New York, New York

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By: */s/ Steven A. Zalesin*
      Steven A. Zalesin
Adeel A. Mangi
Michael N. Fresco*
Zachary Kolodin*
1133 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 336-2000
Facsimile:  (212) 336-2222
sazalesin@pbwt.com
aamangi@pbwt.com
mfresco@pbwt.com
zkoldin@pbwt.com

Johnathan Smith
Sirine Shebaya*
Juvaria Khan*
MUSLIM ADVOCATES
P.O. Box 66408
Washington, DC 20035
(202) 897-2622
johnathan@muslimadvocates.org
sirine@muslimadvocates.org
juvaria@muslimadvocates.org

* EDNY Admission Pending

*Attorneys for Amici Curiae 87 Religious Organizations*