

December 22, 2017

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Consent Motion for Leave to File *Amicus* Brief on Behalf of Former Immigration Officials in *State of New York, et al. v. Donald Trump, et al.*, No. 17-CV-5228 (NGG) (JO) and *Batalla Vidal, et al. v. Duke, et al.*, No. 16-CV-4756 (NGG) (JO)**

Dear Judge Garaufis:

I respectfully submit this letter to seek this Court's leave to file an *amicus curiae* brief on behalf of former federal immigration and homeland security officials, who served in senior positions in the federal agencies charged with enforcement of U.S. immigration laws under both Democratic and Republican Administrations.[1] Counsel for proposed *amici*—T. Alexander Aleinikoff, Roxana Bacon, Seth Grossman, Stephen H. Legomsky, John R. Sandweg, and Paul Virtue—have conferred with counsel for the parties in both of the above-referenced cases, all of whom consent to this motion for leave to file an *amicus* brief.

As former leaders of the nation's primary immigration enforcement agencies, proposed *amici* are familiar with the historical underpinnings of deferred action policies like DACA. Proposed *amici*'s relevant experience includes first-hand administration of other deferred action policies, as well as testimony before Congress explaining these policies and their benefits. As a result, they are uniquely situated to shed light on the vital role that these policies play in facilitating the rational and humane enforcement of federal immigration law. In addition, proposed *amici* have personal knowledge and special expertise about how prior Administrations have struck a

---

[1] Proposed *amici* respectfully submit this letter motion under Section II.A of Your Honor's Individual Rules, which requires communications with chambers to be by letter.

BOIES SCHILLER FLEXNER LLP

725 South Figueroa Street, 31st Floor, Los Angeles, CA 90017 | (t) 213 629 9040 | (f) 213 629 9022 | www.bsfllp.com



The Honorable Nicholas G. Garaufis
December 22, 2017
Page 2

balance between robust law enforcement and the need to prioritize those who pose threats to public safety or national security, given limited resources.

"District courts have broad discretion in deciding whether to accept *amicus* briefs." *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014) (citation omitted); *accord Automobile Club of N.Y., Inc. v. Port Authority of N.Y. and N.J.*, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011); *Concerned Area Residents for Environ. v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993). In particular, *amicus* briefs "should normally be allowed when . . . the amicus has unique information or perspective that can help the court" or when the case involves "matters of public interest." *Andersen v. Leavitt*, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (internal quotation marks omitted).

Here, there is no reasonable dispute that these cases involve "matters of public interest," in which proposed *amici* have significant interest and on which they can provide a unique perspective. Plaintiffs in both cases are challenging the government's rescission of the Deferred Action for Childhood Arrivals ("DACA") program, which deferred deportation of immigrants who arrived in the United States when they were children (sometimes referred to as "Dreamers") and allowed them to apply for work authorization. The government's defense of that rescission may be based in part on an erroneous understanding of the Executive Branch's history with deferred action, as well as a failure to weigh important practical and policy considerations that prior Administrations have considered when engaging in deferred action. Proposed *amici* are uniquely situated to address both issues.

Proposed *amici*'s brief will show that DACA is well within the legal authority of the Executive Branch, and that its rescission was a highly significant policy change for which the government has failed to assert a valid justification. The Executive Branch in both Republican and Democratic Administrations repeatedly has implemented deferred action policies, like DACA, based on the common-sense proposition that federal authorities should focus their limited resources on apprehending and deporting those who are a threat to national security, public safety, or the employment markets—not those who pose no such threats and, indeed, are making meaningful contributions to American society. Proposed *amici*'s brief places DACA within that historical context, which demonstrates that the rescission of DACA is arbitrary and capricious and should be enjoined on that ground.

For the foregoing reasons, proposed *amici* request that the Court grant them leave to file an *amicus* brief in support of Plaintiffs' motions for preliminary injunction in the above-referenced cases on or before December 22, 2017. *Amici*'s proposed brief is appended hereto.



The Honorable Nicholas G. Garaufis
December 22, 2017
Page 3

Respectfully submitted,

/s/ J. Wells Harrell

Albert Giang
BOIES SCHILLER FLEXNER LLP
725 South Figueroa Street
Los Angeles, CA 90017
(213) 629-9040

Juan P. Valdivieso
BOIES SCHILLER FLEXNER LLP
1999 Harrison Street
Oakland, CA 94612
(510) 874-1000

Joshua Riley
Isra Bhatty
J. Wells Harrell
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue NW
Washington, DC 20005
(202) 237-2727

Counsel for *Amici Curiae*

cc:     All Counsel of Record (via ECF)