```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARTÍN JONATHAN BATALLA VIDAL, et al.                ORDER
                              Plaintiffs,
         - against -
KIRSTJEN M. NIELSEN, et al.,                         16-CV-4756 (NGG) (JO)
                              Defendants.
-----------------------------------------------------------------X
-----------------------------------------------------------------X
STATE OF NEW YORK, et al.                            17-CV-5228 (NGG) (JO)
                              Plaintiffs,
         - against -
DONALD TRUMP, et al.,
                              Defendants.
-----------------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

The parties shall appear for a status conference on January 8, 2018, at 3:00 p.m. I will expect the parties to be prepared to set a schedule for the expedited completion of all discovery should the court determine that discovery may progress. To that end, the parties shall meet and confer and submit a jointly proposed amended discovery plan no later than January 4, 2018.

The defendants were required to produce a complete administrative record by October 6, 2017. *See* Docket Entry ("DE") 67. The defendants failed to discharge that obligation. *See* DE 89 (Memorandum and Order dated Oct. 19, 2017); DE 210 at 3 (circuit court order dated Dec. 27, 2017) ("'there is a strong suggestion that the record before the [District Court] was not complete'") (quoting *Dopico v. Goldschmidt*, 687 F.2d 644, 654 (2d Cir. 1982)); *see also Regents of Univ. of California v. United States Dep't of Homeland Sec.*, 2017 WL 4642324 (N.D. Cal. Oct. 17, 2017) (finding defendants failed to produce all of the same record in similar case).[1]

---

[1] The district court's remedial order in *Regents* has been stayed, but neither the United States Court of Appeals for the Ninth Circuit nor the United States Supreme Court expressed any disagreement with the finding that the government had produced an administrative record that was incomplete. To be sure, the Supreme Court ordered that "the District Court may not compel the Government to disclose any document that the Government believes is privileged without first providing the Government with the opportunity to argue the issue." *In re United States*, 2017 WL 6505860, at *2

Thus, regardless of when discovery resumes, the defendants remain delinquent in their existing obligation to produce the pertinent administrative record. While I will allow the defendants to be heard on the matter at the next conference, they should be prepared to complete the required production immediately in the event the court concludes that there is no further reason to delay the disclosures. I therefore direct the defendants to complete the review of their records necessary to allow them to appear at the next scheduled conference fully prepared to make the required disclosures at that time.

In light of the extremely limited time available to resolve this case on the merits, a constraint the defendants have unilaterally imposed on the parties and the court, I will grant no adjournments.

SO ORDERED.

Dated: Brooklyn, New York
      December 28, 2017

                                                          /s/
                                                James Orenstein
                                                U.S. Magistrate Judge

---

(U.S. Dec. 20, 2017). However, as the Court of Appeals noted in this case, with respect to any document that the defendants believe to be privileged, this court "has required only a privilege log, and has not ordered the production of any documents over which the Government asserts privilege." DE 210 at 5. The defendants' opportunity to be heard as to assertions of privilege, however, does not relieve them of the obligation to produce all non-privileged information directly or indirectly considered by the final decision makers at the Department of Homeland Security and the Department of Justice in making the administrative decision at issue here.

2