## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATES OF NEW YORK, MASSACHUSETTS, WASHINGTON, COLORADO, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, HAWAII, ILLINOIS, IOWA, NEW MEXICO, NORTH CAROLINA, OREGON, PENNSYLVANIA, RHODE ISLAND, VERMONT, and VIRGINIA,<br><br>     Plaintiffs,<br><br>  v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY, KIRSTJEN M. NIELSEN, in her official capacity; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and the UNITED STATES OF AMERICA,<br><br>     Defendants. | CIVIL ACTION NO. 1:17-cv-05228 (NGG) (JO) |

## PLAINTIFF STATES' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION OF THIS COURT'S NOVEMBER 9, 2017 ORDER FOR INTERLOCUTORY APPEAL AND MOTION FOR STAY

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ............................................................................................................ 1

ARGUMENT .................................................................................................................... 3

I.  Defendants' Motion Should Be Denied As Unreasonably Late ................................. 4

II.  There Are No Controlling Issues of Law as to Which There Are Substantial
Grounds for Difference of Opinion ......................................................................... 7

A.  The Court's Jurisdiction over Plaintiff States' APA Claims is Not a
Controlling Issue of Law under 1292(b) .............................................................. 7

B.  There are No Substantial Grounds for Concluding That Plaintiff States'
APA Claims Are Unreviewable .......................................................................... 8r

1.  There is no split of authority regarding justiciability ................................. 10

a.  Defendants fail to establish a split of authority regarding whether
Plaintiff States' APA claims are judicially reviewable ......................... 10

b.  Defendants fail to identify any authority holding that 8 U.S.C. §
1252(g) would bar review of the type of APA claims that
Plaintiff States bring here ...................................................................... 13

2.  Questions concerning this Court's jurisdiction over Plaintiff States'
APA claims do not present particularly difficult legal questions ............... 14

III.  Certification of the Court's Novmber 9 Order Will Not Materially Advance
This Litigation ...................................................................................................... 15

IV.  This Court Should Deny Defendants' Motion to Stay Completion of the
Administrative Record and Discovery ................................................................... 16

CONCLUSION ............................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amador v. Andrews*,
   655 F.3d 89 (2d Cir. 2011) ........................................................................................... 6

*Baumgarten v. Cty. of Suffolk*,
   No. 07-CV-0539, 2010 WL 4177283 (E.D.N.Y. Oct. 15, 2010) ......................................... 9

*Bild v. Konig*,
   No. 09-CV-5576, 2011 WL 4007895 (E.D.N.Y. Sep. 8, 2011) ........................................... 9

*Bilello v. JPMorgan Chase Ret. Plan*,
   603 F. Supp. 2d 590 (S.D.N.Y. 2009) ............................................................................ 13

*Botezatu v. I.N.S.*,
   195 F.3d 311 (7th Cir. 1999) ..................................................................................... 13-14

*Century Pacific, Inc.v. Hilton Hotels Corp.*,
   574 F. Supp. 2d 369 (S.D.N.Y. 2008) ............................................................................. 7

*Chevron Corp. v. Donziger*,
   No. 11 Civ. 0691 (LAK), 2013 WL 98013 (S.D.N.Y. Jan. 7, 2013) .................................... 8

*Citizens to Preserve Overton Park, Inc. v. Volpe*,
   401 U.S. 402 (1971) ............................................................................................... 18-19

*E.E.O.C. v. Maggies Paratransit Corp.*,
   351 F. Supp. 2d 51 (E.D.N.Y. 2005) (J. Garaufis) ......................................................... 3,13

*Ferraro v. Sec'y of HHS*,
   780 F. Supp. 978 (E.D.N.Y. 1992) .............................................................................. 3,6,7

*Flor v. BOT Fin. Corp.*,
   79 F.3d 281 (2d Cir. 1996) ........................................................................................... 9

*German v. Fed. Home Loan Mortg. Corp.*,
   896 F.Supp. 1385 (S.D.N.Y.1995) ................................................................................. 3

*Green v. City of New York*,
   2006 WL 3335051 (E.D.N.Y. Oct. 23, 2006) .................................................................. 6

*Harriscom Svenska AB v. Harris Corp.*,
   947 F.2d 627 (2d Cir. 1991) ..................................................................................... 15-16

*Heckler v. Chaney*,
   470 U.S. 821 (1985) ................................................................................................ 10-13

*In re Air Crash at Georgetown, Guyana on July 30, 2011*,
    33 F. Supp. 3d 139 (E.D.N.Y. 2014) ........................................................................... 10-11

*In re Del-Val Fin. Corp. Sec. Litigation,*
    874 F. Supp. 81 (S.D.N.Y. 1995) ........................................................................... 8

*In re Facebook, Inc., IPO Securities and Derivative Litigation,*
    986 F. Supp. 2d 428 (S.D.N.Y. 2013) ........................................................................... 4,8,9

*In re Facebook, Inc., IPO Securities and Derivative Litigation,*
    986 F. Supp.2d 524 (S.D.N.Y. 2014) ........................................................................... 4

*In re Methyl Tertiary Butyl Ether Prod. Liability Litigation,*
    399 F. Supp. 2d 320 (S.D.N.Y. 2005) ........................................................................... 9

*In re World Trade Ctr. Disaster Site Litig.,*
    469 F. Supp. 2d 134 (S.D.N.Y. 2007) ........................................................................... 19

*Isra Fruit Ltd. V. Agrexco Agr. Export Co.,*
    804 F.2d 24 (2d Cir. 1986) ........................................................................... 16

*Jackson v. Caribbean Cruise Line, Inc.,*
    88 F. Supp. 3d 129 (E.D.N.Y. 2015) ........................................................................... 9

*Jacques v. DiMarzio, Inc.,*
    216 F. Supp. 2d 139 (E.D.N.Y. 2002) ........................................................................... 15

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in*
    *Amministrazione Straordinaria,*
    921 F.2d 21 (2d Cir. 1990) ........................................................................... 3

*Koehler v. Bank of Bermuda Ltd.,*
    101 F.3d 863 (2d Cir.1996) ........................................................................... 3

*Laumann v. Nat'l Hockey League,*
    2013 WL 837640 (S.D.N.Y. Mar. 6, 2013) ........................................................................... 19

*Lincoln v. Vigil,*
    508 U.S. 182 (1993) ........................................................................... 12

*Marlin v. United States Trustee,*
    333 B.R. 14 (W.D.N.Y. 2005) ........................................................................... 9

*Mills v. Everett Reinsurance Co.,*
    771 F. Supp. 2d 270 (S.D.N.Y. 2009) ........................................................................... 9

*Noel v. Chapman,*
    508 F.2d 1023 (2d Cir. 1975) ........................................................................... 11,14

*Nwozuzu v. United States,*
    No. 14 Civ. 8589 (LGS), 2015 WL 4865772 (S.D.N.Y. Aug. 12, 2015) ........................................... 14

*NYC Employees' Retirement Sys.v. S.E.C.*,
45 F.3d 7 (2d Cir. 1995) ............................................................................................ 14

*Ralph Oldsmobile Inc. v. G.M. Corp.*,
No. 99 Civ. 4567 (AGS), 2001 WL 55729 (S.D.N.Y. Jan. 23, 2001) ........................... 10-11

*Redhead v. Conference of Seventh-Day Adventists*,
566 F. Supp. 2d 125 .................................................................................................. 15

*Reno v. American-Arab Anti-Discrimination Comm.*
525 U.S. 471 (1999) ........................................................................................... 8,13-14

*Salazar v. King*,
822 F.3d 61 (2d Cir. 2016) .......................................................................................... 10

*Scott v. The Dime Savings Bank of New York*,
1993 WL 350046 (S.D.N.Y. Sept. 3, 1993) ..................................................................... 9

*Shipping Corp. of India, Ltd. V. Am. Bureau of Shipping*,
752 F. Supp. 173 (S.D.N.Y 1990) ............................................................................... 9,13

*Telectronics Proprietary, Ltd. v. Medtronic, Inc.*,
690 F.Supp. 170 (S.D.N.Y.1987) .................................................................................. 3

*Texas v. United States*,
809 F.3d 134 (5th Cir. 2015), aff'd by an equally divided court ...................................... 15

*The Republic of Colombia v. Diageo North America Inc.*,
619 F. Supp. 2d 7 (E.D.N.Y. 2007) .............................................................................. 14

*U.S. ex rel. Mikes v. Straus*,
939 F.Supp. 301 (S.D.N.Y. 1996) ................................................................................ 16

*United States v. Town of Oyster Bay*,
66 F. Supp. 3d 285 (E.D.N.Y. 2014) ............................................................................. 17

*Wausau Business Insurance Co. v. Turner Construction Co.*,
151 F. Supp. 2d 488 (S.D.N.Y. 2001) ...................................................................... 9,10,12

*Webster v. Doe*,
486 U.S. 592 (1988) ..................................................................................................... 8

*Weir v. Propst*,
915 F.2d 283 (7th Cir. 1990) (Posner, J.) ....................................................................... 5

*Westwood Pharm., Inc. v. National Fuel Gas Dist. Corp*,
964 F.2d 85 (2d Cir. 1992) ........................................................................................... 3

*Wong Wing Hang v. Immigration and Naturalization Serv.*,
360 F.2d 715 (2d Cir. 1966) .................................................................................... 11-12

**FEDERAL STATUTES**

5 U.S.C.
    §701(a)(2) ................................................................................................................ 12,15

8 U.S.C.
    § 1252(g) .................................................................................................................. 13-15

28 U.S.C.
    § 1292(b) ................................................................................................................ passim

Administrative Procedure Act ..........................................................................1,7-9,11-13,16,18

Immigration and Nationality Act ................................................................................................ 1

## INTRODUCTION

Defendants' motion to certify an interlocutory appeal of this Court's November 9, 2017 Order (the "November 9 Order")—which denied Defendants' motion to dismiss for lack of jurisdiction—is the latest in Defendants' repeated attempts to fracture and slow judicial review of their decision to terminate the Deferred Action for Childhood Arrivals ("DACA") program. Defendants seek to certify two questions for interlocutory review: 1) whether or not the termination of DACA was a decision "committed to agency discretion by law;" and 2) whether or not the Immigration and Nationality Act ("INA") deprives federal courts of jurisdiction in the instant case. In their motion to certify, Defendants incorrectly suggest that the U.S. Supreme Court and the Second Circuit essentially issued a directive to this Court to grant a motion for certification of this Court's November 9 Order. In fact, those courts did nothing to limit or curtail this Court's discretion to grant or deny certification. Indeed, interlocutory appeals are rare and are reserved for exceptional circumstances, none of which are at issue here.

This Court should deny Defendants' motion to certify this Court's November 9 Order for a number of reasons. First and foremost, in waiting nearly two months after the November 9 Order to seek certification, Defendants have hindered this Court's ability to provide meaningful relief by March 5, 2018—the date arbitrarily set by Defendants for the termination of DACA—to the detriment of Plaintiff States and their institutions, residents, and communities. Defendants' delay in bringing this application is on its own a sufficient ground for this Court to deny certification.

In any event, Defendants' motion should be denied because their arguments fall far short of satisfying the stringent standard for certification under 28 U.S.C. § 1292(b). Because the November 9 Order was based on a plain reading of the governing statutes and accorded in all respects with the relevant controlling authorities, there is no substantial ground for disagreement

with this Court's resolution of the jurisdictional issues addressed therein. Further, certification is not warranted because an immediately appealable order is imminent. The Court will soon rule on Plaintiff States' motion for preliminary injunction, which is scheduled for a hearing on January 18, 2018. That order granting or denying a preliminary injunction will bring up for appellate review all the same jurisdictional issues that Defendants seek to raise via certification, making interlocutory review of the November 9 Order both unnecessary and wastefully duplicative. Finally, an interlocutory appeal would not spare the Court expensive and protracted litigation nor materially advance the litigation of this case. Defendants do not challenge the justiciability of Plaintiff States' Equal Protection claim, and therefore even a reversal of the Court's November 9 Order ruling that the States' APA claims are justiciable will not end this litigation.

Defendants also request a stay of discovery and a stay of their obligation to complete the administrative record until the resolution "of such interlocutory appeal proceedings." Defs.' Mot. for Interloc. Appeal, ECF No. 184-1 at 14.[1] This is the fifth time that Defendants have requested a complete stay of their document production obligations without fully exploring alternative options such as rolling production of documents and a privilege log. And at this juncture—when Defendants have already had three months to review responsive documents in their possession, and have maintained that they plan to terminate DACA in just two months—the equities weigh

---

[1]Defendants filed a separate motion on December 29, 2017 seeking an administrative stay of all immediate obligations for record completion and discovery. *See* Defs.' Mot. For Stay Pending Interloc. Appeal, ECF. No. 186. On December 30, 2017, Plaintiff States consented to an administrative stay of discovery and completion of the administrative record pending adjudication of the instant motion to certify by this Court. ECF No. 187. However, Defendants did not wait for this Court to rule on its motion for an administrative stay. Rather, on that same day, Defendants filed a motion with the Second Circuit seeking the same stay requested from this Court. Pet.-Defs.' Emgcy. Mot. for Stay, *In re Kirstjen M. Nielsen*, No. 17-3345 (2d Cir. Dec. 30, 2017), ECF No. 174. Later that day, this Court granted Defendants' motion for a stay of discovery and a stay of Defendants' obligation to complete the administrative record pending consideration of Defendants' motion for certification, *see* Order of Garaufis, J. (Dec. 30, 2017). Defendants proceeded to withdraw their emergency stay motion in the Second Circuit, *see* Pet.-Defs.' Ltr. Withdrawing Stay Mot., *In re Kirstjen M. Nielsen,* No. 17-3345 (2d Cir. Dec. 30, 2017), ECF No. 176-1.

heavily against granting Defendants any further blanket stay of their production obligations. Such delay would severely prejudice Plaintiff States and stymie timely review of Plaintiff States' merits claims by this Court.

Plaintiffs States accordingly oppose certification and any prolonged or indefinite stay of Defendants' obligation to complete the administrative record and of discovery.

## ARGUMENT

District courts must "exercise great care" when considering whether to certify an interlocutory appeal. *Westwood Pharm., Inc. v. National Fuel Gas Dist. Corp,* 964 F.2d 85, 89 (2d Cir. 1992); s*ee also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990). As this Court has observed, certification under § 28 U.S.C. § 1292(b) "'is a rare exception to the final judgment rule that generally prohibits piecemeal appeals.'" *E.E.O.C. v. Maggies Paratransit Corp.*, 351 F. Supp. 2d 51, 54 (E.D.N.Y. 2005) (J. Garaufis) (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir.1996)). Interlocutory appeals are not intended as a "vehicle to provide early review of difficult rulings in hard cases." *German v. Fed. Home Loan Mortg. Corp.,* 896 F. Supp. 1385, 1398 (S.D.N.Y.1995). Rather, interlocutory appeals are appropriate only in "exceptional cases," where early appellate review "might avoid protracted and expensive litigation." *Telectronics Proprietary, Ltd. v. Medtronic, Inc.,* 690 F. Supp. 170, 172 (S.D.N.Y. 1987).

Because it is an exceptional remedy that disrupts the normal litigation process, an application for certification must be brought promptly after the order sought to be appealed. *Ferraro v. Sec'y of HHS*, 780 F. Supp. 978, 979 (E.D.N.Y. 1992). And the statute sets strict criteria for granting such an application: a district court may certify a question only if it finds that: (1) the order at issue "involves a controlling question of law," (2) as to "which there is substantial ground

3

for difference of opinion," and (3) that an "immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Facebook, Inc., IPO Securities and Derivative Litigation*, 986 F. Supp. 2d 428, 475 (S.D.N.Y. 2013); 28 U.S.C. § 1292(b). The party seeking interlocutory appeal bears the burden of demonstrating that each requirement is met, and the failure to satisfy even a single prong is fatal. *In re Facebook, Inc.*, 986 F. Supp. 2d at 475. Further, even where the statutory criteria are met, "district courts retain unfettered discretion to deny certification . . . for any reason, including docket congestion and the system-wide costs and benefits of allowing the appeal." *In re Facebook, Inc., IPO Securities and Derivative Litigation*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (internal quotations omitted).

## I.  DEFENDANTS' MOTION SHOULD BE DENIED AS UNREASONABLY LATE.

Even if Defendants could satisfy the criteria of § 1292(b)—and they cannot, for the reasons explained in Points II and III below—their request for certification and a stay should be denied as unreasonably late. Defendants offer no serious justification for their failure to pursue certification concurrently with their other attempts to obtain extraordinary appellate relief. By bringing this application nearly two months after they should have, Defendants apparently aim to further delay compliance with their long overdue obligation to produce the whole administrative record. Granting certification and a stay at this late juncture would undermine the purposes of § 1292(b), cause prejudice to Plaintiff States, and interfere with this Court's ability to address by March 5 the APA claims underpinning this litigation. Defendants' dilatory conduct alone warrants denial of their application.

After this suit was filed on September 6, 2017, Defendants could have moved to dismiss at any time. They opted not to do so. Instead, they chose to seek several extensions of their deadline to respond to discovery requests and produce the administrative record, which the district court

largely granted—twice extending their deadline to complete the record and compile a privilege log, and twice narrowing the scope of that required record and log. Finally, almost seven weeks after the suit was filed, on October 23, Defendants filed a mandamus petition with the Second Circuit, arguing that this Court had abused its discretion by allowing discovery to proceed before resolving certain threshold justiciability arguments. As this Court is aware, Defendants had not yet presented—nor seriously attempted to present—those arguments to this Court in this first instance. After full briefing of those threshold issues on remand, this Court granted in part and denied in part Defendants' motion to dismiss on jurisdictional grounds on November 9. Defendants then waited until December 28, 2017—seven additional weeks—before filing the instant motion for § 1292(b) certification.

A request for certification should be made with "reasonable simultaneity," or at least "quick on the heels," of the order to be appealed. *Weir v. Propst*, 915 F.2d 283, 285 (7th Cir. 1990) (Posner, J.). In light of the disruptive effect of interlocutory appeals on the litigation process, Congress chose to make "celerity the touchstone of appealability under [1292(b)]," *Weir*, 915 F.2d at 286—a determination Congress expressed by requiring a party to seek the appellate court's permission to appeal "within 10 days" of certification, *see* 28 U.S.C. § 1292(b). That touchstone of celerity would be "nullified" if litigants could obtain certification well after entry of the underlying order. *Weir*, 915 F.2d at 287. Thus, in *Weir*, because the defendants offered no good reason for their approximately two-month delay in seeking certification, the Seventh Circuit held that the *Weir* district court had abused its discretion in granting the defendants' request for certification. *Id.*

In this case, there is no good reason for Defendants' failure to seek certification within a time period that is only marginally shorter than the delay in *Weir*. And this Court, following *Weir*,

has rejected § 1292(b) applications when submitted after delays of comparable length to the delay presented here. *Green v. City of New York*, 2006 WL 3335051 at *1-2 (E.D.N.Y. Oct. 23, 2006) (two-month delay); *Ferraro v. Sec'y of HHS*, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (two-and-a-half-month delay). Indeed, denial is particularly appropriate here in light of the time sensitivity and stakes of this litigation, which affects approximately 800,000 DACA grantees, as well as the persons and institutions that rely on them. Had Defendants immediately sought certification on November 9—when approximately sixteen-and-a-half weeks remained before DACA's expiration date—they might already have obtained a final appellate ruling on the threshold jurisdictional issues. Instead, they made no request for certification for seven weeks—more than forty percent of the remaining time—while the March 5 deadline has drawn closer.

Whether or not this is a calculated tactic to avoid producing the whole administrative record before the DACA program expires, Defendants' disjointed approach to seeking appellate review is deeply prejudicial. Already, Plaintiff States have had to brief their preliminary injunction motion without the full administrative record that Defendants should have produced in October. The additional delay contemplated by Defendants' request would mean further weeks or months during which this Court would be unable to fully evaluate whether Defendants complied with the APA.

Defendants have offered no reasons for their chosen approach that outweigh the prejudice of the seven-week delay and the strong "policy against piecemeal appellate review." *See Amador v. Andrews*, 655 F.3d 89, 95 (2d Cir. 2011) (quotation marks omitted). They note (ECF No. 184-1) that the Supreme Court and Second Circuit have recently referred to the certification procedure as a potential option here and in a parallel case.[2] But surely the federal government was not

---

[2] In the parallel California case that was the subject of the Supreme Court's comments, the district court has not yet ruled on Defendants' threshold defenses. If that court ultimately denies Defendants' motion to dismiss, and they file a timely motion for certification, they will obtain the swift appellate review they purport to desire. In any event, as

previously unaware of § 1292(b) or its potential use in this suit. Indeed, Plaintiff States noted in their Second Circuit mandamus opposition, filed *on November 14*, that § 1292(b) was the appropriate mechanism for Defendants to pursue review of any justiciability rulings in the absence of an immediately appealable order. *See* States' Br. Opp'g Mandamus at 3, 16, *In re Duke*, No. 17-3345 (2d Cir. Nov. 14, 2017), ECF. No. 93.

This Court should not countenance Defendants' unjustifiably belated request for certification at a time when granting that request would prejudice Plaintiff States and stymie this Court's review. Defendants' chosen course—including their seven-week delay in seeking certification—shows that "the saving of time is of little concern" to them in this litigation. *Ferraro*, 780 F. Supp. at 979. Now, with March 5 less than nine weeks away, Defendants should not be permitted to frustrate this Court's ability to decide this case on the complete record that the Second Circuit has mandated that they produce.

## II. THERE ARE NO CONTROLLING ISSUES OF LAW AS TO WHICH THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION.

In any event, certification should be denied because Defendants fail to establish the statutory requirements for relief under 1292(b).

### A. The Court's Jurisdiction over Plaintiff States' APA Claims is Not a Controlling Issue of Law under 1292(b).

Courts have held the controlling issue of law prong not satisfied where appellate reversal of this Court's order would not terminate the whole action, even if reversal "may very well simplify th[e] action or alter its course." *Century Pacific, Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008). The justiciability questions at issue here relate solely to Plaintiffs' APA

---

noted *supra*, the Second Circuit is likely to have the opportunity to review Defendants' threshold defenses quite soon, in connection with this Court's rulings on the pending motions for a preliminary injunction and to dismiss for failure to state a claim.

claims and have no bearing on Plaintiffs' Equal Protection claim, which is unquestionably reviewable by this Court. *See Webster v. Doe*, 486 U.S. 592, 602-03 (1988); *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 491 (1999) ("*AAADC*").

Moreover, where—as here—the issues presented for interlocutory review extensively overlap with claims "which would be unaffected by the outcome of the proposed interlocutory appeal," such that the appeal is not "likely to save the Court or the parties any time or money," those issues are "not 'controlling' within the meaning of [1292(b)]." *Chevron Corp. v. Donziger*, No. 11 Civ. 0691 (LAK), 2013 WL 98013, at *3 (S.D.N.Y. Jan. 7, 2013); *see also In re Del-Val Fin. Corp. Sec. Litigation*, 874 F. Supp. 81, 83 (S.D.N.Y. 1995) (finding party failed to establish controlling issue where resolution of appeal would not create a "significant difference in the position [the party] will be in").[3]

## B. There Are No Substantial Grounds for Concluding That Plaintiff States' APA Claims Are Unreviewable.

Defendants also fail to advance a single new argument that demonstrates any ground for a difference of opinion on the questions of law at issue—let alone the *substantial* grounds required under §1292(b). Instead, Defendants simply argue that this Court's rejection of their justiciability arguments is erroneous for the same reasons that this Court found inapposite and unpersuasive when denying their original motion to dismiss. This falls far short of the "stringent standard" for certification under 1292(b). *In re Facebook, Inc., IPO Securities and Derivative Litigation*, 986 F. Supp. 2d at 479.

---

[3] In fact, the Second Circuit has already acknowledged that "even if the Government were correct that a deliberative privilege prevents discovery with respect to the APA claims, the Government could not rely on such privilege to avoid all discovery with respect to plaintiffs' constitutional claims." Order Den. Writ of Mandamus at 3 n.2, *In re Kirstjen M. Nielsen, Sec'y of Homeland Sec.*, No. 17-3345 (2d Cir. Dec. 27, 2017), ECF No. 172.

Courts within the Second Circuit have repeatedly made clear that a party's disagreement with the district court's rationale does not constitute a substantial ground for difference of opinion warranting interlocutory review.[4] "[T]he 'substantial ground for a difference of opinion' must arise out of a genuine doubt as to whether the court applied the correct legal standard." *Bild v. Konig*, No. 09-CV-5576, 2011 WL 4007895, at *2 (E.D.N.Y. Sep. 8, 2011). This can occur when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult *and* of first impression for the Second Circuit." *Id.* (internal citations omitted) (emphasis added); *Baumgarten v. Cty. of Suffolk*, No. 07-CV-0539, 2010 WL 4177283, at *1 (E.D.N.Y. Oct. 15, 2010).

"[S]imply because a question is particularly difficult does not mean that there is a difference of opinion." *Mills v. Everett Reinsurance Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009). Rather, the court "must 'analyze the strength of the arguments in opposition to the challenged ruling' in order to determine 'whether the issue for appeal is truly one on which there is a substantial ground for dispute.'" *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 142 (E.D.N.Y. 2015) (quoting *Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996)).

"[A] party that offers only arguments rejected on the initial motion does not meet [the substantial grounds] prong of 1292(b)." *In re Methyl Tertiary Butyl Ether Products Liability Litigation*, 399 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) (internal citations omitted). Thus, where the party seeking certification "has not advanced any new argument that [a] court had not previously examined" or "demonstrate[d] that there is any conflicting legal authority which should persuade [a] court that there could be a *substantial* doubt on this issue of law," certification is not

---

[4] *See, e.g., In re Facebook, Inc., IPO Securities and Derivative Litigation*, 986 F. Supp. 2d at 484; *Marlin v. United States Trustee*, 333 B.R. 14, 21 (W.D.N.Y. 2005); *Wausau Business Insurance Co. v. Turner Construction Co.*, 151 F.Supp.2d 488, 492 (S.D.N.Y. 2001); *Scott v. The Dime Savings Bank of New York,* 1993 WL 350046 at *1 (S.D.N.Y. Sept. 3, 1993).

warranted." *Shipping Corp. of India, Ltd. V. Am. Bureau of Shipping*, 752 F. Supp. 173, 175 (S.D.N.Y 1990).

Here, Defendants provide only the same arguments they relied on in their motion to dismiss—arguments that this Court has "already considered and [properly] rejected." Order Den. Writ of Mandamus at 4, *In re Kirstjen M. Nielsen, Sec'y of Homeland Sec.*, No. 17-3345 (2d Cir. Dec. 27, 2017), ECF No. 172.  Although Defendants' disagreement with the Court's decision may provide grounds for a regular appeal, such a disagreement has been squarely rejected as a basis for interlocutory review under §1292(b). *See, e.g.*, *Wausau Bus. Ins. Co. v. Turner Construction Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) ("A mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion. . . ").

1. **There is no split of authority regarding justiciability**

As before, Defendants have not demonstrated any "split of authorities" on the issues raised in their certification motion.  *In re Air Crash at Georgetown, Guyana on July 30, 2011*, 33 F. Supp. 3d 139, 156 (E.D.N.Y. 2014).

a. Defendants fail to establish a split of authority regarding whether Plaintiffs States' APA claims are judicially reviewable

In their motion for interlocutory appeal, Defendants do not identify any authority rebutting the "strong presumption" that Plaintiff States' APA claims are judicially reviewable. *Salazar v. King*, 822 F.3d 61, 75 (2d Cir. 2016). Instead, Defendants simply rehash their argument that *Heckler v. Chaney*, 470 U.S. 821 (1985) supports a finding of unreviewability. This Court has already (correctly) rejected that argument, and for the reasons discussed above (*supra* p.9). Defendants cannot rely on the same cases raised in their original motion to dismiss to establish a substantial ground for difference of opinion. *See also Ralph Oldsmobile Inc. v. G.M. Corp.*, No. 99 Civ. 4567 (AGS), 2001 WL 55729, at *4 (S.D.N.Y. Jan. 23, 2001) (finding party did not

establish substantial ground for difference of opinion where they "offer[ed] only cases that the Court has already deemed distinguishable and unpersuasive").

As this Court has already observed (*see* Order of Garaufis, J., Den. Defs.' F.R.C.P. 12(b)(1) Mot. to Dismiss at 24, Nov. 9, 2017, ECF. No. at 24), *Chaney* involved the wholly different question of whether an agency's decision *not to* take enforcement action against a particular entity was reviewable. The Supreme Court's analysis of that question has no bearing on Defendants' termination of DACA, which suddenly made hundreds of thousands of people *subject to agency enforcement*.  Defendants may not rely on a case that is so readily "distinguishable on its facts" to establish a substantial ground for difference of opinion under 1292(b). *In re Air Crash at Georgetown, Guyana on July 30, 2011*, 33 F. Supp. 3d at 156.

This Court also properly found that *Chaney* was additionally inapposite because Plaintiff States are not challenging Defendants' exercise of discretion in enforcement decisions, but rather Defendants' wholesale termination of DACA, which significantly curtailed or eliminated "DHS's ability to exercise prosecutorial discretion with respect to individuals previously eligible to request deferred action." *See*  ECF. No. 104 at 24.

 And even if the Court were to accept Defendants' position that they retain the discretion to grant deferred action to DACA recipients on an individualized basis—despite the Termination Memo's clear language to the contrary, *see* Termination Memo, ECF 55-74 at 4—the Second Circuit has previously found discretionary immigration decisions reviewable under the APA, *see Noel v. Chapman*, 508 F.2d 1023, 1029 (2d Cir. 1975). This is especially so in cases, such as this one, in which plaintiffs allege that the immigration decision was based on "invidious discrimination against a particular race or group or . . . other considerations that Congress could not have intended to make relevant." *Wong Wing Hang v. Immigration and Naturalization Serv.*,

360 F.2d 715, 719 (2d Cir. 1966) (internal citation omitted). Accordingly, Second Circuit authority provides further support for the Court's decision, rather than substantial grounds for a difference of opinion.

Similarly, this Court has already considered and found unpersuasive Defendants' argument "that an agency's discretionary determination is not reviewable simply because 'the agency gives a reviewable reason for otherwise unreviewable action[.]'" ECF. No. 184-1 at 13. As the Court explained in its November 9 Order "[w]hile it may be true that a presumptively unreviewable decision does not become subject to judicial review simply because the decisonmaker expresses a 'reviewable' rationale,' . . . the decision to rescind the DACA program was not inherently such a decision . . . ." *See* Order of Garaufis, J., Den. Defs.' F.R.C.P. 12(b)(1) Mot. to Dismiss at 23, Nov. 9, 2017, ECF. No. 104. Although Defendants disagree with this Court's conclusion that there is law to apply, Defendants cite *no* contrary authority to support their argument. "A mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion[.]" *Wausau Business Ins. Co.*, 151 F. Supp. 2d at 491.

Along similar lines, in the absence of any conflicting caselaw, Defendants' bare disagreement with this Court's conclusion that *Lincoln v. Vigil*, 508 U.S. 182, 195-98 (1993) supports the existence of jurisdiction to decide Plaintiff States' procedural APA claims—even if §701(a)(2)[5] bars review of Plaintiff States' substantive APA claim—does not provide a basis for §1292(b) relief. Further, Defendants fail to acknowledge that this Court also referenced *N.Y.C. Employees' Ret. Sys. v. SEC*, 45 F.3d 7, 11 (2d Cir. 1995) for this same point. In *N.Y.C. Employees' Ret. Sys.*, the Second Circuit held that although a substantive APA challenge to an agency non-enforcement action was presumptively unreviewable under *Chaney*, courts nonetheless had

---

[5] "This chapter applies, according to the provisions thereof, except to the extent that . . . agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

jurisdiction to review plaintiffs' procedural APA claim. Second Circuit precedent thus squarely supports this Court's decision on APA reviewability[6]

    b. <u>Defendants fail to identify any authority holding that 8 U.S.C. § 1252(g) would bar review of the type of APA claims that Plaintiff States bring here</u>

As this Court held in its November 9 Order, Plaintiffs States' challenge to the termination of DACA does not trigger the INA's jurisdiction-stripping provision because that termination is not an action to "commence proceedings, adjudicate cases, or execute removal orders against any alien," 8 U.S.C. § 1252(g). Defendants cannot show that there are any substantial reasons to doubt the correctness of this Court's ruling, which "comports with both the plain meaning of the statute and with the Supreme Court's decision in *AAADC*." ECF. No. 104.

Indeed, Defendant's argument that Section 1252(g) encompasses challenges to the decision to end the DACA program—because the denial of continued deferred action is a necessary "ingredient to the commencement of enforcement proceedings at some future date," ECF No. 184-1 at 14—is wholly inconsistent with *AAADC*. As the Supreme Court held in that case, a mere connection to an action named in Section 1252(g) does not destroy jurisdiction. *See AAADC*, 525 U.S. at 482; ECF. No. 104 at 30.

In their strained attempts to delay the judicial review process, Defendants only cite to *one* other case on this issue, which is inapposite and in any event not controlling precedent.[7] *See* ECF. No. 184-1 at 13, citing *Botezatu v. I.N.S.*, 195 F.3d 311 (7th Cir. 1999). In that case, the Seventh Circuit found that Section 1252(g) barred judicial review of an agency's decision to deny

---

[6] Defendants' claim that the termination of DACA is a statement of policy exempt from notice and comment rulemaking is a merits argument that will be adjudicated upon the Court's resolution of Defendants' 12(b)(6) motion. It has no bearing on the jurisdictional arguments that were the basis for the Court's November 9 Order.

[7] *See Bilello v. JPMorgan Chase Ret. Plan*, 603 F. Supp. 2d 590, 594-95 (S.D.N.Y. 2009) (denying certification even where one other judicial opinion presented a difference of opinion); *Maggies*, 351 F. Supp. 2d at 54 (this Court is "under no obligation to adhere to a differing view by a coordinate jurisdiction").

humanitarian parole or deferred action to one individual who was challenging a decision related to the denial of his request for deferred action in *post-deportation proceedings*. 195 F.3d at 314. As Plaintiff States have repeatedly stated and this Court has recognized, this is precisely the type of action governed by Section 1252(g) and contemplated by the Supreme Court in *AAADC*—and is readily distinguishable from the government's decision to terminate a nationwide deferral program affecting 800,000 individuals. *See* ECF. No. 104.

As Defendants have failed to show any grounds for disagreement with the Court's analysis on justiciability—much less the substantial grounds required by 28 U.S.C. § 1292(b)—the Court should deny certification.

### 2. Questions concerning this Court's jurisdiction over Plaintiffs' APA claims do not present particularly difficult legal questions

Defendants also fail to demonstrate why the issues involved in this Court's November 9 Order are "particularly difficult," ECF No. 18-1 at 5-6. Although Defendants' decision to terminate DACA and work authorization eligibility for nearly one million people has limited *factual* precedent, the APA reviewability issues addressed in this Court's November 9, 2017 Order are routinely litigated. *See, e.g., NYC Employees' Ret. Sys. v. S.E.C.*, 45 F.3d 7, 11-12 (2d Cir. 1995) (court finding agency action reviewable); *Noel v. Chapman*, 508 F.2d at 1029 (holding court had jurisdiction to review agency exercise of discretion); *Nwozuzu v. United States*, 2015 WL 4865772 at *4-5 (S.D.N.Y. 2015) (finding 8 U.S.C. 1252(g) does not bar judicial review of plaintiff's claim).[8]

---

[8] The instant matter is thus readily distinguishable from *The Republic of Colombia v. Diageo North America Inc.*, where this Court certified interlocutory review of its 145 page order resolving significant and novel doctrines under the Racketeer Influenced and Corrupt Organizations Act for which there were very few decisions. 619 F. Supp. 2d 7, 11 (E.D.N.Y. 2007); *see also id.* (acknowledging that "it would be very unusual for this court to issue an Order that is 145 pages if no novel and difficult questions were presented.").

Further, in a case with substantially similar facts, the Fifth Circuit has already held  that  §

701(a)(2) and 8 U.S.C. § 1252(g) do not bar judicial review of an executive immigration policy

outlining eligibility for deferred action and accompanying benefits on a categorical basis. *Texas v.*

*United States*, 809 F.3d 134, 164-70 (5th Cir. 2015), *aff'd by an equally divided court sub nom,*

*U.S. v. Texas*, 136 S. Ct. 2271 (2016).[9]

### III. CERTIFICATION OF THE COURT'S NOVEMBER 9 ORDER WILL NOT MATERIALLY ADVANCE THIS LITIGATION.

Lastly, this Court should deny Defendants' request for certification because Defendants

have failed to establish that an interlocutory appeal of the November 9 Order will not "materially

advance the ultimate termination of the litigation." 28 U.S.C. §1292(b). This requirement promotes

judicial efficiency by avoiding "piecemeal appeals." *Harriscom Svenska AB v. Harris Corp.*, 947

F.2d 627, 631 (2d Cir. 1991). And here, certification will waste judicial resources because this

Court will soon issue an immediately appealable order that will bring up for appellate review all

the same justiciability issues that Defendants seek to certify. *See, e.g.*, *Redhead v. Conference of*

*Seventh-Day Adventists*, 566 F. Supp. 2d 125, 139 (E.D.N.Y. 2008); *Jacques v. DiMarzio, Inc.*,

216 F. Supp. 2d 139, 145 (E.D.N.Y. 2002).

According to the litigation schedule set by this Court, final briefing on Plaintiff States'

motion for preliminary injunction and on Defendants' motion to dismiss on the merits is due by

January 13, 2018, and a hearing on these issues is scheduled for January 18, 2018. Certifying an

interlocutory appeal at this stage is thus unnecessary and wastefully duplicative, because the

Second Circuit will likely soon be presented with an appeal from this Court's disposition of those

---

[9] In fact, Defendants rely heavily on this precise case to support their claim that the termination of DACA was necessary to avoid litigation risk. If substantial authority existed to support the Defendants' argument that Executive Branch decisions regarding large-scale deferred action programs are non-justiciable, that would place the veracity of their litigation risk rationale for terminating DACA in serious question.

motions. This is precisely the type of "piecemeal appeal[]," *Harris Corp.*, 847 at 631, that undermines judicial efficiency.

In addition, appeals of issues that are not dispositive of the whole case, and that will only delay final judgment, do not advance ultimate termination.[10] Here, Defendants seek to appeal issues that will not result in disposition of this entire case. Specifically, the November 9 Order relates only to the justiciability of Plaintiffs States' statutory claims. It does not impact Plaintiff States' separate claim that Defendants' conduct violated the Equal Protection guarantee of the United States Constitution, which Defendants have not challenged as nonjusticiable. As a result, it is impossible for Defendants' appeal to result in the ultimate termination of this litigation. At least one issue will remain to be litigated and likely appealed regardless of any decision on interlocutory appeal. *See Isra Fruit Ltd. v. Agresxco Agr. Export Co.*, 804 F.2d 24, 25-26 (2d Cir. 1986) (denying a motion for interlocutory appeal because even if the statutory claims were eliminated, the constitutional claims largely overlapped and would survive an interlocutory appeal).

In sum, Defendants' failure to satisfy the material advancement prong is fatal to their motion and the Court should therefore reject Defendants' request for certification to file an interlocutory appeal.

### IV. THIS COURT SHOULD DENY DEFENDANTS' MOTION TO STAY COMPLETION OF THE ADMINISTRATIVE RECORD AND DISCOVERY PENDING RESOLUTION OF "INTERLOCUTORY APPEAL PROCEEDINGS."

Even if this Court decides to grant Defendants' request for certification, the Court should still deny Defendants' motion to stay completion of the administrative record and discovery until

---

[10] *Jacques* at 145 (E.D.N.Y. 2002) (rejecting certification of appeal where appeal sought dismissal of only federal claims and would not dispose of remaining state law claims); *U.S. ex rel. Mikes v. Straus*, 939 F. Supp. 301, 302 (S.D.N.Y. 1996) (rejecting certification of appeal where appeal did not seek dismissal of all claims).

the resolution "of such interlocutory appeal proceedings."[11] Defs.' Mot. for Interloc. Appeal, ECF No. 184-1 at 14. The Second Circuit indicated that a stay of discovery *may* be appropriate while Defendants "pursue" an interlocutory appeal, but did not conclude that completion of the administrative record should be stayed or that a stay should be in place through the pendency of the appeal itself, if certification is granted. *See* Order Den. Writ of Mandamus at 4, *In re Kirstjen M. Nielsen, Sec'y of Homeland Sec.*, No. 17-3345 (2d Cir. Dec. 27, 2017), ECF. No. 172. And under the particular circumstances presented here, any such stay should be denied because Defendants have failed to meet their burden to establish "a clear case of hardship or inequity in being required to go forward." *See United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014).

A continuation of discovery and completion of the administrative record would not be overly burdensome for Defendants.[12] First, Defendants have known of their obligation to complete the administrative record since October 19, 2017, and have thus had more than ample time to review the responsive documents in their position. *See* Order of Garaufis, J. (Oct. 19, 2017), ECF. No. 66; Order of Orenstein, M.J. (Dec. 28, 2017), ECF. No. 182. Second, by Defendants' own admission, their potential discovery burdens amount to far *less than* the "1 million collected documents," referenced in their certification motion. *See* Order Den. Writ of Mandamus at 4, *In re Kirstjen M. Nielsen, Sec'y of Homeland Sec.*, No. 17-3345 (2d Cir. Dec. 27, 2017), ECF. No. 172. Indeed, as the Second Circuit observed, "[a]t oral argument" on Defendants' mandamus petition, "the Government conceded that the number of documents covered by the order, as

---

[11] As represented to the Court in Plaintiff States' letter, ECF. No. 187, Plaintiff States have already consented to a stay of completion of the administrative record and discovery until this Court's resolution of the instant certification motion. However, Plaintiff States interpret Defendants' use of the word "proceedings" to mean that Defendants are requesting a stay for an indefinite or prolonged time period that would extend beyond this Court's resolution of the instant motion to certify.

[12] Plaintiff States have thus far noticed no depositions.

modified, is approximately 20,000, a far smaller number than the Government's papers led this Court to believe." *Id.*; *see also* Oral Argument at 19:45 – 19:54, *In re Kirstjen M. Nielson, Sec'y of Homeland Sec.*, No. 17-3345, *available at* http://www.ca2.uscourts.gov/decisions.

Third, Defendants have admitted that since commencement of discovery, they have been reviewing documents on a "rolling" basis. In fact, Defendants have produced documents in the Northern District of California, which they have not produced in this matter—rendering their arguments regarding their burdens in production completely inaccurate. *See* Defs.' Mot. to Stay Discovery, Oct. 18, 2017, ECF. No. 64; Defs.' Mandamus Pet. at 11-12, *In re Kirstjen M. Nielsen, Sec'y of Homeland Sec.*, No. 17-3345 (2d Cir. Dec. 27, 2017), ECF. No. 33. Finally, Defendants can address any specific objections to particular discovery or disclosure requests, at the bi-weekly discovery conferences set up by this Court in anticipation of such disputes—the next of which will be held on January 8, 2018.[13] The January 8 conference provides an opportunity for the Court to set a new deadline for Defendants to complete production of the administrative record. Plaintiff States are amenable to working out a reasonable discovery production schedule in advance of the conference.

In contrast, a further stay of completion of the administrative record and discovery would be prejudicial to Plaintiff States. The longer that Defendants are able to delay providing the complete record that the relevant agencies considered here, the longer this Court will be "impede[d]...from conducting the 'thorough, probing, in-depth review' of the agency action with which is tasked." Order Den. Writ of Mandamus at 2 (quoting *Citizens to Preserve Overton Park,*

---

[13] This Court has also acted to address Defendants' objections to discovery throughout this litigation. *See* Order Den. Writ of Mandamus at 4, *In re Kirstjen M. Nielsen, Sec'y of Homeland Sec.*, No. 17-3345 (2d Cir. Dec. 27, 2017), ECF. No. 172 ("Moreover, in order to accommodate the Government's concerns, the District Court three times modified the magistrate judge's discovery order, the first time by extending the deadline, the second time by limiting the order's scope to documents before the Department of Justice and the Department of Homeland Security, and the third time by limiting it to documents considered by then-Acting Secretary Duke or Attorney General Jefferson B. Sessions or their 'first-tier subordinates—i.e., anyone who advised them on the decision to terminate the DACA program'").

*Inc. v. Volpe*, 401 U.S. 402, 415 (1971)), *In re Kirstjen M. Nielsen, Sec'y of Homeland Sec.*, No. 17-3345 (2d Cir. Dec. 27, 2017), ECF. No. 172 .

When considering whether to grant a stay, "the basic goal is to avoid prejudice." *See Laumann v. Nat'l Hockey League*, 2013 WL 837640, at *2 (S.D.N.Y. 2013) (internal citation omitted). Meaningful judicial review of the termination of DACA is a matter of great public interest and any delay of resolution due to a stay of discovery or a grant of certification, would be in conflict with that interest. *See In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 145 (S.D.N.Y. 2007) (noting that "substantial delay is a likely consequence of interlocutory appeal at this stage in the litigation" and that "[s]uch a delay would be unconscionable," where there is "intense public interest in reaching an expeditious resolution to this litigation").

Accordingly, a stay of completion of the administrative and discovery also should be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff States respectfully request that the Court deny Defendants' Motion for Certification of this Court's November 9, 2017 Order for Interlocutory Appeal and deny their Motion for Stay of Discovery and Completion of the Administrative Record beyond the resolution of the instant motion.

DATED: January 3, 2018

ERIC T. SCHNEIDERMAN

Attorney General of the State of New York

*Of Counsel:*

By:   */s Lourdes M. Rosado*

David Frankel
Assistant Solicitor General

          Lourdes M. Rosado, Bureau Chief
          Brooke Tucker, Assistant Attorney
          General*
          Sania Khan, Assistant Attorney General
          Diane Lucas, Assistant Attorney General
          Ajay Saini, Assistant Attorney General
          Alex Finkelstein, Volunteer Assistant
          Attorney General
          Civil Rights Bureau
          Office of the New York State Attorney
          General
          120 Broadway, 23rd Floor
          New York, NY 10271
          Lourdes.Rosado@ag.ny.gov
          Sania.Khan@ag.ny.gov
          Diane.Lucas@ag.ny.gov
          Ajay.Saini@ag.ny.gov
          Tel. (212) 416-6348
          Fax (212) 416-8074

          *admission pending*

**MAURA HEALEY**
Attorney General for the Commonwealth of
Massachusetts

**BOB FERGUSON**

Attorney General of the State Washington

By:   */s Abigail B. Taylor*
          Jonathan B. Miller
          Genevieve C. Nadeau (*pro hac vice*)
          Abigail B. Taylor (*pro hac vice*)
          Assistant Attorneys General
          Office of the Attorney General
          One Ashburton Place
          Boston, MA 02108
          Jonathan.Miller@state.ma.us
          Genevieve.Nadeau@state.ma.us
          Abigail.Taylor@state.ma.us
          Tel. (617) 727-2200

By:   */s/ Robert W Ferguson*

          Robert W. Ferguson (*pro hac vice*)
          Attorney General
          Colleen M. Melody (*pro hac vice*)
          Civil Rights Unit Chief
          Marsha Chien (*pro hac vice*)
          Assistant Attorney General
          Office of the Attorney General
          800 Fifth Avenue, Suite 2000
          Seattle, WA 98104
          ColleenM1@atg.wa.gov
          MarshaC@atg.wa.gov
          Tel. (206) 464-7744