**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTÍN JONATHAN BATALLA VIDAL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br> Defendants. | No. 16-cv-4756 (NGG) (JO) |
| STATE OF NEW YORK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | No. 17-cv-5228 (NGG) (JO) |

**<u>REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR CERTIFICATION OF THIS
COURT'S NOVEMBER 9, 2017 ORDER FOR INTERLOCUTORY APPEAL AND
MOTION FOR STAY</u>**

## INTRODUCTION

The Supreme Court has identified the appropriate procedures to be followed in district court litigation concerning the rescission of the 2012 policy known as DACA, or Deferred Action for Childhood Arrivals. In response to the Government's mandamus petition to halt the supplementation of the administrative record and burdensome discovery sought by Plaintiffs in the Northern District of California, the Supreme Court stated that a district court should "consider certifying [its ruling on the Government's threshold justiciability issues] for interlocutory appeal under 28 U.S.C. § 1292(b)." *In re United States*, 138 S. Ct. 443, 445 (2017) (per curiam). Although this Court "already considered and rejected these threshold arguments," the Second Circuit acknowledged that "the Government has the right to ask the District Court to certify its ruling for interlocutory appeal." *In re Kirstjen M. Nielsen, Sec'y of Homeland Sec.*, No. 17-3345, Order at 4 (2d Cir. Dec. 27, 2017), ECF No. 172 (citation omitted).

Following the Supreme Court's and Second Circuit's guidance, on December 28, 2017, the Government moved for certification of this Court's November 9, 2017 order rejecting its threshold justiciability arguments for interlocutory appeal. (*See* No. 16-cv-4756, ECF. No. 219). Plaintiffs nevertheless argue that Section 1292(b) certification is inappropriate, claiming that it would not materially advance the resolution of the case because this Court's impending decision on Plaintiffs' motions for injunctive relief will itself be appealable. Plaintiffs' own argument underscores why this Court should grant the Government's motion to stay record supplementation and discovery. If this Court grants the preliminary injunction on the existing record, there will be no need for supplementation of the administrative record or continued discovery while the Government appeals on both its threshold justiciability arguments and the merits of the preliminary injunction. Likewise, if this Court denies Plaintiffs' request for a preliminary injunction, there will be no need

for supplementation or discovery while Plaintiffs appeal, given that the appeal would be based on the existing record before this Court.

Even if this Court rejects the Government's request for a stay pending resolution of Defendants' motions to dismiss and Plaintiffs' motions for injunctive relief, it should still find that § 1292(b) certification is appropriate and stay record supplementation and discovery pending the resolution of these proceedings. *See In re Kirstjen M. Nielsen*, No. 17-3345, Order at 4 (recognizing the propriety of such a stay). Certification of this Court's order is appropriate under § 1292(b) because the Government's threshold justiciability arguments involve controlling questions of law; there are substantial grounds for disagreement with this Court's resolution of those questions; and reversal of this Court's decision would materially advance the termination of the litigation. In particular, the Second Circuit's reversal of this Court's November 9, 2017 decision would significantly narrow the scope of the case, especially with respect to the claims for which Plaintiffs contend that supplementation of the administrative record and discovery are necessary. Plaintiffs' arguments to the contrary are fatally flawed, and fail to acknowledge important aspects of the standard for granting § 1292(b) certification.

Moreover, a stay of discovery and record supplementation until the resolution of these § 1292(b) proceedings or until the Court resolves the case on the existing record will not prejudice Plaintiffs. Despite repeatedly insisting that supplementation of the administrative record was critically time-sensitive and of the utmost importance to the timely resolution of this litigation, Plaintiffs now sing a different tune:  At a meet-and-confer on December 28, 2017, Plaintiffs refused to consent to any stay, but in their December 30, 2017 filing, they informed the Court that they consent to a stay pending resolution of Defendants' motion for certification of interlocutory appeal. (No. 16-cv-4756, ECF No. 221). And now, in opposition to Defendants' motion (and the

2

accompanying request for a stay), the *Batalla Vidal* Plaintiffs explicitly *concede* what Defendants have argued for months: that their "motion for a preliminary injunction does not turn on the contents of the administrative record." (No. 16-cv-04756, ECF No. 226 at 11 n.5).

Given that reality, there simply is no need for immediate supplementation of the administrative record—let alone discovery *outside* of the record—to inform this Court's decision on the merits before March 5, 2018 (even if there were any legal basis for such supplementation or discovery). The same is true of Defendants' motions to dismiss, which can and should be granted or denied on the pleadings alone. *A fortiori*, there is no prejudice to Plaintiffs by a stay of discovery and record supplementation pending the resolution of interlocutory appeal proceedings or until a ruling on Defendants motions to dismiss and Plaintiffs' motions for injunctive relief. That approach would not only be consistent with directions from the U.S. Supreme Court and the Second Circuit, but it would also avoid needless further ancillary litigation over the scope of the record, all of which is likely to be mooted—in either direction—by this Court's imminent resolution of the merits or the Second Circuit's reversal of this Court's decision on the Government's threshold justiciability arguments. Should this Court decline to enter the requested stay of record supplementation and discovery, the Government would have no choice but to seek mandamus from the Supreme Court and thus, at a minimum, the Government seeks a stay pending the Supreme Court's consideration of that petition.

## **ARGUMENT**

I. **IRRESPECTIVE OF THE COURT'S RULING ON DEFENDANT'S MOTION TO CERTIFY, THE COURT SHOULD STAY RECORD SUPPLEMENTATION AND DISCOVERY UNTIL IT RESOLVES THE MOTIONS BEFORE IT.**

The Court has the "inherent" power to "control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). For the reasons set forth above, as well as those set

forth herein, the Court should issue a stay until ruling on Defendants' motions to dismiss or Plaintiffs' motions for injunctive relief, particularly given that the hearing on these motions is only two weeks away and that a ruling on Plaintiffs' motions will be appealable in either direction. At a minimum, the Court should stay proceedings pending the resolution of these § 1292(b) proceedings. Plaintiffs' arguments that such a stay is inappropriate are unavailing.

Plaintiffs' contention that "a continuation of discovery and completion of the administrative record would not be overly burdensome for Defendants," (No. 17-cv-5228, ECF No. 193, at 17), misunderstands the nature of supplementing the administrative record and ignores the effect of the prior stays in this litigation. Plaintiffs argue that "Defendants have known of their obligation to complete the administrative record since October 19, 2017, and have thus had more than ample time to review the responsive documents in their [possession]." *Id.* The obligation to compile the administrative record, however, was stayed by the Second Circuit from October 20, 2017 to December 27, 2017, and then stayed again by this Court from December 30, 2017 through the present. In seeking a stay, Defendants did not simply seek relief from the *disclosure* of documents. Instead, Defendants also sought relief from the enormous burden associated with the *review* of documents on an extremely expedited time-frame in order to comply with the Court's broad definition of a supplemented record.[1]

In that regard, Plaintiffs understate the burdens associated with compiling a supplemented record. Initially, Defendants undertook an enormous collection of documents across the Department of Homeland Security and the Department of Justice in order to be prepared to respond

---

[1] Plaintiffs state that "this Court has instructed Defendants to work on completing the log pending the outcomes of the mandamus petitions," (No. 16-cv-4756, ECF No. 226 at 10) (citation omitted), but identify no language in any court order supporting this statement. To the extent that Plaintiffs rely on Magistrate Judge Orenstein's order of December 28, 2017, ECF No. 217, any obligations from that order were stayed by Judge Garaufis on December 30, 2017.

to Plaintiffs' discovery requests here and in the Northern District of California.  Defendants, of course, dispute the propriety of discovery generally, and many of these discovery requests specifically, but nevertheless attempted to comply to the best of their abilities until they received a stay (or any objections were otherwise resolved). Moreover, responding to discovery proceeded in tandem with attempts to comply with Court orders regarding the administrative record, requiring differing review standards for the proposed, supplemented administrative record versus discovery generally. At the same time, Defendants were litigating similar record and discovery issues in the Northern District of California. And because the reviews implicated the most senior DHS and DOJ officials and involved internal agency deliberations, extensive privilege issues arose.[2] If discovery or record supplementation were to resume, the Government would be required to bear these costs.

The *Batalla Vidal* plaintiffs now admit that none of this was or is necessary.  There is therefore no prejudice to Plaintiffs by granting Defendants' requested stay, as discovery and supplementation of the administrative record are not necessary for the Second Circuit to review this Court's November 9, 2017 Order or for this Court to resolve Plaintiffs' motion for a preliminary injunction  before March 5, 2018.

## II.     THE COURT SHOULD GRANT CERTIFICATION FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b).

Even if the Court does not grant a stay pending the resolution of the motions before it, the Court should follow the suggestion of the Supreme Court and Second Circuit by certifying its

---

[2] Plaintiffs' argument that "Defendants have produced documents in the Northern District of California, which they have not produced in this matter—rendering their arguments regarding their burdens in production completely inaccurate," misstates the facts. (No. 17-cv-5228, ECF No. 193) (citation omitted). Defendants were ordered by Judge Alsup to provide the documents identified on the Government's privilege log to the court for *in camera* review. Notably, the Supreme Court granted certiorari on that issue and ordered that the documents provided to the court may not be disclosed absent further briefing. In fact, Defendants have not yet responded to the Northern District of California Plaintiffs' discovery requests at all.

November 9, 2017 Order for interlocutory appeal and granting a stay pending the resolution of these proceedings. Certification of this Court's order is appropriate because: (1) it involves "controlling question[s] of law"; (2) there is a "substantial ground for difference of opinion" on those questions; and (3) an immediate appeal will "materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). As the Supreme Court recently indicated, Defendants' threshold justiciability arguments are precisely the type of issues contemplated by § 1292(b). *In re United States*, 138 S. Ct. at 445.

### A.     Defendants' Motion Was Not Unreasonably Delayed.

Plaintiffs make much of the fact that the Government filed its motion for interlocutory appeal seven weeks after the issuance of this Court's order rejecting the Government's threshold justiciability arguments. (*See, e.g.*, No. 17-cv-5228, ECF No. 193, at 4-7). However, "neither § 1292(b) nor Federal Rule of Civil Procedure 5(a), which governs petitions for permission to appeal, specify a time in which a party must move for the order itself to be certified for interlocutory appeal." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008). Instead, courts consider what is "reasonable" on the facts of the case. *See id*. As here, when "certification . . . will not result in any significant prejudice," delays as long as sixteen weeks, more than twice the length of time at issue here, have been considered reasonable. *See Crossland Fed. Sav. Bank v. Tulip Realty Assocs.*, No. 92 cv 1632, 1995 WL 87358 at * 3 (E.D.N.Y. Feb. 16, 1995) (noting the district court's "substantial discretion over the certification decision"). Any "delay" in this case is attributable to Defendants' filing of a petition for a writ of mandamus with the Second Circuit. Within twenty-four hours of the Second Circuit's acknowledgement of the Supreme Court's suggestion that a § 1292(b) motion was the proper procedure, Defendants moved for certification for interlocutory appeal. Moreover, even if this Court were inclined to agree with Plaintiffs' characterization of the Government's delay, the Court

6

need not deny the Government's motion as "unreasonably late," (*see* No. 17-cv-5228, ECF 193 at 4), but instead should "weigh[]" the Government's timing along with the other factors militating in favor of § 1292(b) certification as set forth *infra*, *see Century Pac.*, 574 F. Supp. 2d at 371.

### B. Defendants Have Identified Two Controlling Questions Of Law.

Defendants seek to certify two questions for interlocutory review: (1) whether or not the rescission of DACA was a decision "committed to agency discretion by law;" and (2) whether or not the Immigration and Nationality Act ("INA") deprives federal district courts of jurisdiction over challenges to the Rescission Policy. While the *Batalla Vidal* plaintiffs do not contest that the Government has identified controlling questions of law, the *State of New York* plaintiffs ignore the effects that reversal of this Court's order would have on the litigation. The Second Circuit explicitly held that "the resolution of an issue need not necessarily terminate an action in order to be 'controlling.'" *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) (citation omitted). Rather, questions of law are "controlling" when reversal of the lower court's order would either "result in dismissal, 'significantly affect the conduct' of the case, or have 'precedential value for a large number of cases.'" *Ryan, Beck & Co. v. Fakih*, 275 F. Supp. 2d 393, 396 (E.D.N.Y. 2003) (quoting *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 226 (S.D.N.Y 2000)).

Here, Plaintiffs argue that their equal protection claim is "unquestionably reviewable by this Court," regardless of whether the Second Circuit reverses this Court's decision on the justiciability issues. (No. 17-cv-5228, ECF No. 193, at 8). As a threshold matter, Plaintiffs' equal protection claim would not survive the Second Circuit's determination that the INA bars judicial review of the Rescission Policy. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 474 (1999) (applying § 1252(g) to First and Fifth Amendment challenges). But even if Plaintiffs'

equal protection claim was to survive, the dismissal of Plaintiffs' statutory claims would sufficiently "affect the conduct" of the case to be considered "controlling" for the purposes of § 1292(b) review. In contrast to Plaintiffs' statement that "the appeal is not 'likely to save the Court or the parties any time or money,'" (No. 17-cv-05228, ECF No. 193, at 8) (quoting *Chevron Corp. v. Donziger*, No. 11 Civ. 0691, 2013 WL 98013, at *3 (S.D.N.Y. Jan. 7, 2013), dismissal of Plaintiffs' APA claims would moot the ongoing dispute over the scope of the administrative record. Moreover, as Defendants argued in their motion to dismiss, discovery on Plaintiffs' equal protection claim is inappropriate under *United States v. Armstrong*, 517 U.S. 456 (1996). (*See* No. 17-cv-5228, ECF No. 71-1, at 30-31).

### C.    Substantial Grounds For Difference Of Opinion Exist With Respect To the Controlling Questions Of Law.

Plaintiffs' arguments that Defendants have not identified substantial grounds for difference of opinion set the bar too high. Defendants need not convince the Court that its underlying decision was incorrect. Rather, the standard "may be met where there is substantial doubt that the district court's order was correct; where there is conflicting authority on the issue; or where the issue is particularly difficult and of first impression for the Second Circuit." *Goldberg v. UBS AG*, 690 F. Supp. 2d 92, 103 (E.D.N.Y. 2010) (internal citations omitted). As a threshold matter, Defendants have identified conflicting Supreme Court precedent for both the issue of whether the decision to rescind the DACA policy was committed to agency discretion by law, as well as whether the INA bars judicial review of then-Acting Secretary Duke's decision. In the interest of efficiency, Defendants will not belabor their arguments, but hereby incorporate the arguments from their initial motion by reference.

Moreover, irrespective of conflicting authority, substantial grounds for difference of opinion exist when the issues are "difficult and of first impression." *Republic of Colombia v.*

*Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 11 (E.D.N.Y. 2007); *see also Klinghoffer*, 921 F.2d at 25. This bar is met when there are "few decisions considering [the] doctrines" at issue in the case, when the court has "to address significant legal and policy concerns that do not appear to have been considered in other . . . decisions[,]" and when the "novelty and complexity of the issues presented" gives rise to disagreement about their application to the issues at hand. *Diageo*, 619 F. Supp. 2d at 11. There are few, if any, cases that address the Supreme Court precedent identified by Defendants in a context similar to the one at issue in this case. Additionally, as Plaintiffs themselves have consistently recognized, this case presents significant policy concerns and addresses important issues. Particularly given the Supreme Court and Second Circuit's suggestion that certification may be appropriate, the issues in this Court's order are of a type that should be considered on interlocutory appeal.

### D. Reversal Of This Court's Order Would Materially Advance the Disposition Of the Litigation.

Plaintiffs' argument that reversal of this Court's order would not materially advance the disposition of litigation is incorrect for two reasons. First, Plaintiffs mistakenly assume that, because a hearing on Defendants' motions to dismiss and Plaintiffs' motions for injunctive relief is set for January 18, 2018, an appeal would not clarify the issues before this Court. Though the Second Circuit may not issue an opinion before the hearing date, there is no reason to assume that it would not do so before this Court rules on the pending motions before it, given the nature of the issues and the timing of the requested appeal. If such an opinion were to reverse this Court's decision on the justiciability arguments, it would have the effect of dismissing large chunks, if not all, of Plaintiffs claims. That would significantly limit the number of claims to be considered in this Court's forthcoming opinion, and provide valuable guidance in streamlining the Court's opinion. *See Bay Casino, LLC v. M/V Royal Empress*, No. 98 CV 2333(SJ), 1998 WL 566772, at

*3 (E.D.N.Y. Aug. 21, 1998) ("Interlocutory appeals must advance the cause of saving court time.") (citation omitted).

Second, reversal of an order may materially advance the termination of litigation even if it does not terminate all claims if it "clarif[ies] the rights of the parties." *See Maestri v. Westlake Excavating Co.*, 894 F. Supp. 573, 578 (N.D.N.Y 1995) (holding that a decision which would "clarify the rights of the parties or terminate the litigation . . . may materially advance the ultimate termination of the litigation"); *see also Allstate Ins. Co. v. Elzanaty*, No. 11-cv-3862, 2013 WL 2154759, at *5 (E.D.N.Y. May 16, 2013). As explained in Part II.B, *supra*, even if Plaintiffs' equal protection claim is not dismissed by a reversal of this Court's opinion, the narrowed scope of the litigation would save the Court and the parties' time, as well as clarifying the rights of the parties going forward.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Defendants' Motion (No. 16-cv-4756, ECF No. 219), this Court should stay supplementation of the administrative record and discovery pending a determination on Defendants' motions to dismiss and Plaintiffs' motions for injunctive relief. At a minimum, however, the Court should certify its November 9, 2017 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay record supplementation and discovery until the resolution of these interlocutory appeal proceedings. Should the Court decline to enter either of these requested stays, the Government requests a stay pending mandamus to the Supreme Court.

Dated: January 5, 2018                  Respectfully submitted,

                                        CHAD A. READLER
                                        Acting Assistant Attorney General

                                        RICHARD P. DONOGHUE
                                        United States Attorney

                                        BRETT A. SHUMATE
                                        Deputy Assistant Attorney General

                                        JENNIFER D. RICKETTS
                                        Director, Federal Programs Branch

                                        JOHN R. TYLER
                                        Assistant Branch Director

                                        BRAD P. ROSENBERG
                                        Senior Trial Counsel

                                        */s/ Rachael L. Westmoreland*
                                        RACHAEL L. WESTMORELAND
                                        (GA Bar #539498)
                                        STEPHEN M. PEZZI
                                        KATE BAILEY
                                        Trial Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Ave., N.W.
                                        Washington, DC  20530
                                        Tel.:  (202) 514-1280
                                        Fax:  (202) 616-8470
                                        Email: rachael.westmoreland@usdoj.gov

                                        JOSEPH A. MARUTOLLO
                                        Assistant U.S. Attorney
                                        United States Attorney's Office
                                        Eastern District of New York
                                        271-A Cadman Plaza East, 7th Floor
                                        Brooklyn, NY  11201
                                        Tel:  (718) 254-6288
                                        Fax:  (718) 254-7489
                                        Email:  joseph.marutollo@usdoj.gov

                                        *Counsel for Defendants*