STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**ERIC T. SCHNEIDERMAN**
 ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU
LOURDES M. ROSADO, BUREAU CHIEF

January 12, 2018

**BY ELECTRONIC FILING**
The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
Room 1416 S
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   *New York et al. v. Trump et al.,* **17-cv-5228 (NGG) (JO)**

Dear Judge Garaufis:

Plaintiff States write in response to the Court's Order dated January 11, 2018. We respectfully urge the Court to proceed with the oral argument scheduled for January 18, 2018 on Plaintiff States' motion for a preliminary injunction and Defendants' motion to dismiss. As the Court is aware, the March 5, 2018 deadline arbitrarily set by Defendants for the termination of the Deferred Action for Childhood Arrivals ("DACA") program is now a mere seven weeks away. Despite the Court's admonishment that "Defendants should seek expedited consideration of [their] appeal" of this Court's November 9, 2018 Order regarding justiciability, ECF. No. 198 at 9, at the time of this filing Defendants had not yet even filed an application with the Second Circuit. Thus, it is highly unlikely that the Second Circuit will be able to rule on Defendants' certification application *and* subsequent interlocutory appeal in adequate time to allow this Court to hear from the parties on the pending motions and "provide Plaintiffs with any relief to which they are legally entitled," *id.,* after a Second Circuit ruling and still prior to March 5, 2018.

In addition to these practical considerations that weigh in favor of moving forward, there is no legal reason to delay oral argument on the pending motions. The Supreme Court, in remanding the parallel case, *The Regents of the University of California, et al., v. DHS, et al.*, to the lower courts for further proceedings regarding the same threshold justiciability issues that were the subject of this Court's November 9 Order, specifically advised that its "order does not suggest any view on the merits of respondents' claims or the Government's defenses, or that the District Court's rulings on the Government's motion to dismiss and respondents' motion for

preliminary injunction should be delayed." *In re United States*, 138 S. Ct. 443, 445 (2017). Moreover, Plaintiff States are prepared to argue the pending motions on the current record, despite the fact that Defendants have not yet submitted a complete administrative record.

Likewise, the recent preliminary injunction granted in the Northern District of California ("California injunction") is not a reason to delay the January 18, 2018 argument in this case. District Courts regularly move ahead with preliminary injunction proceedings where a nationwide injunction is in place, as demonstrated in recent litigation regarding the administration's "Travel Ban," *See IRAP v. Trump,* 241 F. Supp. 3d, 539, 566 (D. Md. 2017) (district court in Maryland issued nationwide injunction against administration's travel ban *after* another district court in Hawai'i had already issued an injunction), and by injunctions issued by four different district courts against the administration's "Transgender Military Ban." *See* Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss & Granting Pls.' Mot. for Prelim. Injunction, *Karnoski v. Trump*, 2017 WL 6311305 (W.D. Wash. Dec. 11, 2017); *Doe 1 v. Trump*, 2017 WL 4873042 (D.D.C. Oct. 30, 2017); Prelim. Injunction, *Stone v. Trump*, 2017 WL 5589122 (D. Md. Nov. 21, 2017); Order Granting Pls.' Mot. for Prelim. Injunction, *Stockman v. Trump*, 17-cv-1799 (C.D. Cal. Dec. 22, 2017). Indeed, the Department of Justice recently argued in favor of proceeding with a case relating to the "contraceptive mandate," despite the issuance of two nationwide preliminary injunctions. *See* Def. Suppl. Memo at 1 ("[T]he Supreme Court has emphasized the importance of allowing multiple lower courts to consider and rule on legal issues, particularly in cases involving the federal government, so as to assist the Court's own review of important questions of law." *Mass. v. U.S. Dep't of Health & Human Servs.*, 17-cv-11930 (Dec. 22, 2017).

Further, in the Northern District of California matters, Defendants orally advised the court at a status conference yesterday that their current plan is to appeal, but they could not tell the court when within the 60-day appellate window they will make that decision, or whether Defendants will simultaneously seek a stay of that injunction pending appeal. In addition, while the California injunction was based on Judge Alsup's well-supported finding that plaintiffs were likely to succeed on their claim that Defendants' termination of DACA was arbitrary and capricious, in violation of the Administrative Procedure Act ("APA"), Plaintiff States here assert additional claims in their motion for preliminary injunction for this Court's consideration, including procedural APA claims, a Regulatory Flexibility Act claim, and a constitutional equal protection claim. Moreover, Plaintiff States have submitted evidence regarding the harms and equities implicated for them, i.e., 16 States and the District of Columbia, which are not part of the California record or Judge Alsup's order. Appellate review, particularly by the Supreme Court, benefits from a developed record. The compelling facts and data diligently presented by the States should be part of that record. Additionally, Plaintiff States seek provisional relief beyond that granted by the California court, including re-instatement of consideration of initial DACA applications and the program's advance parole feature. In short, Defendants are simply mistaken that a partial injunction, issued in a different circuit, and subject to possible narrowing or alteration on appeal somehow means that there is "no urgent need for resolution of *this* litigation before March 5, 2018." Defs.' Ltr. to Ct. at 1, dated Jan. 11, 2018, ECF. No. 200 (emphasis added).

Finally, Defendants suggest that "it may be prudent for the Court to delay argument on [the pending motions] while [congressional] negotiations continue." ECF. No. 200 at 2. This amounts to a request for an indefinite stay of proceedings pending a resolution that may or may not be reached by a coordinate branch. As events within the last 24 hours alone demonstrate, it would not be prudent for the Court to delay proceedings on the assumption that Congress will reach a timely or complete resolution of the matters raised by the pending motions before the March 5, 2018 deadline.

For the foregoing reasons, it is imperative that this case proceed forward.

Respectfully submitted,

*/s Lourdes M. Rosado*
Lourdes M. Rosado
Bureau Chief, Civil Rights Bureau
New York State Office of the Attorney General
120 Broadway, 23rd Floor
New York, New York 10271
(212) 416-8252 Direct
(212) 416-6030 Fax
E-mail Address: Lourdes.Rosado@ag.ny.gov

*Counsel for Plaintiff States*

cc: Counsel for *Batalla Vidal* Plaintiffs (By ECF)
Counsel for Defendants (By ECF)