**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTÍN JONATHAN BATALLA VIDAL, *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>KIRSTJEN M. NIELSEN, *et al.*,<br><br>   Defendants. | No. 16-cv-4756 (NGG) (JO) |
| STATE OF NEW YORK, *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>DONALD TRUMP, *et al.*,<br><br>   Defendants. | No. 17-cv-5228 (NGG) (JO) |

## **MOTION FOR STAY OF ANSWER DEADLINES PENDING APPEAL**

Defendants respectfully move for a stay of their deadlines to answer the *Batalla Vidal* Plaintiffs' Third Amended Complaint (*Batalla Vidal* ECF No. 113) and the *State of New York* Plaintiffs' Amended Complaint (ECF No. 54)—both currently set for this Thursday, April 12, 2018—pending resolution of the pending appeals in the above-captioned matters. In the alternative, Defendants request a 45-day extension of time. As good cause for this request—which the *State of New York* Plaintiffs do not oppose, and the *Batalla Vidal* Plaintiffs appear to oppose only in part—*see infra* ¶¶ 5-6, Defendants offer the following:

1. On March 29, 2018, the Court granted in part and denied in part Defendants' motions to dismiss the *Batalla Vidal* Plaintiffs' Third Amended Complaint and the *State of New York* Plaintiffs' Amended Complaint. Accordingly, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendants' answer deadline is 14 days from March 29, 2018: that is, this Thursday, April 12, 2018.

2. Defendants currently have two appeals in the above-captioned matters pending before the United States Court of Appeals for the Second Circuit: (1) an interlocutory appeal (pursuant to 28 U.S.C. § 1292(b)) of the Court's November 9, 2017 Memorandum and Order regarding Defendants' jurisdiction and justiciability arguments, and (2) an appeal as of right (pursuant to 28 U.S.C. § 1292(a)(1)) of the Court's February 13, 2018 Memorandum and Order and Preliminary Injunction, which also concerns the Defendants' jurisdictional and justiciability arguments, in addition to plaintiffs' claim that the rescission of DACA was arbitrary and capricious. Briefing is nearly complete before the Second Circuit on the government's appeal of the preliminary injunction, and the Court has issued a notice proposing oral argument for the week of June 25, 2018. Defendants also intend to move to certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), this Court's March 29, 2018 Memorandum and Order, so that all of the key substantive issues in this litigation may be considered promptly and efficiently by the Second Circuit.[1] Depending on the outcomes of those appeals, this litigation may be narrowed significantly, or even terminated entirely.

---

[1] The *State of New York* Plaintiffs reported yesterday that they will not oppose Defendants' forthcoming motion for certification; they instead will "take no position," but will "request an expedited briefing schedule" in the Second Circuit if certification is granted. (Defendants are also amenable to an expedited briefing schedule in the Second Circuit.) The *Batalla Vidal* Plaintiffs will oppose Defendants' motion for certification. Defendants will address 1292(b) certification in greater detail in their forthcoming motion, to be filed shortly.

3. In the interest of efficiency and judicial economy, Defendants respectfully request that their answer deadlines be stayed pending resolution of the pending appeals in these matters (including pending any additional interlocutory appeal certified pursuant to 28 U.S.C. § 1292(b), should this Court grant Defendants' forthcoming motion for certification and should the Second Circuit accept such a certified appeal; and also pending disposition of any petitions for a writ of certiorari). *See, e.g.*, *United States ex rel. Wood v. Allergan, Inc.*, No. 10-cv-5645, 2017 WL 1843288, at *2 (S.D.N.Y. May 4, 2017) ("[A]s the Court sees little reason to proceed until the Second Circuit resolves whether to accept the case for interlocutory review (and, if it does, until the Circuit rules on appeal), the case is stayed until [the defendant's] time to file a notice of interlocutory appeal lapses or, if it does file a notice of interlocutory appeal, until the Second Circuit either declines to grant interlocutory review or resolves the case on appeal.") (Furman, J.)

4. Plaintiffs will suffer no prejudice from this modest relief.  Indeed, Plaintiffs now benefit greatly from maintaining the status quo in this litigation, now that this Court has entered a preliminary injunction that currently provides them substantially all of the relief that they seek.[2] And Defendants (and ultimately the Court) would benefit from waiting to understand accurately the future scope of this litigation before expending significant resources to prepare two lengthy[3] answers that may soon be partially (or even entirely) overtaken by events.

---

[2] Although this Court has now dismissed all of Plaintiffs' claims regarding DACA's information-sharing policy, another district court recently ordered relief on similar claims, in a permanent injunctive order that applies nationwide, including to Plaintiffs in these matters. *See* March 29, 2018 Memorandum & Order, *Batalla Vidal* ECF No. 260, at 24 (citing *CASA de Maryland v. DHS*, No. 17-cv-2942 (RWT), Am. Order, ECF No. 49 (D. Md. Mar. 15, 2018)).

[3] The *Batalla Vidal* Plaintiffs' Third Amended Complaint is 212 paragraphs long.  The *State of New York* Plaintiffs' Amended Complaint is 281 paragraphs long (ignoring sub-parts).

5. On April 5, 2018, Defendants contacted each group of Plaintiffs to obtain their consent to this request. On April 9, 2018, the *State of New York* Plaintiffs reported that they "take no position with respect to . . . a stay of [the] answer deadline."

6. Additionally, on April 9, 2018, the *Batalla Vidal* Plaintiffs initially reported that they "oppose Defendants' . . . request to stay [the] deadline to answer indefinitely." Then, when asked whether they would consent, in the alternative, to a request for a 60-day extension of time, the *Batalla Vidal* Plaintiffs responded as follows: "The Batalla-Vidal plaintiffs are open to a short extension of defendants' obligation to answer, if necessary for defendants to complete the response, but we would oppose a 60-day extension of time."

7. Defendants believe that a full stay of the answer deadlines pending appeal is the most efficient way to proceed and is appropriate under the circumstances. Nevertheless, if the Court disagrees, Defendants would nonetheless need additional time beyond April 12, 2018 to prepare the answers, which require extensive coordination within the Department of Justice, the Department of Homeland Security, and several Department of Homeland Security components. Indeed, as noted above, neither group of Plaintiffs objects to a short extension of time.

8. This is Defendants' second request for an extension of time to answer or otherwise respond to a complaint in this litigation. Before the entry of the preliminary injunction in these matters, Defendants sought an extension of time to file its motion to dismiss to the *Batalla Vidal* Plaintiffs' Third Amended Complaint. That request was denied.

9. Recently, the United States District Court for the Northern District of California (Alsup, J.) granted similar relief, staying all five answer deadlines pending exhaustion of all potential appeals in parallel litigation challenging the rescission of DACA. *See Regents of the*

4

*University of California v. DHS*, No. 17-5211-WHA, Orders, ECF Nos. 247 (Jan. 23, 2018), 267 (Mar. 8, 2018) (N.D. Cal.).

10. For these reasons, Defendants respectfully request that their answer deadlines be stayed pending resolution of the above-referenced appeals, *see supra* ¶ 3, or, in the alternative, that those deadlines be extended for a period of 45 days.

Dated: April 10, 2018          Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

RICHARD P. DONOGHUE
United States Attorney

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Branch Director

BRAD P. ROSENBERG
Senior Trial Counsel

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar #995500)
RACHAEL L. WESTMORELAND
KATE BAILEY
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 305-8576
Fax:  (202) 616-8470
Email: stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York

271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Tel:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Counsel for Defendants*