UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

MARTÍN JONATHAN BATALLA VIDAL et al.,

                Plaintiffs,

    -against-

KIRSTJEN M. NIELSEN, Secretary, Department of
Homeland Security, et al.,

                Defendants.
----------------------------------------------------------------------X

**ORDER**

**16-CV-4756 (NGG) (JO)**

STATE OF NEW YORK et al.,

                Plaintiffs,

    -against-

DONALD TRUMP, President of the United States, et al.,

                Defendants.
----------------------------------------------------------------------X

**ORDER**

**17-CV-5228 (NGG) (JO)**

NICHOLAS G. GARAUFIS, United States District Judge.

Defendants move to certify for interlocutory appeal the court's March 29, 2018 Memorandum and Order (the "March 29 M&O"), which granted in part and denied in part Defendants' motions to dismiss the above-captioned suits for failure to state a claim. (Mar. 29 M&O (Dkt. 260);[1] Defs. Mot. for Leave to Appeal ("Defs. Mot.") (Dkt. 264); Defs. Mem. in Supp. of Mot. ("Defs. Mem.") (Dkt. 264-1).) Plaintiffs in Batalla Vidal v. Nielsen oppose this motion; Plaintiffs in New York v. Trump take no position on it. (Pls. Resp. in Opp'n to Defs.

---

[1] Except as otherwise noted, all record citations refer to the docket in Batalla Vidal v. Nielsen, No. 16-CV-4756 (E.D.N.Y.).

1

Mot. ("BV Pls. Opp'n") (Dkt. 265); Defs. Ltr. Re: Defs. Mot. (Dkt. 266).) For the reasons that follow, the motion is GRANTED.

As the court previously explained when certifying its November 9, 2017, Memorandum and Order for interlocutory appeal (see Jan. 8, 2018, Mem. & Order (Dkt. 233)), a district court may certify a non-final order in civil case for interlocutory appeal, so long as the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . and immediate appeal from the order may materially advance the termination of the litigation." 28 U.S.C. § 1292(b). If the court identifies one "controlling question of law as to which there is substantial ground for difference of opinion," it may certify the entire order for appeal. City of New York v. Beretta U.S.A. Corp., 524 F.3d 384, 391-92 (2d Cir. 2008).

The court agrees with Defendants that the March 29 M&O presents a controlling question of law as to whether Plaintiffs may use the President's campaign-trail statements to show that the rescission of the Deferred Action for Childhood Arrivals ("DACA") program was substantially motivated by racial animus. (See Defs. Mem. at 4.) Plaintiffs' equal-protection claims rely heavily on allegations that, while on the campaign trail, now-President Trump made derogatory statements about Latinos in general and Mexican immigrants in particular. (See Mar. 29 M&O at 17.) The court concluded that it could consider these statements in deciding whether Plaintiffs had stated plausible equal-protection claims. (Id. at 16-21.) If, however, the court were required to disregard these pre-Inauguration statements, it would likely (although not certainly) dismiss Plaintiffs' equal-protection claims, as Plaintiffs have not alleged that the President made comparably inflammatory and offensive statements about Latinos and especially Mexicans and Mexican-Americans after taking office. Dismissal of these claims would also substantially narrow the scope of discovery that Plaintiffs seek. (Cf. Defs. Mem. at 9.) Accordingly, reversal

of the court's conclusion that it could consider campaign-trail statements in assessing the viability of Plaintiffs' equal-protection claims would "significantly affect the conduct of the[se] action[s]," which is all that is required for this issue to be "controlling" for purposes of § 1292(b). SEC v. Credit Bancorp, Ltd., 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000); see Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc., 86 F.3d 656, 659 (7th Cir. 1996) ("A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so."); Chem. Bank v. Slaner (In re The Duplan Corp.), 591 F.2d 139, 148 n.11 (2d Cir. 1978).

The court also agrees with Defendants that "there is substantial ground for difference of opinion" on this issue. An order furnishes "substantial ground for difference of opinion" when it presents issues that are "difficult and of first impression." Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990). The question of whether presidential campaign-trail statements may be used to show that official action was tainted by forbidden motives is one that has divided courts in the last year and a half and that has not been squarely addressed by the Second Circuit. District courts have split over whether the President's campaign-trail statements support the plausible inference that the rescission of the DACA program was motivated by unlawful discriminatory animus. Compare Mar. 29 M&O at 16-21 (yes), and Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec., — F. Supp. 3d —, 2018 WL 401177, at *6-7 (N.D. Cal. 2018) (yes), with CASA de Maryland v. U.S. Dep't of Homeland Sec., 284 F. Supp. 3d 758, 774-75 (D. Md. 2018) (no).

Similarly, in litigation over the Administration's "travel ban," in its various incarnations, several courts have considered the President's campaign-trail statements (such as his call "for a

3

total and complete shutdown of Muslims entering the United States")[2] in deciding whether the travel ban may have violated the Establishment Clause of the First Amendment to the U.S. Constitution. See, e.g., Int'l Refugee Assistance Proj. v. Trump, 857 F.3d 554, 594 (4th Cir. 2017) (en banc) ("IRAP I"), vacated as moot, 138 S. Ct. 353 (2017); Int'l Refugee Assistance Proj. v. Trump, 265 F. Supp. 3d 570, 617 (D. Md. 2017), aff'd, Int'l Refugee Assistance Proj. v. Trump, 883 F.3d 233 (4th Cir. 2018) (en banc) ("IRAP II"), pet. for cert. filed, No. 17-1194 (U.S. Feb. 23, 2018); Hawai'i v. Trump, 245 F. Supp. 3d 1227, 1235-36 (D. Haw.), aff'd in part, vacated in part, and remanded, 859 F.3d 741 (9th Cir. 2017), vacated and remanded, 138 S. Ct. 377; Int'l Refugee Assistance Proj. v. Trump, 241 F. Supp. 3d 539, 547, 557-61 (D. Md. 2017), aff'd in relevant part and vacated in part, IRAP I, 857 F.3d at 554; Aziz v. Trump, 234 F. Supp. 3d 724, 734-35 (E.D. Va. 2017); cf. IRAP II, 883 F.3d at 266 (declining to consider pre-Inauguration statements in light of post-Inauguration evidence that the travel ban was motivated by impermissible anti-religious purpose).

Other judges have argued, however, that courts cannot or should not consider pre-Inauguration statements as evidence of the true motives behind official action. See IRAP II, 883 F.3d at 373-74 (Niemeyer, J., dissenting); Washington v. Trump, 858 F.3d 1168, 1173-74 (9th Cir. 2017) (Kozinski, J., dissenting from the denial of reconsid. en banc). Indeed, the Government has staked out such a position before the Supreme Court, arguing that "campaign statements are made by a private citizen before he takes the oath of office and before, under the Opinions Clause of the Constitution, [he] receives the advice of his cabinet, and that those are constitutionally significant acts that mark the fundamental transformation from being a private

---

[2] Donald J. Trump for President, Press Release, Donald J. Trump Statement on Preventing Muslim Immigration (Dec. 7, 2015). This statement, which appears to have been deleted from the campaign website, is cached at https://web.archive.org/web/20151207230751/https://www.donaldjtrump.com/press-releases/donald-j.-trump-statement-on-preventing-muslim-immigration.

4

citizen to the embodiment of the [E]xecutive [B]ranch." Tr. of Oral Argument 27:24-29:3, Trump v. Hawaii, No. 17-965 (U.S. argued Apr. 25, 2018); see also Br. of the United States at 66-67, Trump v. Hawaii, No. 17-965 (U.S. filed Feb. 21, 2018). That the court finds these arguments ultimately unpersuasive (see M&O at 19) does not mean that there is not substantial ground for disagreement on this issue.

Third, the court agrees with Defendants that resolution of this issue would materially advance the ultimate termination of this litigation. As noted above, excluding the President's campaign statements from consideration would likely result in the dismissal of Plaintiffs' equal-protection claims and the concomitant narrowing of discovery. See Credit Bancorp, 103 F. Supp. 2d at 227 (noting that the questions of whether there is a controlling issue of law and whether certification would materially advance the ultimate termination of the litigation are "closely connected" in practice); Zygmuntowicz v. Hosp. Investments, Inc., 828 F. Supp. 346, 353 (E.D. Pa. 1993) (stating that the ultimate termination of litigation is materially advanced if interlocutory appeal would, among other things, "eliminate issues thus making discovery much easier and less costly"). Additionally, appeals from this court's orders denying Defendants' motion to dismiss for lack of subject-matter jurisdiction (Mem. & Order (Dkt. 104)) and granting Plaintiffs' motions for a preliminary injunction (Am. Mem. & Order (Dkt. 255)) are already pending before the Second Circuit, and the issues decided in the preliminary injunction order overlap in part with those decided in the order certified here. See Vidal v. Nielsen, No. 18-485 (2d Cir. filed Feb. 20, 2018) (preliminary injunction); New York v. Trump, No. 18-488 (2d Cir. filed Feb. 20, 2018) (same); Nielsen v. Vidal, No. 18-122 (2d Cir. filed Jan. 16, 2018) (Rule 12(b)(1) motion); Trump v. New York, No. 18-123 (2d Cir. filed Jan. 16, 2018) (same). Allowing Defendants to present all these issues simultaneously on appeal to the Second Circuit

thus may serve the interests of judicial economy and facilitate the expeditious resolution of this litigation.

The Batalla Vidal Plaintiffs contend that the court should not certify the March 29 M&O for interlocutory appeal because the legal issue identified by Defendants is not "controlling" and because resolution of that issue would not materially advance this litigation's termination. (See BV Pls. Opp'n.) In their view, even if the Second Circuit were to decide that this court should not consider the President's campaign-trail statements when assessing Plaintiffs' equal-protection claims, Plaintiffs could simply replead their complaints to rely exclusively on post-Inauguration statements and other factual allegations supporting the conclusion that the DACA rescission was the product of improper discriminatory animus. (Id. at 2-6.) In support of these arguments, the Batalla Vidal Plaintiffs rely heavily on Gottesman v. General Motors Corp., 268 F.3d 194 (2d Cir. 1959), in which the Second Circuit stated that "[i]t would seem axiomatic that appeals challenging pre-trial rulings upholding pleadings against demurrer could not be effective in bringing nearer the termination of litigation," as such a ruling on appeal could "only stimulate the parties to more and greater pre-trial sparring . . . apart from the merits" and, at best, "lead to a remand for repleading, with possibilities of further interlocutory appeals thereafter." Id. at 196.

The court does not read Gottesman to stand for the proposition that district courts should not certify orders denying motions to dismiss for failure to state a claim. To the contrary, district courts routinely certify, and the Second Circuit routinely accepts, appeals from such orders under § 1292(b). See, e.g., Joseph v. Athanasopolulos, 648 F.3d 58, 61 (2d Cir. 2011); Bensman v. Whitman, 523 F.3d 119, 123 (2d Cir. 2008); Kiobel v. Royal Dutch Petroleum Co., 456 F. Supp. 2d 457, 467-68 (S.D.N.Y. 2006), aff'd in part and rev'd in part, 621 F.3d 111 (2d Cir. 2010), aff'd, 569 U.S. 108 (2013). It is true that an order denying a motion to dismiss does not

<u>necessarily</u> warrant § 1292(b) certification.  For example, an order denying a motion to dismiss on the grounds that the factual allegations in a complaint are insufficient, under well-established law, to state a claim ordinarily would not present a controlling question of law the resolution of which would materially advance the termination of the litigation.  Where, however, the grounds for dismissing pleadings can be restated as a broader legal question that is likely to be dispositive of the case at hand, certification of an interlocutory appeal may be appropriate.  See <u>Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.</u>, 7 F. Supp. 2d 294, 296-97 (S.D.N.Y. 1998).

Finally, at the risk of stating the obvious, the court notes that these are not ordinary cases.  Plaintiffs challenge a major change of nationwide immigration policy by the Executive Branch.  In so doing, they claim that this change was substantially motivated by the President's alleged discriminatory bias.  In these circumstances, the court has little difficulty concluding that its March 29 M&O not only "satisfies [the § 1292(b)] criteria," but also "'involves a new legal question [and] is of special consequence.'" <u>Balintulo v. Daimler AG</u>, 727 F.3d 174, 186 (2d Cir. 2013) (quoting <u>Mohawk Indus., Inc. v. Carpenter</u>, 558 U.S. 100, 106-07 (2009)).  Accordingly, the court does "not hesitate to certify an interlocutory appeal." <u>Id.</u> (internal quotation marks and citation omitted).

For the reasons stated above, Defendants' motion to certify the court's March 29 M&O for interlocutory appeal (Dkt. 264 in No. 16-CV-4756; Dkt. 217 in No. 17-CV-5228) is granted.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April **30**, 2018

NICHOLAS G. GARAUFIS
United States District Judge