IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTÍN JONATHAN BATALLA VIDAL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KIRSTJEN M. NIELSEN, *et al.*, <br><br> Defendants. | No. 16-cv-4756 (NGG) (JO) |
| STATE OF NEW YORK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, *et al.*, <br><br> Defendants. | No. 17-cv-5228 (NGG) (JO) |

## **NOTICE**

As the Court is aware, Defendants are currently subject to a preliminary injunction order in the above-captioned matters that, with certain exceptions, requires Defendants "to maintain the DACA program on the same terms and conditions that existed prior to the promulgation of the DACA Rescission Memo." Amended Memorandum & Order & Preliminary Injunction, *Batalla Vidal* ECF No. 255, at 53. Defendants are subject to a similar preliminary injunction order in the Northern District of California. *See Regents of Univ. of California v. DHS*, 279 F. Supp. 3d 1011, 1048 (N.D. Cal. 2018).

In separate litigation, the United States District Court for the Central District of California (Gutierrez, J.) issued a class-wide preliminary injunction in *Inland Empire – Immigrant Youth Collective et al. v. Nielsen, et al.*, 5:18-cv-02048 (C.D. Cal.), on February 26, 2018, modified on March 20, 2018, which requires United States Citizenship and Immigration Services (USCIS) to make changes to the process by which it terminates Deferred Action for Childhood Arrivals (DACA) and related employment authorization documents (EADs) for individual DACA recipients who are members of the *Inland Empire* class, among other requirements.  *See* Exhibit 1 (February 26, 2018 preliminary injunction order in *Inland Empire*), Exhibit 2 (March 20, 2018 modified order in *Inland Empire*).  USCIS is therefore implementing changes to its termination procedures for *Inland Empire* class members, as required by the *Inland Empire* preliminary injunction, by: (1) providing additional process prior to terminating a class member's DACA and EAD; and (2) not basing a termination decision solely on issuance of a Notice to Appear that charges the class member as having overstayed a visa or being present without admission.

Although this change to DACA termination procedures is both required by another court's order and is beneficial to DACA recipients, Defendants nonetheless are filing this notice (and a similar notice in the Northern District of California) to apprise the Court and the Plaintiffs of this development, as it arguably reflects a change to the "terms and conditions" of how the DACA policy is operated by the Department of Homeland Security.

| | |
|---|---|
| Dated: May 29, 2018 | Respectfully submitted, |

                                            CHAD A. READLER
                                            Acting Assistant Attorney General

RICHARD P. DONOGHUE
United States Attorney

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Branch Director

BRAD P. ROSENBERG
Senior Trial Counsel

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI (D.C. Bar #995500)
RACHAEL L. WESTMORELAND
KATE BAILEY
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 305-8576
Fax:  (202) 616-8470
Email: stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Tel:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Counsel for Defendants*