# EXHIBIT 2

Case 1:17-cv-05228-NGG-VMS Document 226-2 Filed 05/29/18 Page 2 of 8 PageID #: 7489
Case 5:17-cv-02048-PSG-SHK Document 71 Filed 03/20/18 Page 1 of 7 Page ID #:2028
E-FILED-3/20/18

CHAD A. READLER
Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director
JEFFREY S. ROBINS
Assistant Director
JAMES J. WALKER
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
Washington, D.C. 20044
Tel.: (202) 532-4468
Fax: (202) 305-7000
Email: james.walker3@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INLAND EMPIRE – IMMIGRANT YOUTH COLLECTIVE and JESUS ALONSO ARREOLA ROBLES, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KIRSTJEN NIELSEN, Secretary of Homeland Security, *et al.*,<br><br>Defendants. | Case No. 5:17-cv-2048- PSG-SHK<br><br>[~~PROPOSED~~] **MODIFIED CLASS DEFINITION AND IMPLEMENTATION PROCEDURES - CORRECTED** |

1

Pursuant to the parties' stipulation, this Order supersedes the Court's February 26, 2018 Order regarding the class definition certified by the Court and the implementation procedures for the preliminary injunction imposed by that Order, as well as the Court's March, 14, 2018 Order concerning Defendants' compliance deadline.

The Parties having agreed to the following terms to clarify and modify the class definition, and to revise the implementation procedures, for good cause shown, IT IS HEREBY ORDERED as follows:

1. The definition of the class certified by the Court's February 26, 2018, Order is clarified and modified accordingly:

   All recipients of Deferred Action for Childhood Arrivals ("DACA") who, after January 19, 2017, have had or will have their DACA grant and employment authorization terminated without notice or an opportunity to respond, except for those DACA recipients:

   a. Who have a conviction for a disqualifying offense as of the date of termination; or, if termination occurred prior to February 26, 2018, who have a conviction for a disqualifying offense as of the date DHS makes the determination of class membership required in this Order.

   b. Who departed the United States without a grant of advance parole;

   c. Who were physically removed from the United States pursuant to an order of removal, voluntary departure order, or voluntary return agreement;

   d. Who, on or after the date of this Order, maintain a nonimmigrant or immigrant status;

   e. Who, on or after the date of this Order, have a pending criminal charge for a crime that would satisfy the Egregious Public Safety ("EPS") grounds referenced in USCIS's DACA Standard

2

   Operating Procedures ("SOPs") and USCIS's 2011 NTA Memorandum, provided that if the charge is for a crime of violence (as set forth in section IV(A)(1)(d) of the 2011 NTA Memorandum), the minimum sentence for that charge is at least 1 year of imprisonment;

 f. Who, on or after the date of this Order, have a pending criminal charge for a crime described in 8 U.S.C. §§ 1182(a)(3)(B)(iii), (iv) or 1227(a)(4)(A)(i).

With respect to individuals who are described in paragraphs 1.a. through 1.f. above, this Order is without prejudice to their ability to pursue their legal claims, if any, independently of this class action, and such individuals' claims, if any, shall not be precluded by virtue of this class action.

 2. The Court's implementation procedures are modified accordingly:

  a. No later than 1 day from the issuance of this Order, the parties shall jointly file with the Court a version of this Order that provides dates certain for all requirements, deadlines, or time frames subject to this Order that are calculated based on a set number of days from the date the Court enters this Order.

  b. No later than three days from the issuance of this Order, Defendants shall provide Class Counsel with a list of all DACA recipients whose DACA grant and EAD was terminated after January 19, 2017, without issuance of a NOIT. That list shall include the following information for each person:

   i. Name, Alien Number, Mailing Address, Phone Number (if available);
   ii. The date the individual's most recent DACA grant and EAD were granted;
   iii. The date the individual's most recent DACA grant and EAD were set to expire;
   iv. The date the individual's most recent DACA grant and EAD were terminated.

    c. No later than seven days from issuance of this Order, Defendants will send an agreed class notice to all individuals whose DACA grant and EAD were terminated after January 19, 2017, without advance issuance of a Notice of Intent to Terminate ("NOIT") and provide copies of those notices to Class Counsel.

    d. On or before 28 days from the issuance of this Order:

        i. Defendants shall identify all DACA recipients whose DACA grant and EAD were terminated after January 19, 2017, without issuance of a NOIT on or before February 26, 2018, and determine if they have a conviction for a disqualifying criminal offense as described in paragraph 1.a. of this Order. If the individual does not have a conviction for a disqualifying criminal offense, and is otherwise a member of the class, Defendants will restore the individual's DACA grant and request production and mailing of a new EAD. Defendants shall restore class members' DACA and request EAD production and mailing on a rolling basis, in weekly batches, during this term.

        ii. If the original date of expiration of the individual's terminated DACA grant and EAD was on or before a date 28 days from issuance of this Order, Defendants will extend the individual's reinstated DACA grant and EAD for 60-days from the date of reinstatement. If the original date of expiration of the individual's terminated DACA grant and EAD was between 29 and 56 days from the issuance of this Order, inclusive, Defendants will extend the individual's reinstated DACA grant and EAD until 56 days from the issuance of this Order.

        iii. Defendants shall provide Class Counsel with an updated list of all DACA recipients whose DACA grant and EAD were terminated after January 19, 2017, but before February 26, 2018, without issuance of a NOIT. That list shall include the following information for each person, which Defendants should endeavor to update on a weekly basis:

4

- Whether the individual was found to have a disqualifying criminal conviction and, if so, what conviction(s), as described in paragraph 1.a. of this Order;
- Whether the individual was found to have departed the United States without a grant of advance parole, as described in paragraph 1.b. of this Order;
- Whether the individual was found to have been physically removed from the United States pursuant to an order of removal, voluntary departure order, or voluntary return agreement, as described in paragraph 1.c. of this Order;
- Whether the individual was found to have obtained a nonimmigrant or immigrant status, as described in paragraph 1.d. of this Order;
- Whether the individual was found to have a pending criminal charge for a crime that would satisfy the Egregious Public Safety ("EPS") grounds referenced in USCIS's DACA Standard Operating Procedures ("SOPs") and USCIS's 2011 NTA Memorandum, and meets the criteria enumerated in paragraph 1.e. of this Order;
- Whether the individual was found to have a pending criminal charge for a crime described in 8 U.S.C. §§ 1182(a)(3)(B)(iii), (iv) or 1227(a)(4)(A)(i), as described in paragraph 1.f. of this Order.
- If applicable, the date the individual's DACA grant and EAD were restored.

For each individual identified on the list, Defendants will provide Class Counsel with, on a rolling basis, in weekly batches, through the term:

- Copies of the Notices of Action and Notices of Termination previously sent to the DACA recipient notifying them of the termination of DACA grant and EAD;

5

- Copies of the reinstatement notices, and printouts of the information contained on new EADs for individuals whose DACA grants and EADs are restored pursuant to this Order, including those DACA grants and EADs that are extended pursuant to this Order.

e. All class members shall have 88 days from the date of this Order, to submit a renewal request under the terms of this Order. Notwithstanding whether USCIS otherwise continues to adjudicate DACA requests, USCIS shall adjudicate DACA requests from class members whose original expiration dates were between September 5, 2017, and March 5, 2018, inclusive, if:

   i. their DACA was terminated on or before October 5, 2017; or
   ii. they filed a renewal request on or before October 5, 2017, and that request remains pending as of the date of this Order, but whose DACA was terminated prior to February 26, 2018.

   To the extent USCIS continues to accept renewal requests after that date, no class member shall be precluded by this Order from submitting such a request after 88 days from the date of this Order.

f. USCIS will treat new initial DACA requests submitted by class members prior to the reinstatement of their DACA as timely submitted renewal requests upon reinstatement based on this Order. However, if a class member's reinstated DACA is subsequently terminated after notice and an opportunity to respond, nothing precludes USCIS from taking into consideration that subsequent termination in adjudication of the renewal request, in accordance with existing USCIS DACA policies.

g. The parties shall meet and confer to develop a procedure to permit individuals whom Defendants determine fall within paragraphs 1.e. or 1.f. of this Order, to contest that determination, through Class

Counsel, if the individual believes it to be incorrect. For individuals who are determined to be class members, the parties shall meet and confer to determine how to effectuate that relief consistent with the spirit of the injunction and this Order.

h. To facilitate paragraph g., within 28 days of the date of this Order, Defendants shall mail all individuals excluded under paragraphs 1.e. or 1.f. a notice explaining that USCIS has determined that they have a pending criminal charge that is described in paragraphs 1.e. or 1.f. of this Order, and that as a result they are not a member of the class. The Notice shall advise recipients that if they believe the government's information is incorrect, or if they disagree with the government's determination, they should contact Class Counsel within 58 days from the date of this Order. If Class Counsel agrees that an individual meets the class definition, Class Counsel shall provide all relevant documents and information to Defendants within 65 days from the date of this Order.

i. Individuals described in paragraphs 1.e. and 1.f. of this Order whose pending criminal charges are resolved (other than if the result is a disqualifying conviction for DACA purposes) on or before 78 days from the date of this Order may notify USCIS through Class Counsel that their charges were favorably resolved, and once confirmed, USCIS will process their pending DACA request as a renewal request, or otherwise allow the individual to submit a DACA renewal request before the end of the 88 day period specified in paragraph 2.e. To the extent USCIS continues to accept DACA requests after that date, no such individual shall be precluded by this Order from submitting an initial DACA request after 88 days from the date of this Order.

IT IS SO ORDERED.

DATED: 3/20/18

_____
Hon. Philip S. Gutierrez