

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE

August 11, 2020

VIA ELECTRONIC FILING

Hon. Nicholas G. Garaufis
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    *State of New York, et al., v. Donald Trump, et al.*, 17-cv-5228 (NGG) (JO);
                *Batalla Vidal, et al.*, *v. Wolf, et al.*, 16-cv-4756 (NGG) (JO)

Dear Judge Garaufis:

      We write on behalf of Plaintiff States[1] in advance of the status conference scheduled for August 13, 2020 in the above-captioned *Batalla Vidal* matter. Order of August 3, 2020, 16-cv-4756. Pursuant to Rule IV.A.2 of this Court's Individual Rules, Plaintiffs request that the Court treat the August 13 status conference as a pre-motion conference in 17-cv-5228 to address Plaintiffs' anticipated motion for leave to amend or supplement our complaint. *See* Fed. R. Civ. P. 15(a)(2), 15(d).

      The Supreme Court held in *Department of Homeland Security v. Regents of the University of California*, 591 U.S. __, 140 S. Ct. 1891 (2020) ("*Regents*"), that the rescission of Deferred Action for Childhood Arrivals ("DACA")[2] was arbitrary and capricious, expressly affirming "that DACA's rescission was unlawful and must be set aside," *NAACP v. Trump*, 315 F. Supp. 3d 457, 473 (D.D.C. 2018); *see Regents*, 140 S. Ct. at 1916 & n.7. On June 30, 2020, the Fourth Circuit issued a mandate that, in line with *Regents*, reinstated DACA, and revoked the Duke

---

[1] The States of New York, Massachusetts, Washington, Colorado, Connecticut, Delaware, Hawai'i, Illinois, Iowa, New Mexico, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, and the District of Columbia, are referred to collectively as "Plaintiff States."

[2] In 2012, then-DHS Secretary Janet Napolitano issued a memorandum establishing DACA—which set forth specific criteria for DHS to employ on a case-by-case basis to refrain from enforcing immigration laws against particular young immigrants brought to the United States as children who have continually lived in the United States for at least five years. See Janet Napolitano, U.S. Department of Homeland Security, Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States As Children (June 15, 2012) ("Napolitano Memo").

Memorandum.³ *See Casa de Maryland*, 18-1521, ECF No. 71 (4th Cir. June 30, 2020). The issuance of that mandate had the effect of reinstating DACA, as set forth in the Napolitano Memo, on a nationwide basis. *See, e.g.*, *New York v. United States Dep't of Homeland Sec.*, No. 19-3591, 2020 WL 4457951, at *31 (2d Cir. Aug. 4, 2020) (noting that "when an agency action is found unlawful under the APA, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed" (quotation marks omitted)). On July 17, in conformity with the Fourth Circuit's mandate, the District Court for the District of Maryland explicitly ordered DHS to reinstate the DACA program as DACA existed before the rescission. *See Casa de Maryland v. Regents*, 8:17-cv-02942-PWG, ECF No. 97 (D. Md. July 17, 2020).

On July 28, 2020, Acting Secretary of Homeland Security Chad Wolf issued a memorandum (the "Wolf Memo"), which directed the Department of Homeland Security ("DHS") to make interim changes to DACA while the agency determines the future of the program. ECF No. 258-1. The Wolf Memo ordered DHS to reject all new initial DACA applications, to change the renewal period for current DACA beneficiaries from two years to one year, and to reject all advance parole applications absent extraordinary circumstances. *See id.* The Wolf Memo also applied these changes retroactively to applications submitted after the Supreme Court's June 18 decision in *Regents*. *See id.*

On July 29, 2020, the Second Circuit issued its mandate in this litigation, executing the Supreme Court's *Regents* decision and remanding to the district court for further proceedings consistent with the *Regents* opinion. *See* Mandate, *Batalla Vidal v. Trump*, 18-485, ECF No. 659 (2d Cir. July 29, 2020). On remand, Plaintiff States, like the *Batalla Vidal* Plaintiffs, intend to seek leave to amend or supplement our complaint to challenge the Wolf Memo under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706; the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C. § 3345; and the Homeland Security Act of 2016, 6 U.S.C. §§ 112-113.

Specifically, Plaintiffs intend to allege in an amended complaint that these changes reflect final agency action reviewable under the APA. ECF No. 258-1, at 7 (directing "certain immediate changes . . . while I conduct a full and careful consideration of a full rescission"); *see Sackett v. EPA*, 566 U.S. 120, 127 (2012); *Sharkey v. Quarantillo*, 541 F.3d 75, 89 (2d Cir. 2008). Plaintiffs further intend to allege in an amended complaint that these changes to the administration of the DACA program are not supported by any reasonable explanation for the agency action, fail to assess the harms of applying this policy retroactively, and fail adequately to consider the significant reliance interests at stake. *See Regents*, 140 S. Ct. at 1914-15; *see also Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125, 2127 (2016).

In addition, Plaintiffs intend to allege in an amended complaint that the Wolf Memo is a nullity because Acting Secretary Wolf is not lawfully serving as the Acting Secretary of Homeland Security pursuant to the requirements of the FVRA and the Homeland Security Act of 2016. *See*

---

³ In 2017, then-Acting Secretary of Homeland Security Elaine Duke issued a memorandum stating that DHS was rescinding DACA on the ground that the program was purportedly unlawful. On June 18, 2020, the United States Supreme Court held that the Department of Homeland Security's 2017 rescission of the DACA program was arbitrary and capricious under the APA. *See Department of Homeland Security v. Regents of Univ. of California* ("*Regents*"), 140 S. Ct. 1891, 1915 (2020).

*L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 23-36 (D.D.C. 2020) (setting aside agency action because Acting USCIS Director Cuccinelli was serving in violation of the FVRA).

Plaintiffs anticipate requesting that the Court set a deadline of September 10, 2020, to file their amended or supplemental complaint. Plaintiffs sought Defendants' position on this request before filing this letter, and Defendants stated that they do not oppose Plaintiffs' forthcoming motion for leave to file an amended complaint.

       Respectfully submitted,

       LETITIA JAMES
       *Attorney General of the State of New York*

       By: */s/ Matthew Colangelo*
       Matthew Colangelo
       Sania W. Khan
       Office of the New York State Attorney General
       28 Liberty Street
       New York, NY 10005
       Phone: (212) 416-6057
       matthew.colangelo@ag.ny.gov

       *Attorneys for the Plaintiffs*

CC: All Counsel of Record (Via ECF)