

**U.S. Department of Justice**

Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

August 12, 2020

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Batalla Vidal, et al. v. Wolf, et al.*, No. 16-cv-4756 (NGG) (JO)
           *State of New York, et al. v. Trump, et al.*, No. 17-cv-5228 (NGG) (JO)

Dear Judge Garaufis:

    Pursuant to Rule IV.A.2 of this Court's Individual Practice Rules, and in advance of the August 13, 2020 conference, Defendants respectfully submit this letter setting forth their position on some of the issues identified in the *Batalla Vidal* Plaintiffs' August 6, 2020 letter, *Batalla Vidal* ECF No. 302, and in the *State of New York* Plaintiffs' August 11, 2020 letter, *State of New York* ECF No. 264.

    **1.** On June 18, 2020, the Supreme Court of the United States issued its opinion in *Department of Homeland Security v. Regents of the University of California*, 140 S. Ct. 1891 (2020), which reviewed a final judgment in parallel litigation from the U.S. District Court for the District of Columbia (Bates J.), as well as a series of interlocutory rulings of this Court and of the U.S. District Court for the Northern District of California (Alsup, J.). The Supreme Court also denied certiorari in similar litigation from the U.S. District Court for the District of Maryland (Grimm, J.). *DHS v. Casa de Maryland*, 2020 WL 3492650 (U.S. June 29, 2020).

    In *Regents*, the Supreme Court concluded, as had this Court, that then-Acting Secretary of Homeland Security Elaine Duke's September 5, 2017 DACA-rescission memorandum violated the Administrative Procedure Act (APA). The Supreme Court noted that "[a]ll parties agree[d]" that "DHS may rescind DACA," *Regents*, 140 S. Ct. at 1905, and, like this Court, the Supreme Court did not question that proposition. *See also Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401, 410 (E.D.N.Y. 2018) ("This order does not hold that Defendants may not rescind the DACA program."), *vacated and remanded by Regents*, 140 S. Ct. at 1891. But the Supreme Court held that Acting Secretary Duke had failed to consider important aspects of the problem, and thus her attempt to rescind DACA violated the APA. *Regents*, 140 S. Ct. at 1916. Accordingly, the Supreme Court concluded that the rescission must be vacated and remanded to DHS so that it "may consider the problem anew." *Id.*

    The Supreme Court also held that the plaintiffs in the above-captioned cases before this Court had "fail[ed] to raise a plausible inference that the rescission was motivated by animus," and thus rejected their equal protection claims. *Id.* Accordingly, the Supreme Court directed that, for the cases before this Court, "the February 13, 2018 order granting respondents' motion for a preliminary injunction is vacated, the November 9, 2017 order partially denying the Government's motion to dismiss is affirmed in part, and the March 29, 2018 order partially denying the balance of the

Government's motion to dismiss is reversed in part." *Id.* All of the relevant DACA-rescission cases that had been before the Supreme Court were then "remanded for further proceedings consistent with this opinion." *Id.* The Supreme Court issued its judgment on July 20, 2020. *See Regents,* Supreme Court of the United States, Docket No. 18-157 (July 20, 2020), *available at* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/18-587.html.

On July 28, 2020, following the Supreme Court's directive, the Department of Homeland Security issued a new memorandum on the subject of DACA, titled *Reconsideration of the June 15, 2012 Memorandum Entitled "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children."* Defs.' Notice, *Batalla Vidal* ECF No. 297-1 ("Wolf Memorandum"). The Wolf Memorandum made "certain immediate changes to the DACA policy." *Id.* at 1. In addition to formally rescinding both the Duke Memorandum and the Nielsen Memorandum, the Wolf Memorandum explains that, until further notice, DHS (1) will not accept initial requests for DACA; (2) will continue to accept DACA renewal requests from current DACA recipients, though it will limit the period of any future grants of deferred action to one year, rather than the two years provided under the original DACA policy; and (3) will allow DACA recipients to submit requests for advance parole, to be granted in "exceptional circumstances." *See* Wolf Memorandum at 5. It also reiterates that DHS will "[c]ontinue to comply with the information-sharing policy as reflected in the DACA Frequently Asked Questions issued alongside the Napolitano Memorandum," which announced the DACA policy in 2012. *Id.* at 8.

Although the *Batalla Vidal* Plaintiffs assert that the Wolf Memorandum "guts the DACA program," *Batalla Vidal* ECF No. 302 at 2, in fact, the Wolf Memorandum retains DACA's core, at least until further notice. As a practical matter, with the exception of shortening all future renewal grants from two-year periods to one-year periods, DHS has now voluntarily taken a path consistent with this Court's (now-vacated) preliminary-injunction order, which had required DHS to maintain certain portions of the DACA policy. *See Batalla Vidal*, 279 F. Supp. 3d 401. In fact, the Wolf Memorandum goes farther than this Court's preliminary-injunction order, in that it allows DACA recipients to request advance parole, for the first time since September 2017, provided there are "exceptional circumstances." Wolf Memorandum at 5.

To be sure, the Wolf Memorandum acknowledges that, in the future, the Department of Homeland Security may yet make additional changes to the DACA policy. That flexibility, however, is consistent with the original Napolitano Memorandum itself, which was intended to be a "temporary stopgap measure." In any event, until further notice, as it seems that all parties agree, the DACA policy is now governed by the Wolf Memorandum—a new agency action that any aggrieved individual may attempt to challenge under the Administrative Procedure Act.

Defendants immediately notified Plaintiffs and the Court about the issuance of the Wolf Memorandum. Defs.' Notice, *Batalla Vidal* ECF No. 297. The Second Circuit issued its mandate the next day, on July 29, 2020. *Batalla Vidal* ECF No. 299.

**2.** In their August 6, 2020 letter, the *Batalla Vidal* Plaintiffs "request to use the August 13 status conference as a pre-motion conference to discuss the future course of this litigation, including Plaintiffs' intention to seek leave to amend or supplement their complaint to challenge the legality of the Wolf Memorandum." ECF No. 302. Defendants have no objection to Plaintiffs seeking to convert the August 13 status conference to a pre-motion conference. And, although Plaintiffs did not

meet-and-confer regarding their forthcoming motion for leave to amend before filing their letter, under the circumstances, Defendants do not intend to oppose the *Batalla Vidal* Plaintiffs' forthcoming motion for leave to file a Fourth Amended Complaint. Accordingly, although Defendants disagree with many of the factual and legal assertions in the *Batalla Vidal* Plaintiffs' letter, those arguments are better saved for future briefing on cross-motions for summary judgment regarding the legality of the Wolf Memorandum.

One additional point warrants mention. The *Batalla Vidal* Plaintiffs seem to suggest—though not explicitly—that they believe that Defendants somehow violated the Fourth Circuit's mandate in *Casa de Maryland*, or perhaps Judge Grimm's order implementing the Fourth Circuit's mandate. They made similar accusations in a July 21, 2020 letter, *Batalla Vidal* ECF No. 295, which was filed before either the Second Circuit's mandate or the Wolf Memorandum had issued. Defendants reject any suggestion that they have violated any court order, but (as Plaintiffs seem to recognize) those are matters to be decided by Judge Grimm. *See* Paperless Order, ECF No. 112, *Casa de Maryland v. DHS*, No. 8:17-cv-02942-PWG (D. Md. Aug. 5, 2020) (adopting joint proposed briefing schedule). And there is no suggestion in the *Batalla Vidal* Plaintiffs' August 6, 2020 letter that Defendants violated any of *this* Court's orders—nor could there be, given, among other reasons: (1) the Supreme Court's vacatur of this Court's preliminary injunction; (2) the fact that the preliminary injunction itself never even required the processing of initial DACA requests from those who had never before had DACA, or any requests for advance parole from DACA recipients; and (3) the fact that the Wolf Memorandum reconsidering the DACA policy was issued *before* the Second Circuit's mandate issued (and only one week after the Supreme Court's judgment issued).

**3.** The *State of New York* Plaintiffs did confer with counsel before filing their August 11, 2020 letter regarding a forthcoming motion for leave to amend. For similar reasons as set forth above, although Defendants could have taken the position that leave to amend would be "futile," *Foman v. Davis*, 371 U.S. 178, 182 (1962), Defendants do not intend to press that argument here, and thus reported through counsel that Defendants do not oppose the *State of New York* Plaintiffs' forthcoming motion for leave to file a second amended complaint. Defendants likewise do not oppose the *State of New York* Plaintiffs' suggestion that the Court should set an amendment deadline of September 10, 2020. And although Defendants disagree with most of the legal arguments that are previewed in the *State of New York* Plaintiffs' letter, Defendants will respond to those arguments in future briefing.

\*   \*   \*

Assuming the Court intends to grant Plaintiffs' forthcoming motions for leave to amend, Defendants respectfully submit that the most efficient course is for the parties to promptly meet and confer regarding a schedule for further proceedings in these matters, including a deadline for the filing of Plaintiffs' latest amended complaints. Defendants propose that the parties then file a joint scheduling proposal (or separate proposals, if they cannot reach agreement) no later than August 27, 2020.

Defendants thank the Court for its consideration of these matters.

Respectfully submitted,

DAVID M. MORRELL
Deputy Assistant Attorney General

SETH D. DuCHARME
Acting United States Attorney

BRAD P. ROSENBERG
Assistant Branch Director

/s/   *Stephen M. Pezzi*
GALEN N. THORP
  Senior Trial Counsel
STEPHEN M. PEZZI
RACHAEL L. WESTMORELAND
  Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-8576
Fax: (202) 616-8470
Email: stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Phone:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Attorneys for Defendants*