# Exhibit 5



**U.S. GOVERNMENT ACCOUNTABILITY OFFICE**

**441 G St. N.W.**
**Washington, DC 20548**

# Decision

**Matter of:**   **Department of Homeland Security**—Legality of Service of Acting Secretary of Homeland Security and Service of Senior Official Performing the Duties of Deputy Secretary of Homeland Security

**File:**   B-331650

**Date:**   August 14, 2020

---

### DIGEST

The Federal Vacancies Reform Act of 1998 (Vacancies Reform Act) provides for temporarily filling vacant executive agency positions that require presidential appointment with Senate confirmation.  5 U.S.C. § 3345.  GAO's role under the Vacancies Reform Act is to collect information agencies are required to report to GAO, and GAO uses this information to report to Congress any violations of the time limitations on acting service imposed by the Vacancies Reform Act.
5 U.S.C. § 3349.  As part of this role, we issue decisions on agency compliance with the Vacancies Reform Act when requested by Congress.  The Vacancies Reform Act is generally the exclusive means for filling a vacancy in a presidentially appointed, Senate confirmed position unless another statute provides an exception.
5 U.S.C. § 3347.  The Homeland Security Act of 2002 provides an order of succession outside of the Vacancies Reform Act when a vacancy arises in the position of Secretary of the Department of Homeland Security (DHS).
6 U.S.C. § 113(g).

Upon Secretary Kirstjen Nielsen's resignation on April 10, 2019, the official who assumed the title of Acting Secretary had not been designated in the order of succession to serve upon the Secretary's resignation.  Because the incorrect official assumed the title of Acting Secretary at that time, subsequent amendments to the order of succession made by that official were invalid and officials who assumed their positions under such amendments, including Chad Wolf and Kenneth Cuccinelli, were named by reference to an invalid order of succession.  We have not reviewed the legality of other actions taken by these officials; we are referring the matter to the Inspector General of DHS for review.

**DECISION**

This responds to a request from the Chairman of the Committee on Homeland Security and the Acting Chairwoman of the Committee of Oversight and Reform regarding the legality of the appointment of Chad Wolf as Acting Secretary of the Department of Homeland Security (DHS) and Ken Cuccinelli as Senior Official Performing the Duties of Deputy Secretary.  Letter from Chairman, Committee on Homeland Security, U.S. House of Representatives and Acting Chairwoman, Committee on Oversight and Reform, U.S. House of Representatives to Comptroller General (Nov. 15, 2019).  Specifically, we consider whether the appointments were authorized pursuant to the Secretary's designation of an order of succession under the Homeland Security Act of 2002 (HSA).  Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002), *as amended by* National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 1903, 130 Stat. 2000, 2672 (Dec. 23, 2016), *codified at* 6 U.S.C. § 113(g)(2).

As explained below, we conclude that in the case of vacancies in the positions of Secretary, Deputy Secretary, and Undersecretary for Management, HSA provides a means for an official to assume the title of Acting Secretary pursuant to a designation of further order of succession by the Secretary.  However, upon the resignation of Secretary Kirstjen Nielsen, the express terms of the then existing designation required the Director of the Cybersecurity and Infrastructure Security Agency (CISA) to assume that title instead of the Commissioner of Customs and Border Protection (CBP), Kevin McAleenan.  As such, the subsequent appointments of Under Secretary for Strategy, Policy, and Plans, Chad Wolf and Principal Deputy Director of U.S. Citizenship and Immigration Services (USCIS) Ken Cuccinelli were also improper because they relied on an amended designation made by Mr. McAleenan.[1]

Under the Federal Vacancies Reform Act of 1998 (Vacancies Reform Act), GAO collects information agencies are required to report to GAO, and GAO uses this information to report to Congress any violations of the time limitations on acting service imposed by the Vacancies Reform Act.  5 U.S.C. § 3349.  As part of this

---

[1] We have only been asked to address the designation of Messers. Wolf and Cuccinelli, so we do not otherwise address the consequences of any official's improper service.  We are referring that question to the DHS Inspector General for his review.  In that regard, we are aware that certain actions taken by Acting Secretary Wolf and his authority to take them are currently the subject of litigation.  *See, e.g. A.B-B v. Morgan*, Docket No. 1:20-cv-0846 (D.D.C. 2020); *Casa De Maryland v. Wolf*, Docket No. 8:20-cv-02118 (D. Md. 2020); *Don't Shoot Portland v. Wolf*, Docket No. 1:20-cv-02040 (D.D.C. 2020).  We are also aware that in March, 2020, the U.S. District Court for the District of Columbia ruled that Mr. Cuccinelli's separate appointment as acting director of USCIS was illegal.  *See L.M.-M v. Cuccinelli*, 442 F. Supp. 3d 1, 29 (D.D.C. 2020).  That question was not before us.

role, we issue decisions on agency compliance with the Vacancies Reform Act when requested by Congress.  Our practice when rendering decisions is to contact the relevant agencies and obtain their legal views on the subject of the request.  GAO, *Procedures and Practices for Legal Decisions and Opinions*, GAO-06-1064SP (Washington, D.C.: Sept. 5, 2006), *available at* www.gao.gov/products/GAO-06-1064SP.  We contacted DHS to obtain the agency's views.  Letter from Managing Associate General Counsel, GAO, to General Counsel, DHS (Dec. 6, 2019).  We received DHS's response on December 20, 2019.  Letter from Associate General Counsel for General Law, DHS, to Managing Associate General Counsel, GAO (Dec. 20, 2019) (Response Letter).

BACKGROUND

The Vacancies Reform Act permits certain individuals to serve as acting officials in vacant presidentially appointed, Senate confirmed positions (PAS) for limited periods of time.  5 U.S.C. §§ 3345, 3346.  The Vacancies Reform Act is generally the exclusive means for filling a vacancy in a PAS position unless another statute provides an exception.[2]  Pursuant to the Vacancies Reform Act, the first assistant to a PAS position automatically becomes the acting official in case of a vacancy unless the President designates another individual who meets the Vacancies Reform Act's eligibility requirements.  5 U.S.C. § 3345.

HSA created DHS to prevent terrorist attacks within the United States and reduce the nation's vulnerabilities to such attacks, among other critical missions. Pub. L. No. 107-297, title I, § 101.  At the head of the department, HSA created the position of Secretary of Homeland Security who is vested with all the functions of all officers, employees, and organizational units of DHS.  HSA, Pub. L. No. 107-296, title I, § 102.  HSA also created the position of Deputy Secretary and made the Deputy Secretary the first assistant for purposes of the Vacancies Reform Act. Pub. L. No. 107-297, title I, § 103.

On December 23, 2016, HSA was amended to establish an order of succession outside the Vacancies Reform Act for the position of Secretary.  National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, div. A, title XIX, § 1903, 130 Stat. 2000, 2672 (2016).  Under the amendment, the Under Secretary for Management is next in line to be Acting Secretary in the case of absence, disability, or vacancy in the positions of Secretary and Deputy Secretary.  6 U.S.C. § 113(g)(1).  Beyond this mandated order, "the Secretary may designate such other officers of the Department in further order of succession to serve as Acting

---

[2] A statute only qualifies as an exception if the statutory provision expressly authorizes the President or the head of an executive department to designate an official to perform the functions and duties of a specified office temporarily in an acting capacity or it designates an acting official.  5 U.S.C. § 3347(a)(1).

Secretary."[3] 6 U.S.C. § 113(g)(2).  These succession provisions take effect "[n]otwithstanding" the provisions of the Vacancies Reform Act.[4]  6 U.S.C. § 113(g).

On December 5, 2017, Kirstjen Nielsen was confirmed as Secretary of DHS.  On April 10, 2019, Secretary Nielsen resigned from her position.  At this time, the Deputy Secretary position had been vacant since April 14, 2018, and the Under Secretary for Management resigned on April 10, 2019, as well, leaving that position vacant.  GAO, *Federal Executive Vacancy System Database*, *available at* https://www.gao.gov/legal/other-legal-work/federal-vacancies-reform-act.[5]  Upon the Secretary's resignation, the Commissioner of Customs and Border Protection, Kevin McAleenan, assumed the title of Acting Secretary.

On November 13, 2019, Acting Secretary McAleenan resigned, and the Under Secretary for Strategy, Policy, and Plans, Chad Wolf assumed the title of Acting Secretary.  The same day, Mr. Wolf designated the Principal Deputy Director of USCIS, Kenneth Cuccinelli, as the Senior Official Performing the Duties of Deputy Secretary of Homeland Security (Deputy Secretary).[6]

DISCUSSION

Article II of the U.S. Constitution provides that "[The President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint . . . all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law."  U.S. Const. art. II, § 2.  As noted previously, when there is a vacancy in these presidentially appointed, Senate confirmed (PAS) positions, the Vacancies Reform Act is generally the exclusive means for filling them temporarily with an acting official, unless another statute provides an exception.

---

[3] The amendment did not impose time limitations on an individual serving as Acting Secretary under HSA.

[4] HSA does not establish an order of succession outside the Vacancies Reform Act for the position of Deputy Secretary.  However, HSA establishes the Under Secretary for Management as the first assistant to the Deputy Secretary for purposes of the Vacancies Reform Act.  6 U.S.C. § 113(a)(1)(F).

[5] Under the Vacancies Reform Act, agencies are required to report to GAO certain information regarding vacancies in PAS positions.  5 U.S.C. § 3349(a).  GAO compiles the information from these reports and makes them available to the public through its Executive Vacancy System.

[6] Regarding Mr. Cuccinelli, this decision only addresses his service as the Senior Official Performing the Duties of Deputy Secretary and does not address any other positions which he may also hold.

B-331650

Here, HSA provides such an exception.  HSA requires the Under Secretary for Management to serve as Acting Secretary if there is a vacancy in the offices of Secretary and Deputy Secretary.  6 U.S.C. § 113.  By providing an initial order of succession for the Secretary and allowing the Secretary to make further designations, HSA qualifies as an exception to the Vacancies Reform Act's exclusivity provision.

At the time the Secretary resigned, the positions specified in HSA were vacant as well, permitting DHS to turn to the Secretary's designation of further officials to serve as Acting Secretary when Secretary Nielsen resigned and the position of Secretary became vacant.  6 U.S.C. § 113(g)(1), (2).  Hence, to determine whether Chad Wolf and Ken Cuccinelli are properly serving, we must examine whether DHS adhered to the order of succession in the Secretary's delegation in force at the time Mr. McAleenan and Mr. Wolf each assumed the title of Acting Secretary.  As explained further below, we conclude DHS did not.

HSA Delegation 00106

In its response to us, DHS stated that Secretary Nielsen had exercised the HSA power to designate an order of succession through Delegation 00106.  *See* Response Letter.  Secretary Nielsen issued this delegation on February 15, 2019 (February Delegation).[7]  In this February Delegation, there were two grounds for assuming the position of Acting Secretary.  The first ground was in the case of the Secretary's death, resignation, or inability to perform the functions of the office. February Delegation § II.A.  The second ground was if the Secretary was unavailable to act during a disaster or catastrophic emergency.  *Id.* § II.B.

Each ground had its own order of succession.  In cases of the Secretary's death, resignation, or inability to perform the functions of the office, the February Delegation stated the order of succession was governed by Executive Order 13753 (E.O. 13753).  *Id.* § II.A.  E.O. 13753 included an order of succession for officers who would act and perform the duties of the Secretary during any period in which the Secretary has died, resigned, or otherwise become unable to perform the functions and duties of the Office of Secretary.  In cases where the Secretary is unavailable to act during a disaster or catastrophic emergency, Annex A to the February Delegation governed the order of succession.  *Id.* § II.B.  At that time, the orders of succession found in E.O. 13753 and Annex A were the same.  The figure in appendix 1 attached to this decision illustrates the legal framework that could be used to designate an Acting Secretary at the time of the February Delegation.

---

[7] DHS, *DHS Orders of Succession and Delegations of Authorities for Named Positions*, DHS Delegation No. 00106, Revision No. 08.4 (Feb. 15, 2019).

B-331650

Under E.O. 13753 and Annex A, the first four positions in the order of succession were as follows:  (1) Deputy Secretary, (2) Under Secretary for Management, (3) Administrator of the Federal Emergency Management Agency (FEMA), and (4) Director of CISA.[8]

The February Delegation also listed positions in an order of succession for Deputy Secretary in Annex B.  The first four positions were as follows:  (1) Under Secretary for Management, (2) Administrator of FEMA, (3) Director of CISA, and (4) Under Secretary of Science and Technology. [9]

The February Delegation further stated acting officials in the listed positions are ineligible to serve and, therefore, the order of succession would fall to the next designated official in the approved order of succession.  *Id.* § II.G.

<u>Nielsen's Resignation</u>

According to DHS, on April 9, 2019, the day before her resignation, Secretary Nielsen established a new order of succession.  Delegation 00106 was updated the following day, reflecting the changes (April Delegation).[10]  The April Delegation on its face maintained the two separate grounds for designation.  Vacancies due to the Secretary's death, resignation, or inability to perform the functions of the office were still governed by the order of succession under E.O. 13753, and vacancies due to the Secretary's unavailability to act during a disaster or catastrophic emergency were still governed by Annex A to the Delegation.  April Delegation §§ II.A, II.B.  Secretary Nielsen did however amend the orders of succession for the Secretary and Deputy Secretary in Annexes A and B, respectively.  The figure in appendix 1 attached to this decision illustrates the legal framework that could be used to designate an Acting Secretary at the time of the April Delegation.

---

[8] Both E.O 13753 and Annex A list more positions than those indicated here. However, they are not relevant for purposes of this decision. Public Law 115-278 renamed the position of Under Secretary for National Protection and Programs to be Director of the Cybersecurity and Infrastructure Security Agency.  Cybersecurity and Infrastructure Security Agency Act of 2018, Pub. L. No. 115-278, § 2(a), 132 Stat. 4168, 4169 (Nov. 16, 2018), *codified at* 6 U.S.C. § 652(a), (b).

[9] The Secretary may provide for an order of succession for the Deputy position under general management authorities granted the Secretary in HSA.  6 U.S.C. § 112.  However, any order of succession for the Deputy position must reflect that the Under Secretary for Management is the first assistant for purposes of the Vacancies Act, in accordance with HSA.  6 U.S.C. § 113(a)(1)(F).

[10] DHS, *Orders of Succession and Delegations of Authorities for Named Positions*, Delegation No. 00106, Revision No. 08.5 (Apr. 10, 2019).

The first four positions in the order of succession for Acting Secretary in revised Annex A (disaster or catastrophic emergency) were as follows:  (1) Deputy Secretary, (2) Under Secretary for Management, (3) Commissioner of CBP, and (4) Administrator of FEMA.  April Delegation Annex A.  The April Delegation removed the CISA director from for the order of succession.  The April Delegation added the Commissioner to be third in the order, making the Administrator fourth in the order.

In amending Annex A, the Secretary effectively established two different orders of succession.  Annex A only applies to the Secretary's unavailability as a result of a disaster or catastrophic emergency.  Because the Secretary did not amend the order of succession established in E.O. 13753 otherwise, the Delegation maintained the order set out therein whenever the position became vacant as a result of the Secretary's death, resignation, or inability to perform the functions of the office: (1) Deputy Secretary, (2) Under Secretary for Management, (3) Administrator of FEMA, and (4) Director of CISA.

Secretary Nielsen also changed the order of succession for Deputy Secretary in Annex B.  The first four positions in the order of succession were changed to be:  (1) Under Secretary for Management, (2) Administrator of the Transportation Security Administration (TSA), (3) Administrator of FEMA, and (4) the Director of CISA.  *Id.* Annex B.

On April 10, Secretary Nielsen and the Under Secretary for Management resigned.  The Deputy Secretary had resigned a year earlier.  In its response to us, DHS stated that it referred to the April Delegation to fill the Acting Secretary position.   *See* Response Letter.  Apparently, DHS mistakenly referred to Annex A, rather than E.O. 13753.  Mr. McAleenan served as the previously confirmed Commissioner of U.S. Customs and Border Protection at the time.  Mr. McAleenan would have been the appropriate official had Secretary Nielsen been unavailable to act during a disaster or catastrophic emergency.  That was not the case here.  Secretary Nielsen resigned.  A Secretary's resignation is addressed in E.O. 13753, not Annex A.

Applying the plain language of the April Delegation, the governing order of succession therefore, should have been that provided under E.O. 13753 and not Annex A.  The April Delegation explicitly stated, "In case of the Secretary's death, *resignation*, or inability to perform the functions of the Office, the orderly succession of officials is governed by Executive Order 13753, amended on December 9, 2016." April Delegation § II.A (emphasis added).  Annex A only applied to when the Secretary was unavailable to act during a disaster or catastrophic emergency.  *Id.* § II.B.

The first previously confirmed official in the order of succession in E.O. 13753 was the Director of CISA.[11]  However, instead of following the order of succession in E.O. 13753, DHS applied the one in Annex A.  If DHS had invoked the April Delegation due to the Secretary's unavailability to act during a disaster or catastrophic emergency, then Mr. McAleenan would have been the designated official.  However, here the vacancy was due to Secretary Nielsen's resignation.  Accordingly, under the express terms of Delegation 00106, the incorrect individual assumed the position of Acting Secretary.

In its response to us, DHS stated that Secretary Nielsen used the authority provided by HSA to establish an order of succession with Mr. McAleenan's position—the Commissioner of Customs and Border Protection—as next in the order of succession, after the positions of Deputy Secretary and Under Secretary for Management.  Response Letter.  DHS further stated that the order of succession was not governed by E.O. 13753 because the executive order was superseded when the Secretary established an order of succession pursuant to HSA.  *Id.*

DHS asserted that the direction from the Secretary to change the order of succession applied to any vacancy in the position of the Secretary.  In support, DHS provided a memorandum from the DHS General Counsel to Secretary Nielsen.  Memorandum from General Counsel, DHS, to Secretary of Homeland Security (Apr. 9, 2019) (Memorandum).

The Memorandum included the revised order of succession for Annex A which provides:

> "By the authority vested in me as Secretary of Homeland Security, including [HSA], 6 U.S.C. § 113(g)(2), I hereby designate the order of succession for the Secretary of Homeland Security as follows:  Annex A of . . . Delegation No. 00106, is hereby amended by striking the text of such Annex in its entirety and inserting the following in lieu thereof."

*Id.*  This Memorandum includes additional text from the then-General Counsel summarizing Secretary Nielsen's desire to "designate certain officers of [DHS] in order of succession to serve as Acting Secretary," and that "[b]y approving the attached document, you will designate your desired order of succession for the Secretary . . . in accordance with your authority pursuant to [HSA]."  *Id.*  A discussion section in this memorandum was redacted before DHS provided it to us.

---

[11] The confirmed Director of CISA at the time of Secretary Nielsen's resignation was Christopher Krebs.  GAO, *Federal Executive Vacancy System Database*, *available at* https://www.gao.gov/legal/other-legal-work/federal-vacancies-reform-act.  The Administrator of FEMA was listed third in the order of succession, but the Administrator resigned on March 3, 2019, before Secretary Nielsen resigned.  *Id.*

Notwithstanding the General Counsel's statement in the Memorandum asserting the Secretary's intentions in amending the April Delegation, the plain language of the delegation controls, and it speaks for itself.  When Secretary Nielsen issued the April Delegation, she only amended Annex A, placing the Commissioner of U.S. Customs and Border Protection as the next position in the order of succession in cases of the Secretary's unavailability to act during a disaster or catastrophic emergency.  April Delegation Annex A.  She did not change the ground for which Annex A would apply.  DHS did not provide evidence of Secretary Nielsen's designation under HSA in the case of her death, resignation, or inability to perform the functions of the office.

We are mindful that the timing of Secretary Nielsen's resignation the next day and the subsequent actions and statements of officials—such as Secretary Nielsen's farewell message to DHS[12]—may suggest that she intended for Mr. McAleenan to become the Acting Secretary upon her resignation.  However, it would be inappropriate, in light of the clear express directive of the April Delegation, to interpret the order of succession based on post-hoc actions.  *See N.L.R.B. v. SW General, Inc.*, 137 S. Ct. 929, 941–42 (2017) (providing that when the text is clear, the court need not consider post-enactment practice); *Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 242 (2011) ("Post-enactment legislative history (a contradiction in terms) is not a legitimate tool of statutory interpretation.") (internal citations omitted); *Weinberger v. Rossi*, 456 U.S. 25, 35 (1982) ("Such *post hoc* statements of a congressional Committee are not entitled to much weight.") (internal citations omitted).  The April Delegation was the only existing exercise of the Secretary's authority to designate a successor pursuant to HSA.  As such, Mr. McAleenan was not the designated Acting Secretary because, at the time, the Director of CISA was designated the Acting Secretary under the April Delegation.

<u>McAleenan's Resignation</u>

On November 8, 2019, shortly before he resigned, Mr. McAleenan revised the Delegation (November Delegation).[13]  The November Delegation maintained the two grounds for serving, but substituted Annex A for E.O. 13753 as governing the order of succession in cases of the Secretary's death, resignation, or inability to perform the functions of the office.  November Delegation §§ II.A, II.B.  This change meant Annex A governed both grounds for assuming the title of Acting Secretary, including the Secretary's inability to act during a disaster or catastrophic emergency.  The figure in the appendix illustrates the legal framework that could be used to designate an Acting Secretary at the time of the November Delegation.

---

[12] Press Release, DHS, *Farewell Message from Secretary Kirstjen M. Nielsen* (Apr. 10, 2019), *available at* https://www.dhs.gov/news/2019/04/10/farewell-message-secretary-kirstjen-m-nielsen.

[13] DHS, *Orders of Succession and Delegations of Authorities for Named Positions*, Delegation No. 00106, Revision No. 08.6 (Nov. 8, 2019).

Mr. McAleenan also changed the officials listed in the order of succession found in Annex A as follows:  (1) Deputy Secretary, (2) Under Secretary for Management, (3) Commissioner of CBP; and (4) Under Secretary for Strategy, Policy, and Plans.  *Id.* Annex A.  As a consequence, the revision removed the FEMA Administrator and CISA Director from the order of succession, replacing them with the CBP Commissioner and the Under Secretary for Strategy, Policy, and Plans respectively.

On November 13, Mr. McAleenan resigned as both Acting Secretary and Commissioner of U.S. Customs and Border Protection.  In its response to us, DHS stated Mr. Wolf became the Acting Secretary pursuant to the November Delegation. Response Letter.  At this time, the positions of Secretary, Deputy Secretary, Under Secretary for Management, and Commissioner of CBP were all vacant.  Mr. Wolf was serving as the previously confirmed Under Secretary for Strategy, Policy, and Plans at the time he assumed the title of Acting Secretary.  DHS told us this was the first position that was filled with a previously confirmed official in the order of succession.  *Id.*  Mr. Wolf currently serves as the Acting Secretary.

On November 13, 2019, Mr. Wolf amended the order of succession for Deputy Secretary in Annex B, as follows:  (1) Under Secretary for Management, (2) Principal Deputy Director of USCIS, (3) Administrator of TSA, and (4) Administrator of FEMA. *Id.*; November Delegation Annex B.  The revision removed the CISA Director from the order of succession, installed the Principal Deputy Director of USCIS next in the order, and shifted TSA and FEMA to third and fourth.  Subsequently, Mr. Cuccinelli assumed the title of the Senior Official Performing the Duties of Deputy Secretary, as he was the Principal Deputy Director of USCIS.  Mr. Cuccinelli currently serves as the Senior Official Performing the Duties of Deputy Secretary.

Under HSA, the Secretary, or properly serving Acting Secretary, has the authority to designate the order of succession for Acting Secretary.  6 U.S.C. § 113(g)(2). Based on the analysis above, Mr. McAleenan was not the proper Acting Secretary which means he did not have the authority to amend the April Delegation.  When Mr. McAleenan issued the November Delegation, he did so without the proper authority. *See generally Utility Air Regulatory Group v. EPA,* 573 U.S. 302 (2014) (holding agency actions exceeding statutory authority are invalid).  Because Mr. Wolf draws his authority to serve as Acting Secretary from the November Delegation, Mr. Wolf cannot, therefore, rely upon it to serve as the Acting Secretary.

Mr. Wolf altered the order of succession for Deputy Secretary in the November Delegation to permit Mr. Cuccinelli to serve as the Senior Official Performing the Duties of Deputy Secretary.[14]  According to DHS, Mr. Wolf did this under his

---

[14] Because the Vacancies Reform Act governs the Deputy Secretary, the 210-day limitation on acting service had already passed.  This means the position had to remain vacant and no one could serve as Acting Deputy Secretary.  However, under the Vacancies Reform Act, the department could designate an official to perform the

authority as Acting Secretary.  Response Letter.  As discussed previously, Mr. McAleenan did not have the authority to alter the order of succession; therefore, Mr. Wolf also does not have the authority to alter it as well.    The last valid order of succession to serve in that capacity was Annex B to the April Delegation, which did not include Mr. Cuccinelli's position.

CONCLUSION

In the case of vacancy in the positions of Secretary, Deputy Secretary, and Under Secretary for Management, the HSA provides a means for an official to assume the title of Acting Secretary pursuant to a designation of further order of succession by the Secretary.  Mr. McAleenan assumed the title of Acting Secretary upon the resignation of Secretary Nielsen, but the express terms of the existing designation required another official to assume that title.  As such, Mr. McAleenan did not have the authority to amend the Secretary's existing designation.  Accordingly, Messrs. Wolf and Cuccinelli were named to their respective positions of Acting Secretary and Senior Official Performing the Duties of Deputy Secretary by reference to an invalid order of succession.

In this decision we do not review the consequences of Mr. McAleenan's service as Acting Secretary, other than the consequences of the November delegation, nor do we review the consequences of Messers. Wolf and Cuccinelli service as Acting Secretary and Senior Official Performing the Duties of Deputy Secretary respectively. We are referring the question as to who should be serving as the Acting Secretary and the Senior Official Performing the Duties of Deputy Secretary to the DHS Office of Inspector General for its review. We also refer to the Inspector General the question of consequences of actions taken by these officials, including consideration of whether actions taken by these officials may be ratified by the Acting Secretary and Senior Official Performing the Duties of Deputy Secretary as designated in the April Delegation.

Thomas H. Armstrong
General Counsel

---

duties of the Deputy Secretary so long as the official does not perform any non-delegable duties of the position.  DHS indicated to us that, to the department's knowledge, no one performed any of the position's non-delegable duties.  Response Letter.

Appendix 1: Figure Illustrating the Legal Framework for Designating an Acting Secretary of Homeland Security, Calendar Year 2019



Source: GAO analysis of DHS documents.  |  B-331650.

[a] The Federal Vacancies Reform Act of 1998 (Vacancies Reform Act) is the default framework to designate acting officials for presidentially appointed, Senate confirmed positions.  5 U.S.C. §§ 3345–3349d.

[b] The Homeland Security Act of 2002, as amended, (HSA) provides an order of succession outside of the Vacancies Reform Act when a vacancy arises in the position of Secretary of Homeland Security (Secretary).  6 U.S.C. § 113(g).  This includes authority for the Secretary to designate officers to serve as Acting Secretary, which the Secretary implemented through DHS Delegation 00106 and its various revisions.

[c] The President issued Executive Order 13753 providing an order of succession to serve as Acting Secretary under the Vacancies Reform Act.  Exec. Order 13753, *Amending the Order of Succession in the Department of Homeland Security*, 81 Fed. Reg. 90,667 (Dec. 9, 2016).