# Exhibit 15

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CASA DE MARYLAND,** *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil No. PWG-17-2942 |
| **U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.*, | * | |
| | * | |
| *Defendants*. | ****** | |

## ORDER

This case regarding the U.S. Department of Homeland Security's rescission of the Deferred Action for Childhood Arrivals ("DACA") policy is on remand from the Fourth Circuit Court of Appeals. On March 12, 2018, Judge Titus granted in part and denied in part Defendants' motion to dismiss or, in the alternative, for summary judgment. Memorandum Order, ECF No. 46, *amended by* ECF No. 49 (Mar. 15, 2018). On appeal, the Fourth Circuit affirmed in part, reversed in part, vacated in part, dismissed in part, and remanded. Judgment, ECF No. 83, published at *Casa De Maryland v. U.S. Dep't of Homeland Sec.*, 924 F.3d 684 (4th Cir. 2019).

The Fourth Circuit held that "the Department's decision to rescind DACA was arbitrary and capricious and must be set aside." *Casa De Maryland v. U.S. Dep't of Homeland Sec.*, 924 F.3d at 705. Therefore, the Fourth Circuit "reverse[d] the district court's ruling sustaining the rescission of the policy as valid under 5 U.S.C. § 706(2)(A)" and "vacated [DACA's rescission] as arbitrary and capricious." *Id.* at 706. Likewise, in separate challenges to the DACA rescission, on June 18, 2020, the Supreme Court held that the rescission of DACA "was arbitrary and capricious in violation of the APA." *Dep't of Homeland Sec. v. Regents of the Univ. of*

*California*, 140 S. Ct. 1891, 1915 (2020). The DACA rescission occurred on September 5, 2017. *See Casa De Maryland v. U.S. Dep't of Homeland Sec.*, 924 F.3d at 693–94. Therefore, the Fourth Circuit explained that its Judgment vacating the DACA rescission "restores DACA to its pre-September 5, 2017, status . . . ." *Id.* at 706.

Plaintiffs also challenged the September 5, 2017 changes to DACA's information-sharing policy and requested an injunction based on equitable estoppel. Judge Titus granted the injunction, but the Fourth Circuit held that "Plaintiffs could not reasonably believe that the information they provided as part of their DACA application would never be used for immigration enforcement purposes" and "Plaintiffs' equitable estoppel claim thus necessarily fails." *Id.* at 705–06. Accordingly, the Fourth Circuit "reverse[d] the district court's ruling finding Plaintiffs entitled to injunctive relief on equitable estoppel grounds, reverse[d] the grant of summary judgment in Plaintiffs' favor, and vacate[d] the injunction." *Id.* at 706. Nonetheless, the Fourth Circuit explained that its decision "restor[ing] DACA to its pre-September 5, 2017, status, render[ed] a nullity the information-sharing policies announced on September 5." *Id.* at 706.

Finally, the Fourth Circuit dismissed Plaintiffs' constitutional claims. The Fourth Circuit "decline[d] to decide whether DACA's rescission violates the Fifth Amendment's due process and equal protection guarantees under the 'well established principle governing the prudent exercise of this [c]ourt's jurisdiction that normally the [c]ourt will not decide a constitutional question if there is some other ground upon which to dispose of the case.'" *Id.* (quoting *Escambia Cty. v. McMillan*, 466 U.S. 48, 51 (1984) (per curiam)) (alterations in original). The Fourth Circuit "also decline[d] to decide whether Plaintiffs' Fifth Amendment rights were violated by the policies announced on September 5, 2017, regarding the sharing of personal

information from DACA applicants" given that its decision "render[ed] a nullity the information-sharing policies announced on September 5." *Id.* Therefore, the Fourth Circuit "vacate[d] the district court's judgment on these issues and dismiss[ed] those claims." *Id.* at 706–07.

The Fourth Circuit remanded this case to this Court for further proceedings consistent with its Judgment. *Id.* Based on the foregoing, all of the issues in this case have been determined. Therefore, in accordance with the Judgment of the Fourth Circuit Court of Appeals, ECF No. 83, and the Supreme Court's decision in *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891 (2020), it is this 17th day of July, 2020, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Court ADJUDGES AND DECLARES that the DACA rescission and actions taken by Defendants to rescind the DACA policy are arbitrary and capricious, in violation of 5 U.S.C. § 706(2)(A);[1]

2. The rescission of the DACA policy is VACATED, and the policy is restored to its pre-September 5, 2017 status;[2]

3. Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, are ENJOINED from implementing or enforcing the DACA rescission and from taking any other action to rescind DACA that is not in compliance with applicable law;[3]

4. Plaintiff's estoppel claim and request for an injunction as it pertains to DACA's information-sharing policies are DENIED;[4]

---

[1] *See Casa De Maryland v. U.S. Dep't of Homeland Sec.*, 924 F.3d at 705–06 (holding that the DACA rescission was arbitrary and capricious under 5 U.S.C. § 706(2)(A)); *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. at 1913–15 (same).
[2] *See Casa De Maryland v. U.S. Dep't of Homeland Sec.*, 924 F.3d at 693–94, 706 ("Our decision
[2] *See Casa De Maryland v. U.S. Dep't of Homeland Sec.*, 924 F.3d at 693–94, 706 ("Our decision today restores DACA to its pre-September 5, 2017, status . . . .").
[3] *See id.* at 706 ("DACA's rescission is vacated as arbitrary and capricious, and the matter is remanded for further proceedings consistent with this opinion.").
[4] *See id.* at 705–06 ("We reverse the district court's ruling finding Plaintiffs entitled to injunctive relief on equitable estoppel grounds, reverse the grant of summary judgment in Plaintiffs' favor, and vacate the injunction.").

3

5. Nonetheless, because this Order restores the DACA policy to its pre-September 5, 2017 status, the information-sharing polices announced on September 5, 2017 are VOID;[5]

6. Under the doctrine of constitutional avoidance, and given that the information-sharing policies announced on September 5, 2017 are void, this Court does not address Plaintiffs' constitutional claims and those claims are DISMISSED;[6]

7. The Clerk SHALL CLOSE this case.

        /S/
Paul W. Grimm
United States District Judge

---

[5] *See id.* at 706 ("Our decision today restores DACA to its pre-September 5, 2017, status, rendering a nullity the information-sharing policies announced on September 5.").

[6] *See id.* at 706–07 ("Because we find it unnecessary to decide Plaintiffs' constitutional challenges to DACA's rescission and the related changes to the Department's policies governing use of information provided by DACA applicants, we vacate the district court's judgment on these issues and dismiss those claims.").