**U.S. Department of Homeland Security**
Washington, DC 20528



RATIFICATION OF ACTIONS TAKEN BY THE ACTING SECRETARY OF HOMELAND SECURITY

I am affirming and ratifying each of my delegable prior actions as Acting Secretary, *see* 5 U.S.C. § 3348(a)(2), (d)(2), out of an abundance of caution because of a recent Government Accountability Office (GAO) opinion, *see* B-331650 (Comp. Gen., Aug. 14, 2020), and recent actions filed in federal court alleging that the November 8, 2019, order of succession issued by former Acting Secretary Kevin McAleenan was not valid. *See, e.g.*, *Guedes v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 920 F.3d 1, (D.C. Cir. 2019) ("We have repeatedly held that a properly appointed official's ratification of an allegedly improper official's prior action . . . resolves the claim on the merits by remedy[ing] the defect (if any) from the initial appointment" (quote marks omitted) (second alteration in original)).

When former Acting Secretary McAleenan resigned on November 13, 2019, I began serving as Acting Secretary in accordance with the order of succession former Acting Secretary McAleenan designated on November 8, 2019, under the Homeland Security Act (HSA), 6 U.S.C. § 113(g)(2) (enacted on Dec. 23, 2016, Pub. L. 114–328, div. A, title XIX, § 1903(a), 130 Stat. 2672). That designation of the order of succession followed former Secretary Kirstjen Nielsen's April 9, 2019, designation of the order of succession, also pursuant to section 113(g)(2), which resulted in Mr. McAleenan serving as Acting Secretary when former Secretary Nielsen resigned.

The Secretary of Homeland Security's authority to designate the order of succession under section 113(g)(2) is an alternative means to the authority of the Federal Vacancies Reform Act (FVRA) to designate an Acting Secretary of Homeland Security. Section 113(g)(2) provides that it applies "notwithstanding" the FVRA; thus, when there is an operative section 113(g)(2) order of succession, it alone governs which official shall serve as Acting Secretary. Accordingly, I properly began serving as Acting Secretary on November 13, 2019. Because section 113(g)(2) authorizes the designation of an Acting Secretary "notwithstanding chapter 33 of title 5" in its entirety, section 113(g)(2) orders addressing the line of succession for the Secretary of Homeland Security are subject to neither the FVRA provisions governing which officials may serve in an acting position, *see* 5 U.S.C. § 3345, nor FVRA time constraints, *see id.* § 3346.

On September 10, 2020, President Donald J. Trump nominated me to serve as Secretary of Homeland Security. Because I have been serving as the Acting Secretary pursuant to a section 113(g)(2) order of succession, the FVRA's prohibition on a nominee's acting service while his or her nomination is pending does not apply, and I remain the Acting Secretary notwithstanding my nomination. *Compare* 6 U.S.C. § 113(a)(1)(A) (cross-referencing the FVRA without the "notwithstanding" caveat), *with id.* § 113(g)(1)–(2) (noting the FVRA

provisions and specifying, in contrast, that section 113(g) provides for acting secretary service "notwithstanding" those provisions); *see also* 5 U.S.C. § 3345(b)(1)(B) (restricting acting officer service under section 3345(a) by an official whose nomination has been submitted to the Senate for permanent service in that position).

That said, there have been recent challenges to whether my service is invalid, which rest on the erroneous contentions that the orders of succession issued by former Secretary Nielsen and former Acting Secretary McAleenan were invalid. If those contentions were legally correct—meaning that neither former Secretary Nielsen nor former Acting Secretary McAleenan would have issued a valid section 113(g)(2) order of succession—then the FVRA would apply and Executive Order 13753 (published on December 14, 2016, under the FVRA) would continue to govern the order of succession for the Secretary of Homeland Security.

The FVRA provides an alternative basis for an official to exercise the functions and duties of the Secretary temporarily in an acting capacity. In that alternate scenario, under the authority of the FVRA, 5 U.S.C. § 3345(a)(2), when the President submitted my nomination, Peter Gaynor, the Administrator of the Federal Emergency Management Agency (FEMA), would have become eligible to exercise the authority of the Secretary temporarily in an acting capacity. This is because Executive Order 13753 pre-established the President's succession order for the Department when the FVRA applies,[1] Mr. Gaynor would be the most senior official eligible to serve as the Acting Secretary under that succession order, and my nomination restarted the FVRA's time limits, 5 U.S.C. § 3346(a)(2).

Out of an abundance of caution and to minimize any disruption to the Department of Homeland Security and to the Administration's Homeland Security mission, on September 10, 2020, Mr. Gaynor exercised any authority of the position of Acting Secretary that he had to designate an order of succession under 6 U.S.C. § 113(g)(2) (the "Gaynor Order"). Mr. Gaynor re-issued the order of succession established by former Acting Secretary McAleenan on November 8, 2019, and placed the Under Secretary for Strategy, Policy, and Plans above the FEMA Administrator in the order of succession. Once the Gaynor Order was executed, it superseded any authority Mr. Gaynor may have had under the FVRA and confirmed my authority to continue to serve as the Acting Secretary. Thus, in addition to the authority I possess pursuant to the November 8, 2019, order of succession effectuated by former Acting Secretary McAleenan, the Gaynor Order alternatively removes any doubt that I am currently serving as the Acting Secretary.

I have full and complete knowledge of the contents and purpose of any and all actions taken by me since November 13, 2019. Among my prior actions that I am ratifying is a Final Rule I approved and issued in the Federal Register at 85 Fed. Reg. 46,788 (Aug. 3, 2020). Former Acting Secretary McAleenan issued a Notice of Proposed Rulemaking (NPRM) for that Final Rule at 84 Fed. Reg. 62,280 (Nov. 14, 2019), and I am familiar with that NPRM having previously approved the Final Rule. I believe that all of the aforementioned actions as Acting

---

[1] Executive Order 13753, Amending the Order of Succession in the Department of Homeland Security, 81 Fed. Reg. 90667 (Dec. 14, 2016).

RATIFICATION OF ACTIONS TAKEN BY THE ACTING SECRETARY OF HOMELAND SECURITY
Page **3** of **3**

Secretary since November 13, 2019, were legally authorized and entirely proper.  However, to avoid any possible uncertainty and out of an abundance of caution, pursuant to the Secretary of Homeland Security's authorities under, *inter alia*, the Homeland Security Act of 2002, Pub. L. No 207-296, as amended, and 5 U.S.C. §§ 301-302, I hereby affirm and ratify any and all actions involving delegable duties that I have taken from November 13, 2019, through September 10, 2020, the date of the execution of the Gaynor Order, and I hereby affirm and ratify the above noted November 14, 2019 NPRM originally approved by former Acting Secretary McAleenan.

_____     \_September 17, 2020\_\_\_\_
Chad F. Wolf                                          Date
Acting Secretary

3