

**U.S. Department of Homeland Security**
Washington, DC 20528

### Ratification of Certain Actions Taken by Former Acting Secretary Kevin McAleenan and One Action Taken by U.S. Citizenship and Immigration Services Deputy Director for Policy Joseph Edlow

I am affirming and ratifying certain delegable actions taken by Acting Secretary McAleenan, *see* 5 U.S.C. § 3348(a)(2), (d)(2), and one delegable action taken by U.S. Citizenship and Immigration Services (USCIS) Deputy Director for Policy, Edlow, as listed below, out of an abundance of caution because of a recent Government Accountability Office (GAO) opinion, *see* B-331650 (Comp. Gen., Aug. 14, 2020), and recent actions filed in federal court alleging that the November 8, 2019, order of succession issued by former Acting Secretary Kevin McAleenan was not valid. *See, e.g.*, *Guedes v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 920 F.3d 1, 13 (D.C. Cir. 2019) ("We have repeatedly held that a properly appointed official's ratification of an allegedly improper official's prior action . . . resolves the claim on the merits by remedy[ing] the defect (if any) from the initial appointment.") (internal quotation marks and citation omitted).

When former Acting Secretary McAleenan resigned on November 13, 2019, I began serving as Acting Secretary in accordance with the order of succession former Acting Secretary McAleenan had designated on November 8, 2019, under the Homeland Security Act (HSA), 6 U.S.C. § 113(g)(2) (enacted on Dec. 23, 2016, Pub. L. 114–328, div. A, title XIX, § 1903(a), 130 Stat. 2672). That designation of the order of succession followed former Secretary Kirstjen Nielsen's April 9, 2019, designation of the order of succession, also pursuant to § 113(g)(2), which resulted in Mr. McAleenan's serving as Acting Secretary when former Secretary Nielsen resigned.

The Secretary of Homeland Security's authority to designate the order of succession under § 113(g)(2) is an alternative means to the authority of the Federal Vacancies Reform Act (FVRA) to designate an Acting Secretary of Homeland Security. Section 113(g)(2) provides that it applies "notwithstanding" the FVRA; thus, when there is an operative § 113(g)(2) order of succession, it alone governs which official shall serve as Acting Secretary. Accordingly, I properly began serving as Acting Secretary on November 13, 2019. Because § 113(g)(2) authorizes the designation of an Acting Secretary "notwithstanding chapter 33 of title 5" in its entirety, § 113(g)(2) orders addressing the line of succession for the Secretary of Homeland Security are subject to neither the FVRA provisions governing which officials may serve in an acting position, *see* 5 U.S.C. § 3345, nor FVRA time constraints, *see id.* § 3346.

On September 10, 2020, President Donald J. Trump nominated me to serve as Secretary of Homeland Security. Because I have been serving as the Acting Secretary pursuant to a § 113(g)(2) order of succession, the FVRA's prohibition on a nominee's acting service while his or her nomination is pending does not apply, and I remain the Acting Secretary notwithstanding my nomination. *Compare* 6 U.S.C. § 113(a)(1)(A) (cross-referencing the FVRA without the "notwithstanding" caveat), *with id.* § 113(g)(1)–(2) (noting the FVRA provisions and specifying,

Ratification of Certain Actions Taken by Former Acting Secretary Kevin McAleenan and One Action Taken by U.S. Citizenship and Immigration Services Deputy Director for Policy Joseph Edlow
Page **2** of **3**

in contrast, that § 113(g) provides for acting secretary service "notwithstanding" those provisions); *see also* 5 U.S.C. § 3345(b)(1)(B) (restricting acting officer service under § 3345(a) by an official whose nomination has been submitted to the Senate for permanent service in that position).

That said, there have been recent challenges that my service is invalid, resting on the erroneous contentions that the orders of succession issued by former Secretary Nielsen and former Acting Secretary McAleenan were invalid. If those contentions were legally correct—meaning that neither former Secretary Nielsen nor former Acting Secretary McAleenan issued a valid § 113(g)(2) order of succession—then the FVRA would have applied and Executive Order 13753 (published on December 14, 2016, under the FVRA) would have governed the order of succession for the Secretary of Homeland Security from the date of Nielsen's resignation.

The FVRA provides an alternative basis for an official to exercise the functions and duties of the Secretary temporarily in an acting capacity. In that alternate scenario, under the authority of the FVRA, 5 U.S.C. § 3345(a)(2), when the President submitted my nomination, Peter Gaynor, the Administrator of the Federal Emergency Management Agency (FEMA), would have become eligible to exercise the functions and duties of the Secretary temporarily in an acting capacity. This is because Executive Order 13753 pre-established the President's succession order for the Department when the FVRA applies,[1] Mr. Gaynor would have been the most senior official eligible to exercise the functions and duties of the Secretary under that succession order, and my nomination would have restarted the FVRA's time limits, 5 U.S.C. § 3346(a)(2).

Out of an abundance of caution and to minimize any disruption to the Department of Homeland Security and to the Administration's Homeland Security mission, on September 10, 2020, Mr. Gaynor exercised any authority of the position of Acting Secretary that he had to designate an order of succession under 6 U.S.C. § 113(g)(2) (the "Gaynor Order"). Mr. Gaynor re-issued the order of succession established by former Acting Secretary McAleenan on November 8, 2019, and placed the Under Secretary for Strategy, Policy, and Plans above the FEMA Administrator in the order of succession. Once the Gaynor Order was executed, it superseded any authority Mr. Gaynor may have had under the FVRA and confirmed my authority to continue to serve as the Acting Secretary. Thus, in addition to the authority I possess pursuant to the November 8, 2019, order of succession effectuated by former Acting Secretary McAleenan, the Gaynor Order alternatively removes any doubt that I am currently serving as the Acting Secretary.

I have full knowledge of the following actions taken by former Acting Secretary McAleenan and USCIS Deputy Director for Policy Edlow, and believe that these actions were legally authorized and entirely proper:

---

[1] Executive Order 13753, Amending the Order of Succession in the Department of Homeland Security, 81 Fed. Reg. 90667 (Dec. 14, 2016).

Ratification of Certain Actions Taken by Former Acting Secretary Kevin McAleenan and One Action Taken by U.S. Citizenship and Immigration Services Deputy Director for Policy Joseph Edlow
Page **3** of **3**

1. Asylum Eligibility.  Interim Final Rule.  84 Fed. Reg. 33,829 (July 16, 2019) issued by Former Acting Secretary McAleenan.
2. U.S. Citizenship and Immigration Services Fee Schedule and Changes to Certain Other Immigration Benefit Request Requirements.  Notice of Proposed Rulemaking.  84 Fed. Reg. 62,280 (November 14, 2019) issued by Former Acting Secretary McAleenan.
3. Designating Aliens for Expedited Removal.  Federal Register Notice.  84 Fed. Reg. 35,409 (July 23, 2019) issued by Former Acting Secretary McAleenan.
4. Removal of 30-Day Processing Provision for Asylum Applicant-Related Form I-765 Employment Authorization Applications.  Notice of Proposed Rulemaking.  84 Fed. Reg. 47,148 (Sept. 9, 2019) issued by Former Acting Secretary McAleenan.
5. Asylum Application, Interview, and Employment Authorization for Applicants.  Notice of Proposed Rulemaking.  84 Fed. Reg. 62,374 (Nov. 14, 2019) issued by Former Acting Secretary McAleenan.
6. Inadmissibility on Public Charge Grounds.  Final Rule.  84 Fed. Reg. 41,292 (Aug. 14, 2019) issued by Former Acting Secretary McAleenan.  Final rule correction.  84 Fed. Reg. 52,357 (Oct. 2, 2019) issued by Former Acting Secretary McAleenan.
7. Guatemala Refugee Protection.  Former Acting Secretary McAleenan's October 16, 2019 determination issued by Former Acting Secretary McAleenan.
8. USCIS Deputy Director for Policy, Joseph Edlow's memorandum "Implementing Acting Secretary Chad Wolf's July 28, 2020 Memorandum" (August 21, 2020) issued by USCIS Deputy Director for Policy, Joseph Edlow.
9. Acting Secretary Kevin McAleenan's memorandum, "Information Regarding First Amendment Protected Activities" (May 17, 2019) issued by Former Acting Secretary McAleenan.

To avoid any possible uncertainty and out of an abundance of caution, pursuant to the Secretary of Homeland Security's authorities under, *inter alia*, the Homeland Security Act of 2002, Pub. L. No 207-296, as amended, and 5 U.S.C. §§ 301-302, I hereby make a detached and considered affirmation and ratification of the above noted actions originally taken and approved by former Acting Secretary McAleenan and USCIS Deputy Director for Policy Edlow.

_____   10/7/2020
Chad F. Wolf                                Date
Acting Secretary