**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTÍN JONATHAN BATALLA VIDAL, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>CHAD F. WOLF, *et al.*,<br><br>        Defendants. | No. 16-cv-4756 (NGG) (VMS) |

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD TRUMP, *et al.*,<br><br>        Defendants. | No. 17-cv-5228 (NGG) (VMS) |

**JOINT STATUS REPORT**

      Pursuant to the Court's December 4, 2020 order in the above-captioned matters, *Batalla Vidal* ECF No. 354, the parties, having conferred, jointly submit the following status report. As explained more detail below, the parties agree in part and disagree in part on the scope of any appropriate additional remedies in these matters.

**The Parties' Agreements**

      Before and after the Court's December 4, 2020 Order, the parties have been negotiating and conferring on the subject of the appropriate remedies in light of the current status of this litigation. In addition to the various forms of relief that the Court has already ordered—that is, (1) vacatur of the Wolf Memorandum; (2) prominent notice of the Court's order and Defendants'

immediate changes to the DACA policy on government websites, *see Batalla Vidal* ECF No. 355; and (3) a January 4, 2021 deadline for a status report from Defendants including a variety of statistical information—the parties have now reached the following additional agreements[1]:

1. Defendants will send individualized paper notice to all relevant class members that their current period of deferred action under DACA has now been extended from one year to two years.

2. Defendants will send individualized paper notice to all relevant class members that their existing one-year employment authorization documents (EADs) have now been extended by DHS/USCIS to two years. These notices could be presented to an employer as definitive evidence of the extension of the validity period of the EADs. These notices would also be specific to each individual, and also specifically note that they are to be accepted for I-9 verification.

3. Defendants will send individualized paper notice to all relevant class members whose first-time requests for consideration of deferred action under DACA were received at a USCIS lockbox on or after June 30, 2020, and were rejected pursuant to the Wolf Memorandum.

4. Defendants will send individualized paper notice to all relevant class members whose DACA-based applications for an advance parole document were received at a USCIS lockbox on or after June 30, 2020, and were rejected pursuant to the Wolf Memorandum.

5. Defendants will publish and distribute guidance—available to the general public, state and federal agencies, and employers—about the significance of these changes, including instructions to employers for completing Form I-9, Employment Eligibility Verification, when presented with these automatically extended EADs. This guidance will also make clear that these automatically extended EADs should be treated as having a two-year expiration date for all purposes for which such EADs are considered, including when verifying eligibility for state services or benefits.

---

[1] As set forth in greater detail below, despite their best efforts to reach a full negotiated resolution of these matters, the parties disagree with respect to the appropriate timing of these remedial tasks.

Should any additional remedial disputes arise in the future, the parties will first meet and confer in an attempt to resolve them without the need for judicial involvement. Notwithstanding these agreements, however, all parties reserve their right to seek any appropriate relief in the future. In particular, Defendants reserve their right to seek appellate relief and an accompanying stay, if appropriate. And Plaintiffs reserve their right to request "further remedies if they become necessary," given that the Court has "retain[ed] jurisdiction of this matter for purposes of construction, modification, and enforcement of" the Court's December 4, 2020 remedial order. *Batalla Vidal* ECF No. 354.

In addition, the parties set forth the following additional subjects on which, despite their best efforts, they were unable to reach agreement.[2]

### Plaintiffs' Position

The parties disagree regarding three points related to the agreed relief identified in this joint status report: the timing for Defendants to provide the notices described above; Plaintiffs' ability to review and comment on those documents before they are finalized; and whether Defendants should mail new EADs to class members before the current EADs expire. As described below, Plaintiffs believe that as to these three points, the additional relief they seek is necessary and narrowly tailored to cure Defendants' unlawful conduct, effectuate the Court's prior orders, and put class members in the same position they would have been in had their EADs been lawfully issued with the correct two-year term in the first place. Plaintiffs look forward to discussing these points with the Court and Defendants' counsel at the status conference tomorrow.

1. **Defendants should send notices to class members by December 31, 2020.** The parties disagree about the meaning of the Court's December 4, 2020 order stating that "[t]he government is DIRECTED to prepare to provide mailed notice to all class members by December 31, 2020."

---

[2] *See* Ex. 1, Meet-and-Confer Email Chain.

Plaintiffs' position is that the Court's order requires that notices be mailed by December 31, 2020, rather than merely taking steps to mail a notice at a future date.

**2. Content of the notices for class members.** Plaintiffs request that the Court order the parties to meet and confer on the text of the notice(s) to be sent by Defendants to class members as required by the Court's December 4 Order and parties agreements in paragraphs 1-4 above. If the parties are unable to reach agreement, they should advise the court of their positions on the content of the notice(s) by December 21, 2020. Moreover, in the experience of undersigned counsel, it is common for the federal government to negotiate with class counsel about the content of the notices it will provide to affected class members. *See, e.g., Darweesh v. Trump*, No.17 -cv-480-CBA-LB (E.D.N.Y Sept. 1, 2017), ECF No. 218-1.

**3. New EADs and Notices are Necessary to Make Class Members whole.**

In order to make whole the class members who received a one-year EAD rather than a two-year EAD and in the position they would have been absent Defendants' unlawful issuance of the Wolf Memo, Plaintiffs need two things: (a) proof within a short time frame that their EADs have been extended from one year to two, and (b) physical EAD cards reflecting the extension of their EAD validity period to two years. As Plaintiffs noted in their previous submissions, "EADs are the primary form of government identification for DACA recipients," and are used for a variety of purposes, from showing work authorization, to demonstrating that a drivers' license remains valid in certain states, and other critical employment and governmental purposes. Plaintiffs' Joint Reply Mot. for Partial Summary J., Dkt. 353 (Dec. 4, 2020). A paper notice that does not have a photo ID and other hallmarks of an official ID simply does not replace the value a physical EAD card. Plaintiffs recognize that provision of physical EAD cards will take some time. Thus, Plaintiffs believe that more immediate provision of proof that an individuals' EAD has been extended from one year to two is critical. See e.g., Suppl. Decl. Batalla Vidal, Dkt. 309-5, Ex. D. Plaintiffs proposed several potential options with the aim of satisfying class members' need for timely proof that their EADs are valid for two years and for physical EAD cards while ameliorating the

government's concerns about fraud, but the parties were unable to reach agreement by the time of filing.

For these reasons, Plaintiffs respectfully request that the Court (1) adopt the parties' agreement, set forth above; (2) direct Defendants to issue a notice that EADs were extended from one year to two years and to issue a physical EAD card valid for the extended year; (3) clarify that the deadline for Defendants to send the notice(s), pursuant to the Court's December 4 Order, is December 31, 2020; and (4) order the parties to meet and confer on the text of the notice(s) to be sent by Defendants to class members as required by the Court's December 4 Order and, if unable to reach agreement, to notify the court of their positions by December 21, 2020.

## **Defendants' Position**

Despite significant logistical challenges, and despite the settled principle that there is no legal obligation to provide *any* form of individualized notice to members of a class certified under Federal Rule of Civil Procedure 23(b)(2), *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011), Defendants have agreed, nearly verbatim, to nearly all of Plaintiffs' requests—and certainly to all of the most significant ones. What Defendants have already agreed to above would provide complete relief (and more) to members of the class, and Defendants believe it could be accomplished—albeit through significant burden and expense—no later than 30 days from today. The Court should therefore accept the parties' proposal above, set a deadline of January 8, 2021, and reject Plaintiffs' remaining proposals. Defendants address each area of disagreement in greater detail below, and will be prepared to discuss these topics at tomorrow's status conference.

**1. Timing.** With respect to the precise timing of the five remedial steps outlined above, on which the parties have otherwise reached full agreement, Defendants regret that it has become necessary to present the Court with a dispute over whether such notice and guidance be issued within 30 days (*i.e.*, by January 8), rather than issued within 22 days (*i.e.*, by December 31). Plaintiffs originally proposed a 30-day deadline for notice to be provided to class members whose initial DACA requests or applications for advance parole had been rejected pursuant to the Wolf

5

Memorandum—only to change course on filing day, and propose that *all* notice-related tasks be accomplished by December 31. *See* Ex. 1. Thirty days is already an extraordinarily short timeline to send individualized, hard-copy paper notice through the U.S. mail to tens of thousands of individuals, and Defendants have grave concerns about their actual ability to accomplish all of these tasks before December 31. Defendants, however, believe that they *can* do so by January 8, absent any unexpected challenges. Accordingly, Defendants respectfully request that the Court set January 8 as the deadline for the agreed-upon tasks above, rather than December 31.[3]

**2. Sharing deliberative drafts with opposing counsel.** Plaintiffs' counsel have requested an opportunity to review Defendants' draft notices in advance of finalizing and sending them through the mail. There is no legal basis for this request, and it raises significant institutional concerns for Defendants. Among other reasons, such drafts are likely to be subject to one or more privileges. For obvious reasons, as a general matter, neither the Department of Justice nor the Department of Homeland Security would typically share deliberative drafts outside the federal government, and this case presents no compelling reason for an exception to that reasonable position. Defendants have already agreed to the content of the notices (as detailed above), so Plaintiffs already know, in substance, what these notices are going to say. In the (presumably unlikely) event that Plaintiffs are dissatisfied with the final form of the notice language, they can raise any issues with the Government, and present any irreconcilable disputes to the Court, in the normal course.

In addition, Plaintiffs' proposal would necessarily create additional delay. Defendants' proposed 30-day timeline assumes that the notice language is finalized immediately. Defendants have *already* prepared a draft, in order to expedite this process as greatly as possible. If Defendants were ordered to share that draft with Plaintiffs, and solicit comments and feedback from Plaintiffs,

---

[3] Although the Court referenced December 31, 2020 in its December 4, 2020 Order—which was issued without the benefit of the parties' positions on this timing nuance, and before the parties reached the significant agreements set forth above—Defendants do not read that language as actually setting a deadline of December 31, 2020. And for the reasons stated in this document, January 8, 2021 is a more appropriate deadline.

6

it will necessarily slow this process down, with little or no corresponding benefit, and further jeopardize Defendants' ability to complete these logistically challenging tasks by January 8 (let alone by December 31).

**3. Issuing multiple forms of Employment Authorization Document (EAD) extension documents to the same individual.** Defendants have agreed that within 30 days, they will send individualized notice to every relevant class member that their 1-year EADs have been extended to 2-year durations. Per the parties' agreement, this notice "could be presented to an employer as definitive evidence of the extension of the validity period of the EADs," "would also be specific to each individual," and would "specifically note that they are to be accepted for I-9 verification." With respect to their authorization to work in this country—and to provide definitive evidence of that authorization to current or future employers or prospective employers—this agreement provides Plaintiffs with complete relief.

Nevertheless, Plaintiffs also ask that Defendants take the additional step of sending those same class members actual updated EAD cards, reflecting the two-year duration (that is, in *addition* to the individualized notice that their existing 1-year authorization has now been extended to two years). For the reasons above, that step is unnecessary, as a legal matter—it would accomplish nothing beyond the proposal to which Defendants have already agreed. And Defendants' agreement—originally proposed by Defendants—that the agency will also publish and distribute guidance regarding the validity of these extended EADs addresses any concern that other entities (such as private employers, or state agencies) will behave improperly by failing to treat the extended EADs as they should be treated.

In addition, and perhaps most importantly, Plaintiffs' proposal creates a significant risk of fraud. DHS and USCIS, whenever possible, avoid issuing multiple identity or verification documents to the same individual that are valid for the same (or partially overlapping) periods, because doing so necessarily creates a significant risk of fraud. Issuing the same person (1) an individualized notice that their existing one-year EAD has been extended to two years, and (2) an updated EAD card that is also valid for two years, creates an opportunity for security and fraud

7

risks that Defendants are not willing to accept—particularly where, as here, that risk is entirely unnecessary.[4]

\*     \*     \*

For these reasons, Defendants respectfully request that the Court (1) adopt the parties' agreement, set forth above; (2) set the deadline for Defendants to complete these tasks as January 8, 2021, rather than December 31, 2020; and (3) reject Plaintiffs' remaining requests for relief.

---

[4] In the event that the Court does order Defendants to provide updated EAD cards in addition to the individualized notices it has already agreed to, it should set the deadline for doing so no earlier than nine months into their current validity periods. Such documents would only be beneficial to Plaintiffs (if ever) when the original one-year terms expired.

Dated: December 9, 2020  Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

SETH D. DUCHARME
Acting United States Attorney

BRAD P. ROSENBERG
Assistant Branch Director

 /s/   *Stephen M. Pezzi*
GALEN N. THORP
  Senior Trial Counsel
STEPHEN M. PEZZI
RACHAEL L. WESTMORELAND
  Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-8576
Fax: (202) 616-8470
Email: stephen.pezzi@usdoj.gov

JOSEPH A. MARUTOLLO
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, NY  11201
Phone:  (718) 254-6288
Fax:  (718) 254-7489
Email:  joseph.marutollo@usdoj.gov

*Attorneys for Defendants*

                                                                            */s/*      *Mayra B. Joachin*

| | |
|---|---|
| Camila Bustos, Law Student Intern* | Mayra B. Joachin, Esq. (*pro hac vice*) |
| Armando Ghinaglia, Law Student Intern | Araceli Martínez-Olguín, Esq. (AM 2927) |
| Angie Liao, Law Student Intern* | NATIONAL IMMIGRATION LAW CENTER |
| Edgar A. Melgar, Law Student Intern* | 3450 Wilshire Blvd. #108-62 |
| Medha Swaminathan, Law Student Intern* | Los Angeles, CA 90010 |
| Ramis Wadood, Law Student Intern | (213) 639-3900 |
| Muneer I. Ahmad, Esq. (MA 9360) | joachin@nilc.org |
| Marisol Orihuela, Esq. (*pro hac vice*) | |
| Michael J. Wishnie, Esq. (MW 1952) | Trudy S. Rebert, Esq. (TR 6959) |
| JEROME N. FRANK LEGAL SERVICES ORG. | NATIONAL IMMIGRATION LAW CENTER |
| P.O. Box 209090 | P.O. Box 721361 |
| New Haven, CT 06520 | Jackson Heights, NY 11372 |
| (203) 432-4800 | (646) 867-8793 |
| | |
| Karen C. Tumlin, Esq. (*pro hac vice*) | Paige Austin, Esq. (PA 9075) |
| Cooperating Attorney | MAKE THE ROAD NEW YORK |
| JEROME N. FRANK LEGAL SERVICES ORG. | 301 Grove Street |
| P.O. Box 209090 | Brooklyn, NY 11237 |
| New Haven, CT 06520 | (718) 418-7690 |
| (323) 316-0944 | |

\* Motion for law student appearance forthcoming

                                               *Attorneys for Batalla Vidal, et al., Plaintiffs*

>**LETITIA JAMES**
>Attorney General of the State of New York
>
>By: */s/ Matthew Colangelo*
>    Matthew Colangelo,
>        Chief Counsel for Federal Initiatives
>    Sania Khan, Assistant Attorney General
>    Joseph Wardenski, Senior Trial Counsel
>    Office of the New York State Attorney General
>    28 Liberty Street
>    New York, NY 10005
>    Matthew.Colangelo@ag.ny.gov
>    Tel. (212) 416-6057
>    Fax (212) 416-6007
>
>
>*Attorneys for State of New York Plaintiffs*