

U.S. Department of Homeland Security
Washington, DC 20528

RATIFICATION

I am affirming and ratifying each of my delegable prior actions as Acting Secretary (*see* 5 U.S.C. § 3348(a)(2), (d)(2)), as limited below, and I am affirming and ratifying certain delegable actions taken by former Acting Secretary Kevin McAleenan (*see id.*) and one delegable action taken by U.S. Citizenship and Immigration Services (USCIS) Deputy Director for Policy, Joseph Edlow, as listed below, out of an abundance of caution because of a Government Accountability Office (GAO) opinion, *see* B-331650 (Comp. Gen., Aug. 14, 2020), and recent actions filed in federal court alleging that the November 8, 2019, order of succession issued by former Acting Secretary McAleenan was not valid. *See, e.g.*, *Guedes v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 920 F.3d 1, (D.C. Cir. 2019) ("We have repeatedly held that a properly appointed official's ratification of an allegedly improper official's prior action . . . resolves the claim on the merits by remedy[ing] the defect (if any) from the initial appointment" (quote marks omitted) (second alteration in original)).

When former Acting Secretary McAleenan resigned on November 13, 2019, I began serving as Acting Secretary in accordance with the order of succession former Acting Secretary McAleenan designated on November 8, 2019, under the Homeland Security Act (HSA), 6 U.S.C. § 113(g)(2) (enacted on Dec. 23, 2016, Pub. L. 114–328, div. A, title XIX, § 1903(a), 130 Stat. 2672). That designation of the order of succession followed former Secretary Kirstjen Nielsen's April 9, 2019, designation of the order of succession, also pursuant to § 113(g)(2), which resulted in Mr. McAleenan serving as Acting Secretary when former Secretary Nielsen resigned.

The Secretary of Homeland Security's authority to designate the order of succession under § 113(g)(2) is an alternative means to the authority of the Federal Vacancies Reform Act (FVRA) to designate an Acting Secretary of Homeland Security. Section 113(g)(2) provides that it applies "notwithstanding" the FVRA; thus, when there is an operative § 113(g)(2) order of succession, it alone governs which official shall serve as Acting Secretary. Accordingly, I properly began serving as Acting Secretary on November 13, 2019. Because § 113(g)(2) authorizes the designation of an Acting Secretary "notwithstanding chapter 33 of title 5" in its entirety, § 113(g)(2) orders addressing the line of succession for the Secretary of Homeland Security are subject to neither the FVRA provisions governing which officials may serve in an acting position, *see* 5 U.S.C. § 3345, nor FVRA time constraints, *see id.* § 3346.

On September 10, 2020, President Donald J. Trump nominated me to serve as Secretary of Homeland Security. Because I have been serving as the Acting Secretary pursuant to a § 113(g)(2) order of succession, the FVRA's prohibition on a nominee's acting service while his or her nomination is pending does not apply, and I remained the Acting Secretary

notwithstanding my nomination.  *Compare* 6 U.S.C. § 113(a)(1)(A) (cross-referencing the FVRA without the "notwithstanding" caveat), *with id.* § 113(g)(1)–(2) (noting the FVRA provisions and specifying, in contrast, that section 113(g) provides for acting secretary service "notwithstanding" those provisions); *see also* 5 U.S.C. § 3345(b)(1)(B) (restricting acting officer service under section 3345(a) by an official whose nomination has been submitted to the Senate for permanent service in that position).

After the President withdrew my second nomination for the Secretary of Homeland Security on January 6, 2021, pursuant to my authority in § 113(g)(2), I designated a new order of succession for the Secretary of Homeland Security, effective January 11, 2021 at 11:59 p.m. Eastern Standard Time.  This January 11 order of succession designated the Administrator of FEMA as the most senior eligible successor for the Secretary of Homeland Security.  Accordingly, upon the effectiveness of that order of succession, my authority as the Acting Secretary terminated and the Administrator of FEMA began serving as the Acting Secretary.  At that time, I returned to my duties as the Under Secretary for Strategy, Policy, and Plans.  Moreover, Executive Order No. 13753 preestablished the President's succession order for the Secretary when the FVRA applies, and under that Executive Order, the Administrator of FEMA serves as Acting Secretary.

Accordingly, on January 12, 2021, Mr. Gaynor, exercising his authority as the Acting Secretary, pursuant to the HSA, 6 U.S.C. § 113(g)(2), and the FVRA, 5 U.S.C. § 3345(a)(2), delegated to me the authority to approve regulatory actions, establish and issue policies, and to ratify my past policy actions as Acting Secretary, and to ratify specified actions taken by Mr. McAleenan and Mr. Edlow.

I have full and complete knowledge of the contents and purpose of any and all actions taken by me since November 13, 2019.[1]  Among my prior actions that I am ratifying is a Final Rule I approved and issued in the Federal Register at 85 Fed. Reg. 46,788 (Aug. 3, 2020).  Former Acting Secretary McAleenan issued a Notice of Proposed Rulemaking (NPRM) for that Final Rule at 84 Fed. Reg. 62,280 (Nov. 14, 2019), and I am familiar with that NPRM having previously approved the Final Rule.  I believe that all of the aforementioned actions as Acting Secretary since November 13, 2019, were legally authorized and entirely proper.  To avoid any possible uncertainty, however, and out of an abundance of caution, pursuant to the authorities delegated to me in DHS Del. No. 23028, Delegation to the Under Secretary for Strategy, Policy, and Plans (January 12, 2021) by Acting Secretary Gaynor, I hereby affirm and ratify any and all prior regulatory actions involving delegable duties that I have taken from November 13, 2019, through January 11, 2021, I hereby affirm and ratify the above noted November 14, 2019 NPRM originally approved by former Acting Secretary McAleenan and any and all prior actions that I approved since November 13, 2019 through January 11, 2021 that are within the scope of Delegation No 23028.

---

[1] I previously issued ratification orders on September 17, 2020, similar to this present order, *see* Ratification, 85 Fed. Reg. 59651 (Sept. 23, 2020), and Ratification, 85 Fed. Reg. 65653 (Oct. 16, 2020), and on November 16, 2020, similar to this present order, *see* Ratification, 85 Fed. Reg. 75223 (Nov. 25, 2020).  I am issuing this order today, however, to eliminate any potential question about whether the succession orders issued by former Secretary Nielsen and former Acting Secretary McAleenan were insufficient to authorize the actions I took while I served as Acting Secretary.

Further, I have full knowledge of the following actions taken by former Acting Secretary McAleenan and USCIS Deputy Director for Policy Edlow,[2] and believe that these actions were legally authorized and entirely proper:

1. Asylum Eligibility. Interim Final Rule. 84 Fed. Reg. 33,829 (July 16, 2019) issued by Former Acting Secretary McAleenan.

2. U.S. Citizenship and Immigration Services Fee Schedule and Changes to Certain Other Immigration Benefit Request Requirements. Notice of Proposed Rulemaking. 84 Fed. Reg. 62,280 (November 14, 2019) issued by Former Acting Secretary McAleenan.

3. Designating Aliens for Expedited Removal. Federal Register Notice. 84 Fed. Reg. 35,409 (July 23, 2019) issued by Former Acting Secretary McAleenan.

4. Removal of 30-Day Processing Provision for Asylum Applicant-Related Form I-765 Employment Authorization Applications. Notice of Proposed Rulemaking. 84 Fed. Reg. 47,148 (Sept. 9, 2019) issued by Former Acting Secretary McAleenan.

5. Asylum Application, Interview, and Employment Authorization for Applicants. Notice of Proposed Rulemaking. 84 Fed. Reg. 62,374 (Nov. 14, 2019) issued by Former Acting Secretary McAleenan.

6. Inadmissibility on Public Charge Grounds. Final Rule. 84 Fed. Reg. 41,292 (Aug. 14, 2019) issued by Former Acting Secretary McAleenan. Final rule correction. 84 Fed. Reg. 52,357 (Oct. 2, 2019) issued by Former Acting Secretary McAleenan.

7. Guatemala Refugee Protection. Former Acting Secretary McAleenan's October 16, 2019 determination issued by Former Acting Secretary McAleenan.

8. USCIS Deputy Director for Policy, Joseph Edlow's memorandum "Implementing Acting Secretary Chad Wolf's July 28, 2020 Memorandum" (August 21, 2020) issued by USCIS Deputy Director for Policy, Joseph Edlow.

9. Acting Secretary Kevin McAleenan's memorandum, "Information Regarding First Amendment Protected Activities" (May 17, 2019) issued by Former Acting Secretary McAleenan.

To avoid any possible uncertainty and out of an abundance of caution, pursuant to the authorities delegated to me in DHS Del. No. 23028, Delegation to the Under Secretary for Strategy, Policy, and Plans (January 12, 2021) by Acting Secretary Gaynor, and based on my prior reviews of these specific actions, I hereby make a detached and considered affirmation and ratification of

---

[2] The ratification orders I previous issued on November 16, 2020 and on October 7, 2020, ratified these matters as well. *See supra* fn. 4.

RATIFICATION
Page **4** of **4**

the above noted actions originally taken and approved by former Acting Secretary McAleenan and USCIS Deputy Director for Policy Edlow.

_____          January 14, 2021
Chad F. Wolf                              Date
Under Secretary for Strategy, Policy,
and Plans