UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants, <br><br> *and* <br><br> KARLA PEREZ, *et al.*, <br><br> STATE OF NEW JERSEY, <br><br> Defendant-Intervenors. | Case No. 18-cv-00068 |

**NOTICE OF COMPLIANCE WITH
THE COURT'S ORDER [ECF No. 576]**

Pursuant to this Court's Order of Permanent Injunction [ECF No. 576], the Federal Defendants attach the public notice that the Court directed them to post on the websites of the Department of Homeland Security and U.S. Citizenship and Immigration Services. [Exs. 1, 2]. The notices are also available at:

https://www.dhs.gov/deferred-action-childhood-arrivals-daca

https://www.uscis.gov/humanitarian/consideration-of-deferred-action-for-childhood-arrivals-daca.

Because, among the Federal Defendants, U.S. Immigration and Customs Enforcement and U.S. Customs and Border Protection do not have operational responsibility to accept or grant DACA requests, those agencies did not post a public notice pursuant to the Court's injunction.

Dated: July 19, 2021

BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division

AUGUST E. FLENTJE
Special Counsel
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

Respectfully submitted,

JEFFREY S. ROBINS
Attorney-in-Charge
Deputy Director

*/s/ James J. Walker*
JAMES J. WALKER
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 532-4468
Fax: (202) 305-7000
Email: james.walker3@usdoj.gov

*Attorneys for Federal Defendants*

1

## CERTIFICATE OF SERVICE

I certify that on July 19, 2021, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<i>/s/ James J. Walker</i><br>
JAMES J. WALKER

Case 1:18-cv-00068-VMS Document 572-1 Filed 07/23/21 Page 1 of 3
Case 1:18-cv-00068 Document 573-1 Filed 07/19/21 in TXSD Page 2 of 3 PageID #: 15190
Exhibit 1



🇺🇸 Official website of the Department of Homeland Security



U.S. Department of Homeland Security

# Deferred Action for Childhood Arrivals (DACA)

## Important Information About DACA Requests

**DACA Decision in State of Texas, et al., v. United States of America, et al., 1:18-CV-00068, (S.D. Texas July 16, 2021) ("Texas II"):**

On July 16, 2021, the U.S. District Court for the Southern District of Texas held that the DACA policy "is illegal." The Court granted summary judgment on plaintiffs' Administrative Procedure Act (APA) claims; vacated the June 15, 2012 DACA memorandum issued by former Secretary of Homeland Security Napolitano; remanded the memorandum to DHS for further consideration; and issued a permanent injunction prohibiting the government's continued administration of DACA and the reimplementation of DACA without compliance with the APA. The Court, however, temporarily stayed its order vacating the DACA memorandum and its injunction with regard to individuals who obtained DACA on or before July 16, 2021, including those with renewal requests.

Consistent with this order, DHS will continue to accept the filing of both initial and renewal DACA requests, as well as accompanying requests for employment authorization. However, pursuant to the July 16, 2021 order from the Southern District of Texas, DHS is prohibited from granting initial DACA requests and accompanying requests for employment authorization. Also consistent with that order, DHS will continue to grant or deny renewal DACA requests, according to existing policy.

For more information, visit [USCIS's main DACA webpage (https://www.uscis.gov/humanitarian/humanitarian-parole/consideration-of-deferred-action-for-childhood-arrivals-daca)](https://www.uscis.gov/humanitarian/humanitarian-parole/consideration-of-deferred-action-for-childhood-arrivals-daca) .

# Additional Information (#)

- July 19, 2021: Update: Deferred Action for Childhood Arrivals (/news/2021/07/19/update-deferred-action-childhood-arrivals)

# Archived Information (#)

- Update: Deferred Action for Childhood Arrivals (/news/2020/12/07/update-deferred-action-childhood-arrivals) (December 7, 2020 - Archived)

- Reconsideration of the June 15, 2012 Memo Entitled "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children" (/publication/reconsideration-june-15-2012-memo-entitled-exercising-prosecutorial-discretion-respect) (July 28, 2020 - Archived)

- Memorandum from Secretary Kirstjen M. Nielsen on the Rescission Of Deferred Action for Childhood Arrivals (DACA) (/publication/memorandum-secretary-kirstjen-m-nielsen-rescission-deferred-action-childhood-arrivals) (June 22, 2020 - Archived)

- Fact Sheet: Rescission Of Deferred Action For Childhood Arrivals (DACA) (/news/2017/09/05/fact-sheet-rescission-deferred-action-childhood-arrivals-daca) (September 5, 2017 - Archived)

- Frequently Asked Questions: Rescission Of Deferred Action For Childhood Arrivals (DACA) (/news/2017/09/05/frequently-asked-questions-rescission-deferred-action-childhood-arrivals-daca) (September 5, 2017 - Archived)
    - Preguntas frecuentes: Anulación de la acción diferida para los llegados en la infancia (DACA) (/news/2017/09/05/preguntas-frecuentes-anulaci-n-de-la-acci-n-diferida-para-los-llegados-en-la) (September 5, 2017 - Archived)

- Press Release: Rescission Of Deferred Action For Childhood Arrivals (DACA) (/news/2017/09/05/rescission-deferred-action-childhood-arrivals-daca) (September 5, 2017 - Archived)
    - Anulación de la acción diferida para los llegados en la infancia (DACA) (/news/2017/09/05/anulaci-n-de-la-acci-n-diferida-para-los-llegados-en-la-infancia-daca) (September 5, 2017 - Archived)

- Statement from Acting Secretary Duke on the Rescission Of Deferred Action For Childhood Arrivals (DACA) (/news/2017/09/05/statement-acting-secretary-duke-rescission-deferred-

7/19/2021 Case 1:18-cv-00068-VMC Document 577-1 Filed 07/23/21 Deferred Action for Childhood Arrivals (DACA) | Homeland Security Page 2 of 3 PageID #: 15192

Exhibit 1

action-childhood-arrivals-daca) (September 5, 2017 - Archived)

- Memorandum on the Rescission Of Deferred Action For Childhood Arrivals (/news/2017/09/05/memorandum-rescission-daca) (DACA) (September 5, 2017 - Archived)

- Letter from Attorney General Sessions to Acting Secretary Duke on the Rescission of DACA (/publication/letter-attorney-general-sessions-acting-secretary-duke-rescission-daca) (September 4, 2017 - Archived)

Last Published Date: July 19, 2021



Home > Humanitarian > Consideration of Deferred Action for Childhood Arrivals (DACA)

# Consideration of Deferred Action for Childhood Arrivals (DACA)

> **DACA Decision in State of Texas, et al., v. United States of America, et al., 1:18-CV-00068, (S.D. Texas July 16, 2021) ("Texas II"):**
>
> On July 16, 2021, the U.S. District Court for the Southern District of Texas held that the DACA policy "is illegal." The Court granted summary judgment on plaintiffs' Administrative Procedure Act (APA) claims; vacated the June 15, 2012 DACA memorandum issued by former Secretary of Homeland Security Napolitano; remanded the memorandum to DHS for further consideration; and issued a permanent injunction prohibiting the government's continued administration of DACA and the reimplementation of DACA without compliance with the APA. The Court, however, temporarily stayed its order vacating the DACA memorandum and its injunction with regard to individuals who obtained DACA on or before July 16, 2021, including those with renewal requests.
>
> Consistent with this order, DHS will continue to accept the filing of both initial and renewal DACA requests, as well as accompanying requests for employment authorization. However, pursuant to the July 16, 2021 order from the Southern District of Texas, DHS is prohibited from granting initial DACA requests and accompanying requests for employment authorization. Also consistent with that order, DHS will continue to grant or deny renewal DACA requests, according to existing policy.

> In compliance with an order of a United States District Court, and effective Dec. 7, 2020, U.S. Citizenship and Immigration Services (USCIS) is:
>
> - Accepting first-time requests for consideration of deferred action under Deferred Action for Childhood Arrivals (DACA) based on the terms of the DACA policy in effect prior to Sept. 5, 2017, and in accordance with the Court's Dec. 4, 2020, order;
> - Accepting DACA renewal requests based on the terms of the DACA policy in effect prior to Sept. 5, 2017, and in accordance with the Court's Dec.4, 2020, order;
> - Accepting applications for advance parole documents based on the terms of the DACA policy prior to Sept. 5, 2017, and in accordance with the Court's Dec. 4, 2020, order;
> - Extending one-year grants of deferred action under DACA to two years; and

7/19/2021 Case 1:18-cv-00068-ADC Document 573-2 Filed 07/23/21 Page 20 of 20 PageID #: Consideration of Deferred Action for Childhood Arrivals (DACA) | USCIS 15194

Case 1:17-cv-05228-NGG-VMS Document 353-1 Filed 09/23/21 Page 2 of 14 PageID #:

**Exhibit 2**

- Extending one-year grants of deferred action under DACA to two years, and
- Extending one-year employment authorization documents under DACA to two years.

USCIS will take appropriate steps to provide evidence of the one-year extensions of deferred action and employment authorization documents under DACA to individuals who were issued documentation on or after July 28, 2020, with a one-year validity period under the defunct policy.

DHS will comply with the order while it remains in effect, but DHS may seek relief from the order.

This page provides information on requesting consideration of deferred action for childhood arrivals (DACA). You may request DACA for the first time or renew your existing period of DACA if it is expiring.

# Find on this Page:

- Guidelines
- Filing Process
- Fee Exemptions
- National Security and Public Safety Guidelines
- Don't Be a Victim of Immigration Scams

# What Is DACA

On June 15, 2012, the secretary of Homeland Security announced that certain people who came to the United States as children and meet several guidelines may request consideration of deferred action for a period of two years, subject to renewal. They are also eligible for work authorization. Deferred action is a use of prosecutorial discretion to defer removal action against an individual for a certain period of time. Deferred action does not provide lawful status.

# Watch a Video on DACA

Watch a Video on DACA on USCIS YouTube Channel

# Request DACA for the First Time

The following information explains the guidelines for requesting DACA for the first time. If you need further information and cannot find it in our Frequently Asked Questions, you can call the USCIS Contact Center at 800-375-5283. For people who are deaf, hard of hearing, or have a speech disability: TTY 800-767-1833. Representatives are available Monday-Friday from 8 a.m. to 8 p.m. Eastern Time.

# Guidelines

You may request DACA if you:

7/19/2021 Case 1:17-cv-05228-NGG-VMS Document 332-2 Consideration of Deferred Action for Childhood Arrivals (DACA) | USCIS Filed 09/23/21 Page 9 of 20 PageID #: 15195

Exhibit 2

1. Were under the age of 31 as of June 15, 2012;

2. Came to the United States before reaching your 16th birthday;

3. Have continuously resided in the United States since June 15, 2007, up to the present time;

4. Were physically present in the United States on June 15, 2012, and at the time of making your request for consideration of deferred action with USCIS;

5. Had no lawful status on June 15, 2012, meaning that:

    - You never had a lawful immigration status on or before June 15, 2012, or

    - Any lawful immigration status or parole that you obtained prior to June 15, 2012, had expired as of June 15, 2012;

6. Are currently in school, have graduated or obtained a certificate of completion from high school, have obtained a general education development (GED) certificate, or are an honorably discharged veteran of the Coast Guard or Armed Forces of the United States; and

7. Have not been convicted of a felony, significant misdemeanor, or three or more other misdemeanors, and do not otherwise pose a threat to national security or public safety.

## Age Guidelines

Anyone requesting DACA must have been under the age of 31 as of June 15, 2012. You must also be at least 15 years or older to request DACA, unless you are currently in removal proceedings or have a final removal or voluntary departure order, as summarized in the table below:

| Your situation | Age |
| --- | --- |
| I have never been in removal proceedings, or my proceedings have been terminated before making my request. | At least 15 years old at the time of submitting your request and under the age of 31 as of June 15, 2012. |
| I am in removal proceedings, have a final removal order, or have a voluntary departure order, and I am not in immigration detention. | Under the age of 31 as of June 15, 2012, but you may be younger than 15 years old at the time you submit your request. |

## Timeframe for Meeting the Guidelines

**You must demonstrate**

| That on June 15, 2012 you | As of the date you file your request you |
| --- | --- |

| That on June 15, 2012 you | As of the date you file your request you |
|---|---|
| - Were under the age of 31 years<br>- Were physically present in the United States<br>- Had no lawful status | - Have resided continuously in the U.S. since June 15, 2007;<br>- Had come to the United States before your 16th birthday<br>- Were physically present in the United States; and<br>- Are in school, have graduated from high school in the United States, or have a GED; or<br>- Are an honorably discharged veteran of the Coast Guard or Armed Forces of the United States |

## Education and Military Service Guidelines

| Your school or military status at the time of requesting DACA | Meet education or military service guidelines for DACA |
|---|---|
| I graduated from:<br><br>- Public or private high school; or<br>- Secondary school.<br>  Or<br>- I have obtained a GED. | Yes |
| I am currently enrolled in school.<br><br>See the Education section of the FAQs for a full explanation of who is considered currently in school. | Yes |
| I was in school but dropped out and did not graduate. I am not currently enrolled in school and am not an honorably discharged veteran of the Coast Guard or Armed Forces of the U.S. | No |
| I am an honorably discharged veteran of the Coast Guard or Armed Forces of the U.S. | Yes |

Please see our Frequently Asked Questions for more detail on school-related guidelines.

Return to top

## Filing Process for DACA

If you meet the guidelines for DACA, you will need to complete the following steps to make your request to USCIS.

**Collect documents as evidence you meet the guidelines.**
You will need to submit supporting documents with your request for DACA. You can submit legible copies of these documents unless the instructions specify you must submit an original document.

Examples of Documents to Submit to Demonstrate you Meet the Guidelines
Please see the instructions (PDF, 339.17 KB) to Form I-821D, Consideration of Deferred Action for Childhood Arrivals, for further details on acceptable documentation.

| | |
|---|---|
| Proof of identity | - Passport or national identity document from your country of origin<br>- Birth certificate with photo identification<br>- School or military ID with photo<br>- Any U.S. government immigration or other document bearing your name and photo |
| Proof you came to U.S. before your 16th birthday | - Passport with admission stamp<br>- Form I-94/I-95/I-94W<br>- School records from the U.S. schools you have attended<br>- Any Immigration and Naturalization Service or DHS document stating your date of entry (Form I-862, Notice to Appear)<br>- Travel records<br>- Hospital or medical records<br>- Employment records (pay stubs, W-2 Forms, etc.)<br>- Official records from a religious entity confirming participation in a religious ceremony<br>- Copies of money order receipts for money sent in or out of the country<br>- Birth certificates of children born in the U.S.<br>- Dated bank transactions<br>- Automobile license receipts or registration<br>- Deeds, mortgages, rental agreement contracts<br>- Tax receipts, insurance policies |

7/19/2021 Case 1:18-cv-00068-VMS Consideration of Deferred Action for Childhood Arrivals (DACA) | USCIS
Case 1:17-cv-05228-NGG-VMS Document 571-2 Filed 07/19/21 Page 12 of 20 PageID #: 15198
Exhibit 2

| | |
|---|---|
| **Examples of Documents to Submit to Demonstrate you Meet the Guidelines** <br> Please see the <u>instructions (PDF, 339.17 KB)</u> to Form I-821D, <u>Consideration of Deferred Action for Childhood Arrivals</u>, for further details on acceptable documentation. | |
| Proof of immigration status | <ul><li>Form I-94/I-95/I-94W with authorized stay expiration date</li><li>Final order of exclusion, deportation, or removal issued as of June 15, 2012</li><li>A charging document placing you into removal proceedings</li></ul> |
| Proof of presence in U.S. on June 15, 2012 | <ul><li>Rent receipts or utility bills</li><li>Employment records (pay stubs, W-2 Forms, etc)</li><li>School records (letters, report cards, etc)</li><li>Military records (Form DD-214 or NGB Form 22)</li><li>Official records from a religious entity confirming participation in a religious ceremony</li></ul> |
| Proof you continuously resided in U.S. since June 15, 2007 | <ul><li>Copies of money order receipts for money sent in or out of the country</li><li>Passport entries</li><li>Birth certificates of children born in the U.S.</li><li>Dated bank transactions</li><li>Automobile license receipts or registration</li><li>Deeds, mortgages, rental agreement contracts</li><li>Tax receipts, insurance policies</li></ul> |
| Proof of your student status at the time of requesting DACA | <ul><li>Official records (transcripts, report cards, etc) from the school that you are currently attending in the United States.</li><li>U.S. high school diploma or certificate of completion</li><li>U.S. GED certificate</li></ul> |

Case 1:17-cv-05228-NGG-VMS Document 332-11 Filed 12/23/21 Page 13 of 14 PageID #: 15199

Case 1:18-cv-00068 Document 571-3 Filed on 07/19/21 in TXSD Page 20 of 24

Exhibit 2

| | |
|---|---|
| **Examples of Documents to Submit to Demonstrate you Meet the Guidelines**<br>Please see the instructions (PDF, 339.17 KB) to Form I-821D, Consideration of Deferred Action for Childhood Arrivals, for further details on acceptable documentation. | |
| Proof you are an honorably discharged veteran of the Coast Guard or Armed Forces of the U.S. | - Form DD-214, Certificate of Release or Discharge from Active Duty<br>- NGB Form 22, National Guard Report of Separation and Record of Service<br>- Military personnel records<br>- Military health records |

See our Frequently Asked Questions for information on submitting affidavits or circumstantial evidence to support your request.

Return to top

| | |
|---|---|
| **Complete the required two forms and worksheet** | |
| Form name | Fee |
| I-821D, Consideration of Deferred Action for Childhood Arrivals<br><br>**Use the most recent version of the form linked on our website or USCIS will reject your form.** | Please review the Filing Fee section of the Forms I-821D and I-765 pages for detailed information.<br><br>**These fees cannot be waived.** |
| I-765, Application for Employment Authorization | |
| I-765WS, Worksheet (PDF, 238.54 KB) | |

| Form name | Fee |

## Completing Your Forms

- **You must file the most recent version of Form I-821D from our website. USCIS will reject older versions of the form if you submit them.**

- Write your name, date of birth, and mailing address exactly the same way on each form.

- We prefer that you download the forms from our website, fill them out electronically and then print your completed forms to mail.

- Make sure you are using the most current version of the forms. The correct, most current edition of every USCIS form is always available for free download on our website.

- If you complete the forms by hand, use black ink only. Do NOT use highlighters or red ink on your forms. These could make your materials unreadable when scanned.

- If you must make changes on a form, we recommend that you begin with a new form, rather than trying to white out information. This can lead to scanning errors.

- Ensure that you provide all required supporting documentation and evidence.

- Be sure to sign all of your forms.

## Filing Your Forms

- We will reject your request if you fail to submit Forms I-821D, I-765, I-765WS, and the correct fees.

- Organize and label your evidence by the DACA guideline that it meets.

- Be sure that you mail all pages of the forms.

- Mail the forms to correct USCIS Lockbox.

- You cannot e-file your DACA request.

- If you have questions, call the USCIS Contact Center at 1-800-375-5283; do NOT visit a USCIS field office.

**Mail your forms to the appropriate USCIS Lockbox.**
See the mailing instructions for Form I-821D. Include the required forms, fees and supporting documentation with your filing. Remember to carefully follow instructions and fully complete your forms. We will not accept incomplete forms or forms without proper fee. We will mail you a receipt after accepting your request. You may also choose to receive an email and/or text message notifying you that your form has been accepted by completing a Form G-1145, E-Notification of Application/Petition Acceptance.

UPDATE: Create a USCIS online account for DACA requests.

Beginning Feb.1, 2016, anyone who submits a DACA request will be able to create a USCIS online account to track and manage their case online. If you submit a DACA request, you will receive a USCIS Account Acceptance Notice in the mail with instructions on how to create a USCIS online account.

Having a USCIS online account allows you to:

- Check the status of your case;
- Receive notifications and case updates; and
- Manage your contact information, including updating your address.

If you are an attorney or accredited representative, creating a USCIS online account will allow you to manage all of your clients' DACA requests in one place. We will continue processing your DACA request even if you choose not to access your USCIS online account. You will continue to receive notifications and updates about your case by mail through the U.S. Postal Service.

Note for Attorneys and Accredited Representatives: You should have only one USCIS online representative account. When you receive an Account Acceptance Notice for a paper form filed at a USCIS Lockbox on behalf of your client, please ensure that you enter the same personal information that you provided on the Form G-28 submitted with your client's original application, petition or request. If the information you use to access your online representative account does not match the information you provided on the Form G-28, you may be unable to access your client's case.

---

**Visit an Application Support Center (ASC) for biometric services.**
After USCIS receives your complete request with fees, we will send you a notice scheduling you to visit an ASC to for biometric services. If you fail to attend your ASC appointment, we may deny your request DACA. Children under 14 in removal proceedings, with a final removal order, or with a voluntary departure order, and who are not in immigration detention, will appear at the ASC for photographs only.

---

**Check the status of your request online.**
The 90-day period for reviewing Form I-765 filed together with Form I-821D begins if and when USCIS decides to defer action in your case.

You can check the status of your case on Case Status Online or by logging into your USCIS online account.

Case 1:17-cv-05228-NGG-VMS Document 573-2 Filed 07/23/21 Page 16 of 20 PageID #: 15202
Case 1:18-cv-02800-GLS-DJS Document 57-3, Page 16 of 20
Exhibit 2

# Fee Exemptions

There are very limited fee exemptions available. Your request for a fee exemption must be filed and favorably adjudicated before you file your DACA request without a fee. In order to be considered for a fee exemption, you must submit a letter and supporting documentation to USCIS demonstrating that you meet one of the following conditions:

- You are under 18 years of age, homeless, in foster care, or otherwise lacking any parental or other familial support and your income is less than 150 percent of the U.S. poverty level; or,
- You cannot care for yourself because you suffer from a serious, chronic disability and your income is less than 150 percent of the U.S. poverty level; or,
- You have, at the time of the request, accumulated $10,000 or more in debt in the past 12 months as a result of unreimbursed medical expenses for yourself or an immediate family member, and your income is less than 150 percent of the U.S. poverty level.

Submit the following types of evidence:

- Affidavits from community-based or religious organizations to establish a requestor's homelessness or lack of parental or other familial financial support.
- Copies of tax returns, bank statement, pay stubs, or other reliable evidence of income level.
- An affidavit from the applicant or a responsible third party attesting that the applicant does not file tax returns, has no bank accounts, and/or has no income to prove income level.
- Copies of medical records, insurance records, bank statements, or other reliable evidence of unreimbursed medical expenses of at least $10,000.

We will send you a Request for Evidence (RFE) if it has questions on the evidence you submitted.

You can find additional information on our [Fee Exemption Guidance](#) Web page.

Note: There are no fee waivers available for employment authorization applications connected to DACA.

# If USCIS Grants DACA and Employment Authorization in Your Case

If USCIS grants DACA and employment authorization in your case, you will receive a written notice of that decision. An Employment Authorization Document will arrive separately in the mail.

# If USCIS Does Not Grant DACA in Your Case

If USCIS decides not to grant DACA in your case, you cannot appeal the decision or file a motion to reopen or reconsider. USCIS will not review its discretionary determinations.
We will apply our policy guidance governing the referral of cases to U.S. Immigration and Customs Enforcement (ICE) and the issuance of notices to appear. If your case does not involve a criminal offense, fraud, or a threat to national security or public safety, we will not refer your case to ICE for purposes of removal proceedings except where DHS determines there are exceptional circumstances. For more information on notices to appear, visit [www.uscis.gov/NTA](http://www.uscis.gov/NTA).

## Administrative Errors

You may request a review using the Service Request Management Tool process if you met all of the DACA guidelines and you believe USCIS denied your request because of an administrative error.

Examples:

- USCIS believes you abandoned your case by not responding to a request for evidence (RFE), and you believe you did respond within the prescribed time; or
- USCIS mailed the RFE to the wrong address, even though you had submitted a Form AR-11, Change of Address, or changed your address online at www.uscis.gov before we issued the RFE.

You can find a full list of possible errors in our Frequently Asked Questions.

To make a service request, you must call the USCIS Contact Center at 800-375-5283. For people who are deaf, hard of hearing, or have a speech disability: TTY 800-767-1833. A USCIS representative will then forward your request to the proper USCIS office. Your service request will be reviewed for accuracy and USCIS will send you a letter informing you of its decision.

The USCIS Contact Center is open Monday – Friday from 8 a.m. – 8 p.m. Eastern Time.

Return to top

## Travel Information

Certain travel outside the United States may affect the continuous residence guideline. Traveling outside the U.S. before Aug. 15, 2012, will not interrupt your continuous residence if the travel was brief, casual, and innocent. If you travel outside the United States on or after Aug. 15, 2012, and before we decide on your request for DACA, you will not be considered for DACA.

The following chart explains whether your travel will affect your continuous residence.

| Travel Dates | Type of Travel | Does it Affect Continuous Residence |
|---|---|---|
| On or after June 15, 2007, but before Aug. 15, 2012 | - brief<br>- casual<br>- innocent | No |

| Travel Dates | Type of Travel | Does it Affect Continuous Residence |
|---|---|---|
|  | - For an extended time<br>- Because of an order of exclusion, deportation, or removal<br>- To participate in criminal activity | Yes |
| On or after Aug. 15, 2012, and before you have requested DACA | - Any | Yes. You cannot apply for advance parole unless and until DHS has determined whether to defer action in your case and you cannot travel until you receive advance parole. |
| On or after Aug. 15, 2012, and after you have requested DACA | - Any | Yes. You cannot travel while your request is under review. You cannot apply for advance parole unless and until DHS has determined whether to defer action in your case.<br><br>In addition, if you have previously been ordered deported and removed and you depart the United States without taking additional steps to address your removal proceedings, your departure will likely result in your being considered deported or removed, with potentially serious future immigration consequences. |
| On or after Aug. 15, 2012, and receiving DACA | - Any | It depends. If you travel after receiving advance parole, the travel will not interrupt your continuous residence. However, if you travel without receiving advance parole, the travel will interrupt your continuous residence. |

Once USCIS has approved your request for DACA, you may file Form I-131, Application for Travel Document, to request advance parole to travel outside of the United States. If you travel outside the United States without first receiving advance parole, USCIS will automatically terminate your DACA.

For detailed information see the Travel section of the Frequently Asked Questions.

7/19/2021 Consideration of Deferred Action for Childhood Arrivals (DACA) | USCIS
Case 1:18-cv-00068 Document 573-2 Filed on 07/23/21 in TXSD Page 20 of 20
Case 1:17-cv-05228-NGG-VMS Document 327-1 Filed 07/09/21 Page 19 of 20 PageID #: 15205

Exhibit 2
Return to top

# National Security and Public Safety Guidelines

You will not be considered for DACA if you have been convicted of:

- A felony offense;
- A significant misdemeanor offense; or
- Three or more other misdemeanor offenses not occurring on the same date and not arising out of the same act, omission or scheme of misconduct.

Or

- You are otherwise deemed to pose a threat to national security or public safety.

**What is the difference between "significant misdemeanor," "non-significant misdemeanor" and "felony"?**

| Felony | Significant Misdemeanor | Non-significant Misdemeanor |
| --- | --- | --- |
| A felony is a federal, state or local criminal offense punishable by imprisonment for a term exceeding one year. | A significant misdemeanor is a misdemeanor as defined by federal law (specifically, one for which the maximum term of imprisonment authorized is one year or less but greater than five days) and:<br><br>1. Regardless of the sentence imposed, is an offense of domestic violence; sexual abuse or exploitation; burglary; unlawful possession or use of a firearm; drug distribution or trafficking; or, driving under the influence; or,<br><br>2. If not an offense listed above, is one for which the individual was sentenced to time in custody of more than 90 days. The sentence must involve time to be served in custody, and therefore does not include a suspended sentence. | A crime is considered a non-significant misdemeanor (maximum term of imprisonment is one year or less but greater than five days) if it:<br><br>1. Is not an offense of domestic violence; sexual abuse or exploitation; burglary; unlawful possession or use of a firearm; drug distribution or trafficking; or, driving under the influence; and<br><br>2. Is one for which the individual was sentenced to time in custody of 90 days or less. |

A minor traffic offense will not be considered a misdemeanor for purposes of DACA, However, driving under the influence is a significant misdemeanor regardless of the sentence. You can find detailed information in the Criminal Convictions section of the Frequent Asked Questions.

# Don't Be a Victim of Immigration Scams

Dishonest practitioners may promise to provide you with faster services if you pay them a fee. These people are trying to scam you and take your money. Visit our Avoid Scams page to learn how you can protect yourself from immigration scams.

Make sure you seek information about DACA from official government sources such as USCIS or the Department of Homeland Security. If you are seeking legal advice, visit our Find Legal Services page to learn how to choose a licensed attorney or accredited representative.

Remember you can download all USCIS forms for free at www.uscis.gov/forms.

# Combatting Fraud

USCIS is committed to safeguarding the integrity of the immigration process. If you knowingly and willfully provide materially false information on Form I-821D, you will be committing a federal felony punishable by a fine, or imprisonment up to five years, or both, under 18 U.S.C. Section 1001. In addition, individuals may be placed into removal proceedings, face severe penalties provided by law, and be subject to criminal prosecution.

Return to top

Last Reviewed/Updated: 07/19/2021