

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

April 1, 2021

**BY ELECTRONIC FILING**
The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *State of New York, et al. v. Biden et al.*, No. 17-cv-5228 (NGG) (VMS)
         *Batalla Vidal, et al. v. Mayorkas, et al.*, No. 16-cv-4756 (NGG) (VMS)

Dear Judge Garaufis:

      The plaintiffs in *State of New York v. Biden*, No. 17-cv-5228 submit this letter in response to the recent letters submitted by the parties in *Batalla Vidal v. Mayorkas*, No. 16-cv-4756: specifically, the March 23, 2022, letter filed by the plaintiffs, *see* Letter from Muneer I. Ahmad et al., ECF No. 375 ("*Batalla Vidal* Letter"); and the March 31, 2022, letter filed by the federal defendants, *see* Letter in Response from Department of Homeland Security (DHS) et al., ECF No. 379. Undersigned counsel was provided with courtesy copies of those letters by counsel for the *Batalla Vidal* plaintiffs and defendants, because the relief requested in the *Batalla Vidal* plaintiffs' March 23 letter has substantial implications for the *New York* plaintiffs and the recipients of Deferred Action for Childhood Arrivals (DACA) and DACA-eligible individuals who reside in our States.

      DACA is of tremendous importance to the *New York* plaintiffs. Together, our States are home to nearly 150,000 current DACA grantees, some of whom have held deferred status for nearly a decade. The *New York* plaintiffs—like the grantees themselves—rely on the continued operation of DACA so that grantees can work, study, raise families, and live safely in our communities. DACA grantees contribute to our States in varied and valuable ways, including as first responders, healthcare workers, teachers, and government servants. Because of these contributions, the *New York* plaintiffs have worked to protect and defend DACA in the courts for well over four years.

As the Court may be aware, there is a fair amount of ongoing litigation and rulemaking activity involving DACA. As the *Batalla Vidal* plaintiffs' March 23 letter describes, a federal district court in the Southern District of Texas vacated the U.S. Department of Homeland Security (DHS) memorandum *Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children* (June 15, 2012), and issued a permanent injunction on July 16, 2021, barring DHS from granting any first-time DACA applications. *See* Order of Permanent Inj. at 3-4, *Texas v. United States*, No. 1:18-cv-68 (S.D. Tex. July 16, 2021), ECF No. 576 ("*Texas II* Order"). The order did not, however, bar DHS from *accepting* any first-time DACA applications, and also stayed the order of vacatur as to any requests for DACA renewal. *Id.* at 4.

In September 2021, the federal defendants and intervenor-defendants (New Jersey and individual DACA recipients represented by MALDEF) appealed from the *Texas II* decision and order, challenging—among other things—the scope of the permanent injunction entered by the Texas district court. *See Texas v. United States*, No. 21-40680 (5th Cir.) ("*Texas II*").[1] Briefing in the appeal was complete on March 30, 2022, and the case is currently awaiting oral argument.

The *Batalla Vidal* plaintiffs' March 23 letter asks this Court to clarify that its December 2020 order (ECF No. 354) required DHS "to accept and adjudicate any initial DACA applications submitted prior to the issuance of the *Texas II* order"—or, in the alternative, to direct DHS to adjudicate applications for DACA and employment authorization filed by a subclass of plaintiffs whose applications were filed after this Court's December 2020 order but before the date of the *Texas II* order. *See Batalla Vidal* Letter at 1.

Construing this Court's December 2020 order to require the acceptance *and processing* of first-time DACA applications filed before the date of the *Texas II* order may bring the injunctive relief ordered by this Court in direct conflict with the *Texas II* injunction. The *Texas II* order expressly states: "With respect to new (those not *already granted* by the date of this order) DACA applications received by DHS, the order of vacatur and remand is effective immediately." *Texas II* Order at 4 (emphasis added). The March 23 letter urges that, in the event of a conflict with the *Texas II* injunction, this Court should order the federal defendants to disregard the *Texas II* injunction on the basis that the injunction's scope is improper. *See Batalla Vidal* Letter at 2-3. As noted above, the appropriateness of the injunction and its scope are

---

[1] *See, e.g.*, Br. for Fed. Appellants at 54, *Texas* II, No. 21-40680 (5th Cir. Dec. 8, 2021), ECF No. 00516123005; Br. of Intervenor Def.-Appellant State of N.J. at 4, 38-47, *Texas* II, No. 21-40680 (5th Cir. Dec. 8, 2021), ECF No. 00516122966; Br. of Intervenor Defs.-Appellants DACA Recipients at 5, 54-55, *Texas* II, No. 21-40680 (5th Cir. Dec. 8, 2021), ECF No. 00516122995.

currently being litigated before the Fifth Circuit in an appeal for which the briefing is complete.

In addition, as this Court may be aware, DHS is currently engaged in a rulemaking process to fortify DACA. *See* Deferred Action for Childhood Arrivals, 86 Fed. Reg. 53,736 (Sept. 28, 2021). The *New York* plaintiffs, together with a number of other States, submitted a comment letter[2] on November 19, 2021, and expect that the forthcoming rule will soon enable DHS to begin processing pending DACA applications, including those filed by the subclass identified in the March 23 letter. As States that deeply value our DACA-grantee and DACA-eligible residents, we look forward to the completion of rulemaking and DHS's resumption of application adjudication.

The *New York* plaintiffs have sent a copy of this letter to the *Batalla Vidal* plaintiffs by email, and we respectfully request that this letter also be docketed in *Batalla Vidal v. Mayorkas*, No. 16-cv-4756 (NGG) (VMS). We also respectfully request to be heard along with the *Batalla Vidal* parties at the pre-motion conference granted by the Court.

Respectfully submitted,

LETITIA JAMES
  *Attorney General of the State of New York*


By: *Anisha S. Dasgupta*
ANISHA S. DASGUPTA
  *Deputy Solicitor General*
LOUISA IRVING
  *Assistant Attorney General*
GRACE X. ZHOU
  *Assistant Solicitor General*
New York State Office of the Attorney General
28 Liberty Street, 23rd Floor
New York, New York 10005
Phone: (212) 416-8921
Email: anisha.dasgupta@ag.ny.gov

*Counsel for the State of New York*

---

[2] *See* Comment Letter from Att'ys Gen. (Nov. 19, 2021), https://ag.ny.gov/sites/default/files/daca_nprm_multistate_comment_11.19.21_final.pdf.

PHILIP J. WEISER
  *Attorney General*
  *State of Colorado*
1300 Broadway
Denver, CO 80203

KATHLEEN JENNINGS
  *Attorney General*
  *State of Delaware*
820 N. French Street, 6th Floor
Wilmington, DE 19801

HOLLY T. SHIKADA
  *Attorney General*
  *State of Hawaiʻi*
425 Queen Street
Honolulu, HI 96813

KWAME RAOUL
  *Attorney General*
  *State of Illinois*
100 West Randolph Street
Chicago, IL 60601

THOMAS J. MILLER
  *Attorney General*
  *State of Iowa*
1305 E. Walnut
Des Moines, IA 50319

MAURA HEALEY
  *Attorney General*
  *Commonwealth of Massachusetts*
One Ashburton Place
Boston, MA 02108

HECTOR BALDERAS
  *Attorney General*
  *State of New Mexico*
P.O. Drawer 1508
Santa Fe, NM 87504

WILLIAM TONG
  *Attorney General*
  *State of Connecticut*
165 Capital Avenue
Hartford, CT 06106

JOSHUA H. STEIN
  *Attorney General*
  *State of North Carolina*
114 W. Edenton Street
Raleigh, NC 27603

ELLEN F. ROSENBLUM
  *Attorney General*
  *State of Oregon*
1162 Court Street N.E.
Salem, OR 97301

JOSH SHAPIRO
  *Attorney General*
  *Commonwealth of Pennsylvania*
Strawberry Square
 Harrisburg, PA 17120

PETER F. NERONHA
  *Attorney General*
  *State of Rhode Island*
150 South Main Street
Providence, RI 02903

THOMAS J. DONOVAN, JR.
  *Attorney General*
  *State of Vermont*
109 State Street
Montpelier, VT 05609

KARL A. RACINE
  *Attorney General*
  *District of Columbia*
400 6th Street, NW, Suite 8100
Washington, D.C. 20001

cc: Counsel for Defendants (by ECF)
    Counsel for the *Batalla Vidal* Plaintiffs (by email)